**KESSLER TOPAZ**
  **MELTZER & CHECK, LLP**
JENNIFER L. JOOST (Bar No. 296164)
  jjoost@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94101
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

*Attorney for Bradley Schiller, individually and as trustee for the Schiller Family Rev Living Trust UA 02/02/2007, and Proposed Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| KELLIE BLACK, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>SNAP INC., EVAN SPIEGEL, DEREK ANDERSEN, JEREMI GORMAN, and REBECCA MORROW,<br><br>    Defendants. | No. 2:21-cv-08892 GW (PDx)<br><br>CLASS ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF BRADLEY SCHILLER, INDIVIDUALLY AND AS TRUSTEE FOR THE SCHILLER FAMILY REV LIVING TRUST UA 02/02/2007, FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**<br><br>Date:        February 7, 2022<br>Time:        8:30 a.m.<br>Courtroom:  9D<br>Judge:       Hon. George H. Wu<br><br>ORAL ARGUMENT REQUESTED |

[*Caption continues on next page.*]

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF BRADLEY SCHILLER, INDIVIDUALLY AND AS TRUSTEE FOR THE SCHILLER FAMILY REV LIVING TRUST UA 02/02/2007, FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-08892 GW (PDX), *ET AL.*

| | |
|---|---|
| JIM BUSCAGLIA, and SYNDI BUSCAGLIA, Individually and On Behalf of All Others Similarly Situated, | No. 2:22-cv-00175 |
| Plaintiffs, | |
| v. | |
| SNAP INC., EVAN SPIEGEL, DEREK ANDERSEN, JEREMI GORMAN, and REBECCA MORROW, | |
| Defendants. | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF BRADLEY SCHILLER, INDIVIDUALLY AND AS TRUSTEE FOR THE SCHILLER FAMILY REV LIVING TRUST UA 02/02/2007, FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-08892-GW-PD, *ET AL.*

# TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ..................................................................... 1

II.   FACTUAL BACKGROUND ........................................................................ 3

III.  ARGUMENT ................................................................................................ 4

    A.    The Related Actions Should Be Consolidated ..................................... 4

    B.    Mr. Schiller Is the Most Adequate Plaintiff ....................................... 5

        1.    Mr. Schiller's Motion Is Timely .................................................. 6

        2.    Mr. Schiller Has the Largest Financial Interest in the Relief Sought by the Class ........................................................... 6

        3.    Mr. Schiller Satisfies the Relevant Requirements of Rule 23 ......................................................................................... 7

            a.    Mr. Schiller Is Typical ....................................................... 8

            b.    Mr. Schiller Is Adequate .................................................... 8

    C.    Mr. Schiller's Selection of Counsel Should Be Approved ................... 9

IV.   CONCLUSION ........................................................................................... 11

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF BRADLEY SCHILLER, INDIVIDUALLY AND AS TRUSTEE FOR THE SCHILLER FAMILY REV LIVING TRUST UA 02/02/2007, FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-08892 GW (PDX), *ET AL.*

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Andrade v. Am. Apparel, Inc.*,
  No. 10-06352 MMM (PJWx),
  2011 WL 13130706 (C.D. Cal. Mar. 15, 2011) ...........................................4-5, 5, 8

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) .......................................................................*passim*

*In re Cohen v. U. S. Dist. Ct. for the N. Dist. of Cal.*,
  586 F.3d 703 (9th Cir. 2009) ...................................................................... 9

*Dura Pharms., Inc. v. Broudo*,
  544 U.S. 336 (2005) ...................................................................................... 7

*Erickson v. Snap, Inc.*,
  No. 2:17-cv-03679-SVW-AGR,
  2017 WL 11592635 (C.D. Cal. Sept. 18, 2017)....................................................2-3

*In re Snap Inc. Sec. Litig.*,
  No. 2:17-cv-03679-SVW,
  2021 WL 667590 (C.D. Cal. Feb. 18, 2021) ....................................................... 3, 10

*In re Snap Inc. Sec. Litig.*,
  No. 2:17-cv-03679-SVW-AGR,
  2019 WL 2223800 (C.D. Cal. Apr. 1, 2019)........................................................ 3

**Statutes**

15 U.S.C. § 78u-4(a)...............................................................................*passim*

**Other Authorities**

Fed. R. Civ. P. 23(a) .................................................................................. 7, 8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF BRADLEY SCHILLER, INDIVIDUALLY AND AS TRUSTEE FOR THE SCHILLER FAMILY REV LIVING TRUST UA 02/02/2007, FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-08892 GW (PDX), *ET AL.*

ii

Bradley Schiller ("Mr. Schiller"), individually and as trustee for the Schiller Family Rev Living Trust UA 02/02/2007 (the "Trust"), respectfully submits this memorandum of points and authorities in support of his motion (the "Motion") for: (1) consolidation of the above-captioned actions (the "Related Actions") pursuant to Federal Rule of Civil Procedure 42(a) ("Rule 42(a)"); (2) appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); (3) approval of his selection of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") as Lead Counsel for the class; and (4) any such further relief as the Court may deem just and proper.

## I.    PRELIMINARY STATEMENT

The Related Actions are two related securities class actions brought under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), against Snap Inc. ("Snap" or the "Company") and certain of the Company's executive officers (collectively, "Defendants").  The Related Actions are brought on behalf of a proposed class of all persons or entities that purchased or otherwise acquired Snap securities, and/or sold Snap put options, between July 22, 2020, and October 21, 2021, inclusive (the "Class Period").  As detailed below, the Related Actions involve common issues of law and fact and should be consolidated pursuant to Rule 42(a).  *See* Section III.A., *infra*.

After consolidation, the PSLRA allows any member of the purported class to move for appointment as lead plaintiff and sets forth the process for determining which movant is the "most adequate plaintiff."  *See* 15 U.S.C. § 78u-4(a)(3)(A)-(B); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).  Under the PSLRA, the Court must appoint as lead plaintiff the movant who: (1) makes a timely motion under the PSLRA's sixty-day deadline; (2) asserts the largest financial interest in the litigation;

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF BRADLEY SCHILLER, INDIVIDUALLY AND AS TRUSTEE FOR THE SCHILLER FAMILY REV LIVING TRUST UA 02/02/2007, FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-08892 GW (PDX), *ET AL.*

1

and (3) otherwise satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Mr. Schiller respectfully submits that he is the presumptive "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff.  Mr. Schiller's Motion is timely and his losses of approximately $772,118 in connection with his transactions in Snap securities during the Class Period represent the largest known financial interest in the relief sought by the class.  *See* Declaration of Jennifer L. Joost ("Joost Decl."), Exs. A-B.[1]  In addition to asserting the largest financial interest, Mr. Schiller easily satisfies the relevant requirements of Rule 23 because his claims are typical of all members of the class and because he will fairly and adequately represent the class.  Moreover, as set forth in the Declaration of Bradley Schiller, Mr. Schiller fully understands the Lead Plaintiff's obligations to the class under the PSLRA, and is willing and able to undertake those responsibilities to guarantee vigorous prosecution of this litigation.  *See* Joost Decl., Ex. C.

Lastly, Mr. Schiller has retained experienced and competent counsel to represent the class.  As the "most adequate plaintiff" under the PSLRA, Mr. Schiller's selection of Kessler Topaz as Lead Counsel for the class should be approved.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734 ("the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff") (citations omitted).  Kessler Topaz has a history of prosecuting complex actions under the PSLRA.  Among other appointments, Kessler Topaz was appointed as lead counsel by the Honorable Stephen V. Wilson in *In re Snap Inc. Securities Litigation*, No. 2:17-cv-03679-SVW-AGR (C.D. Cal.).  *See Erickson v. Snap, Inc.*, No. 2:17-cv-03679-SVW-AGR, 2017 WL 11592635, at *5 (C.D. Cal. Sept. 18, 2017) (appointing Kessler

---

[1] All references herein to Mr. Schiller's transactions and losses in Snap securities include the Trust's transactions and losses in Snap securities.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF BRADLEY SCHILLER, INDIVIDUALLY AND AS TRUSTEE FOR THE SCHILLER FAMILY REV LIVING TRUST UA 02/02/2007, FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-08892 GW (PDX), *ET AL.*

2

Topaz as lead counsel); *In re Snap Inc. Sec. Litig.*, No. 2:17-cv-03679-SVW-AGR, 2019 WL 2223800, at *4 (C.D. Cal. Apr. 1, 2019) (reappointing Kessler Topaz). *Snap* settled for $154 million. *See In re Snap Inc. Sec. Litig.*, No. 2:17-cv-03679-SVW, 2021 WL 667590, at *4 (C.D. Cal. Feb. 18, 2021) (approving settlement). Thus, the class can be assured of zealous representation if Mr. Schiller's section of Kessler Topaz as Lead Counsel is approved.

## II.    FACTUAL BACKGROUND

Snap, a Delaware corporation with principal executive offices in Santa Monica, California, is a social media and camera technology company.

The Related Actions allege that, throughout the Class Period, Defendants made materially false and misleading statements and failed to disclose material adverse facts about the Company's business and operations. Specifically, Defendants misrepresented and/or failed to disclose that: (1) changes by Apple Inc. ("Apple") to iOS privacy features would have, and were having, a material impact on Snap's advertising business; (2) Snap overstated its ability to transition its advertising business following Apple's privacy changes; (3) Snap knew of, but downplayed, the risks that Apple's privacy changes posed for the Company's advertising business; (4) Snap overstated its commitment to privacy; and (5) as a result of the foregoing, Defendants' public statements were materially false and/or misleading at all relevant times.

Investors began to learn the truth after the market closed on October 21, 2021, when Snap announced disappointing third quarter 2021 financial results, including $1.067 billion of revenue. In addition, the Company provided a fourth quarter 2021 revenue guidance range of $1.165 billion to $1.205 billion—weaker than analysts' estimate of $1.36 billion. During an earnings conference call later that day,

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF BRADLEY SCHILLER, INDIVIDUALLY AND AS TRUSTEE FOR THE SCHILLER FAMILY REV LIVING TRUST UA 02/02/2007, FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-08892 GW (PDX), *ET AL.*

3

Defendants admitted that "changes to the way advertising is targeted, optimized and measured on iOS . . . created a more significant impact on our business than we had expected." Conceding that they had "really underestimated" iOS's ad tracking modifications—including a mandatory double opt-in by users and less flexible tools available to advertisers—Defendants warned that the "measurement and optimization foundations of the digital advertising economy will continue to experience significant changes in the months ahead. Including additional disruptions, we expect related to the adoption of iOS 15." On this news, the price of Company stock declined $19.97 per share, or approximately 26.6%, from a close of $75.11 per share on October 21, 2021, to close at $55.14 per share on October 22, 2021.

## III.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under [the Exchange Act] has been filed," courts shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

Here, there are at least two related securities class actions asserting claims under the federal securities laws on behalf of investors:

| Case Caption | Date Filed | Claims/Class Period |
|---|---|---|
| *Black v. Snap Inc., et al.*, No. 2:21-cv-08892 GW (PDx) (C.D. Cal.) | November 11, 2021 | Sections 10(b) and 20(a) of the Exchange Act; July 22, 2020, through October 21, 2021 |
| *Buscaglia, et al. v. Snap Inc., et al.*, No. 2:22-cv-00175 (C.D. Cal.) | January 7, 2022 | Sections 10(b) and 20(a) of the Exchange Act; July 22, 2020, through October 21, 2021 |

Consolidation is appropriate under Rule 42(a) where the actions involve common questions of law or fact. *See Andrade v. Am. Apparel, Inc.*, No. 10-06352

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF BRADLEY SCHILLER, INDIVIDUALLY AND AS TRUSTEE FOR THE SCHILLER FAMILY REV LIVING TRUST UA 02/02/2007, FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-08892 GW (PDX), *ET AL.*

4

MMM (PJWx), 2011 WL 13130706, at *3 (C.D. Cal. Mar. 15, 2011) (quoting Rule 42(a)). Here, the Related Actions assert claims under the Exchange Act against identical defendants, across identical class periods, and concerning the same conduct. Accordingly, consolidation is appropriate. *See id.* (citing prior order consolidating four related actions asserting claims under the federal securities laws).

### B.    Mr. Schiller Is the Most Adequate Plaintiff

The PSLRA establishes the procedure for selecting a lead plaintiff in a class action lawsuit asserting claims under the federal securities laws. 15 U.S.C. § 78u-4(a)(1)-(3)(B)(i); *see also Cavanaugh*, 306 F.3d at 729 (discussing the process for selecting a lead plaintiff under the PSLRA).

First, a plaintiff who files the initial action must publish a notice to the class within twenty days of filing the action informing class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within sixty days of the publication of the notice. 15 U.S.C. § 78u-4(a)(3)(A)(i). Within sixty days after publication of the notice, any member of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *Id*. § 78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that within ninety days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the movant that the court determines to be most capable of adequately representing the interests of class members. *See id*. § 78u-4(a)(3)(B)(i); *see also Cavanaugh*, 306 F.3d at 729-32. In selecting the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under the PSLRA is the movant that:

---

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF BRADLEY SCHILLER, INDIVIDUALLY AND AS TRUSTEE FOR THE SCHILLER FAMILY REV LIVING TRUST UA 02/02/2007, FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-08892 GW (PDX), *ET AL.*

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, Mr. Schiller is the "most adequate plaintiff" because he: (1) timely moved for appointment as Lead Plaintiff; (2) possess the "largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23" for purposes of this Motion. *Id.*

### 1. Mr. Schiller's Motion Is Timely

The PSLRA allows any member of the class to move for appointment as lead plaintiff within sixty days of the publication of notice that the first action has been filed. *See id*. § 78u-4(a)(3)(A)(i)(II). Here, in connection with the filing of the first-filed action, *Black v. Snap Inc., et al.*, No. 2:21-cv-08892 GW (PDx) (C.D. Cal.), notice was published on November 11, 2021, in *Business Wire*, alerting investors to the pendency of the action and informing them of the January 10, 2022 deadline to seek appointment as Lead Plaintiff. *See* Joost Decl., Ex. D. Therefore, Mr. Schiller's Motion is timely.

### 2. Mr. Schiller Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA presumes that the movant asserting the largest financial interest in the relief sought by the class and who otherwise satisfies the requirements of Rule 23 is the most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF BRADLEY SCHILLER, INDIVIDUALLY AND AS TRUSTEE FOR THE SCHILLER FAMILY REV LIVING TRUST UA 02/02/2007, FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-08892 GW (PDX), *ET AL.*

6

*Cavanaugh*, 306 F.3d at 729-32. Here, Mr. Schiller suffered losses of approximately $772,118, consistent with the loss causation principles set forth in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005), in connection with his Class Period transactions in Snap securities. *See* Joost Decl., Exs. A-B. To the best of Mr. Schiller's knowledge, there are no other lead plaintiff movants asserting a larger financial interest in this litigation. Accordingly, Mr. Schiller has the largest financial interest of any qualified movant seeking Lead Plaintiff status and is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### 3. Mr. Schiller Satisfies the Relevant Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the class, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure" in order to trigger the presumption of adequacy. *See id*.

Rule 23(a) provides that a party may serve as a class representative if:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). However, at this stage of litigation, a presumptive lead plaintiff need only make "a prima facie showing of typicality and adequacy." *Cavanaugh*, 306 F.3d at 731.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF BRADLEY SCHILLER, INDIVIDUALLY AND AS TRUSTEE FOR THE SCHILLER FAMILY REV LIVING TRUST UA 02/02/2007, FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-08892 GW (PDX), *ET AL.*

7

### a.    Mr. Schiller Is Typical

The typicality requirement is satisfied where the movant's claims "arise[] from the same . . . practice or course of conduct that gives rise to the claims of the other class members and . . . [are] based on the same legal theory." *Andrade*, 2011 WL 13130706, at \*6 (ellipses in original).  Moreover, "claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Id*. (citation omitted).  Mr. Schiller satisfies the typicality requirement because, just like all other proposed class members, Mr. Schiller seeks recovery for the losses on his investments in Snap securities that he incurred as a result of Defendants' misrepresentations and omissions.  Thus, Mr. Schiller's claims arise from the same conduct as those of the other class members and Mr. Schiller satisfies Rule 23's typicality requirement. *See id*.

### b.    Mr. Schiller Is Adequate

The adequacy element of Rule 23 requires that the Lead Plaintiff "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  Thus, the adequacy element is satisfied where:  (1) the movants have "a sufficient interest in the outcome of the case to ensure vigorous advocacy"; (2) the movants' "interests are not antagonistic to the interests of absent class members"; and (3) the movants' proposed "counsel for the class is qualified and competent." *Andrade*, 2011 WL 13130706, at \*7 (citations omitted).

Here, Mr. Schiller is adequate because his interest in aggressively pursuing claims against Defendants is aligned with the interests of other class members who were similarly harmed as a result of Defendants' false and misleading statements.  There is no antagonism or potential conflict between Mr. Schiller's interests and those of the other members of the class, and Mr. Schiller is fully committed to vigorously

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF BRADLEY SCHILLER, INDIVIDUALLY AND AS TRUSTEE FOR THE SCHILLER FAMILY REV LIVING TRUST UA 02/02/2007, FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-08892 GW (PDX), *ET AL.*

8

pursuing the claims on behalf of the class. Moreover, as set forth in the Declaration of Bradley Schiller, Mr. Schiller fully understands the Lead Plaintiff's responsibilities and obligations to the class under the PSLRA, which include acting as a fiduciary for all class members, staying informed about the litigation, participating in court proceedings, depositions, settlement mediations, and hearings as needed, and reviewing and authorizing the filing of important litigation documents, and is willing and able to undertake these responsibilities to ensure the vigorous prosecution of this litigation. *See* Joost Decl., Ex. C. Additionally, Mr. Schiller is committed to ensuring that this litigation is prosecuted in an efficient and effective manner. *See id.*

Further, Mr. Schiller has demonstrated his adequacy through his selection of Kessler Topaz to serve as Lead Counsel for the class. As discussed more fully below, Kessler Topaz is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to prosecute complex actions in an efficient, effective, and professional manner.

### C. Mr. Schiller's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain counsel for the class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734 ("the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff") (citations omitted). Courts should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *See In re Cohen v. U. S. Dist. Ct. for the N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice") (citations omitted).

Here, Mr. Schiller has selected and retained Kessler Topaz to serve as Lead Counsel for the class. Kessler Topaz specializes in prosecuting complex class action

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF BRADLEY SCHILLER, INDIVIDUALLY AND AS TRUSTEE FOR THE SCHILLER FAMILY REV LIVING TRUST UA 02/02/2007, FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-08892 GW (PDx), *ET AL.*

9

litigation and is one of the leading law firms in its field. *See* Joost Decl., Ex. E. The firm is actively engaged in complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors and has obtained record recoveries in those cases, including: *In re Tyco International, Ltd. Securities Litigation*, No. 02-md-1335 (PB) (D.N.H.) ($3.2 billion recovery); *In re Bank of America Corp. Securities, Derivative, & Employee Retirement Income Security Act (ERISA) Litigation*, No. 09-md-2058 (PKC) (S.D.N.Y.) ($2.425 billion recovery); *In re Wachovia Preferred Securities & Bond/Notes Litigation*, No. 09-cv-6351 (RJS) (S.D.N.Y.) ($627 million recovery); and *In re Lehman Bros. Equity/Debt Securities Litigation*, No. 08-cv-5523 (LAK) (S.D.N.Y.) ($615 million recovery). Kessler Topaz is also currently serving as lead or co-lead counsel in several high profile securities class actions across the country, including: *Sjunde AP-Fonden v. The Goldman Sachs Group, Inc.,* No. 18-cv-12084 (VSB) (S.D.N.Y.); *In re Kraft Heinz Securities Litigation*, No. 19-cv-1339 (RMD) (N.D. Ill.); and *Sjunde AP-Fonden v. General Electric Co.*, No. 17-cv-8457 (JMF) (S.D.N.Y.). Additionally, Kessler Topaz has substantial experience prosecuting securities actions in this District, including, as noted above, previously obtaining a $154 million recovery for Snap's investors, *see Snap*, 2021 WL 667590, at *4, and also obtaining a $250 million recovery for investors in *In re Allergan, Inc. Proxy Violation Securities Litigation*, No. 14-cv-2004-DOC-KES (C.D. Cal.).

Kessler Topaz's commitment to zealous representation is also evident from its trial experience under the PSLRA. Specifically, the firm obtained a rare jury verdict in the class's favor after a week-long trial held in 2014 in *In re Longtop Financial Technologies Ltd. Securities Litigation*, No. 11-cv-3658 (SAS) (S.D.N.Y.)—one of just thirteen securities class actions to reach a verdict since enactment of the PSLRA

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF BRADLEY SCHILLER, INDIVIDUALLY AND AS TRUSTEE FOR THE SCHILLER FAMILY REV LIVING TRUST UA 02/02/2007, FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-08892 GW (PDx), *ET AL.*

10

in 1995 (based on post-enactment conduct).  The firm also obtained the largest damage award in Delaware Chancery Court history following a trial before Chancellor Leo E. Strine, Jr.  *See In re S. Peru Copper Corp. S'holder Derivative Litig.*, No. 961-CS (Del. Ch.), *aff'd Ams. Mining Corp. v. Theriault*, 51 A.3d 1213, 1262-63 (Del. 2012) (affirming final judgment, with interest, of $2 billion).

Thus, the Court can be assured that the class will receive the highest caliber of legal representation should it approve Mr. Schiller's selection of Kessler Topaz as Lead Counsel for the class.

## IV.    CONCLUSION

For the reasons set forth above, Mr. Schiller respectfully requests that the Court: (1) consolidate the above-captioned Related Actions; (2) appoint Mr. Schiller as Lead Plaintiff; (3) approve his selection of Kessler Topaz as Lead Counsel for the class; and (4) grant such other relief as the Court may deem just and proper.

Dated: January 10, 2022

Respectfully submitted,

**KESSLER TOPAZ
   MELTZER & CHECK, LLP**

/s/ Jennifer L. Joost
JENNIFER L. JOOST (Bar No. 296164)
   jjoost@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94101
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

*Attorney for Bradley Schiller, individually and as trustee for the Schiller Family Rev Living Trust UA 02/02/2007, and Proposed Lead Counsel for the Class*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF BRADLEY SCHILLER, INDIVIDUALLY AND AS TRUSTEE FOR THE SCHILLER FAMILY REV LIVING TRUST UA 02/02/2007, FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-08892 GW (PDX), *ET AL.*

11