Robert V. Prongay (SBN 270796)
  *rprongay@glancylaw.com*
Charles Linehan (SBN 307439)
  *clinehan@glancylaw.com*
Pavithra Rajesh (SBN 323055)
  *prajesh@glancylaw.com*
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Plaintiffs Jim Buscaglia and Syndi Buscaglia*

[Additional counsel on signature page]

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KELLIE BLACK, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SNAP INC., EVAN SPIEGEL, DEREK ANDERSEN, JEREMI GORMAN, and REBECCA MORROW,<br><br>Defendants. | Case No. 2:21-cv-08892-GW-PD<br><br>**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF JIM BUSCAGLIA AND SYNDI BUSCAGLIA FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL** |
| JIM BUSCAGLIA, and SYNDI BUSCAGLIA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SNAP INC., EVAN SPIEGEL, DEREK ANDERSEN, JEREMI GORMAN, and REBECCA MORROW,<br><br>Defendants. | Case No. 2:22-cv-00175 |

Plaintiffs Jim Buscaglia and Syndi Buscaglia (the "Buscaglias") respectfully submit this memorandum of law in support of their motion to consolidate the above-captioned actions, to appoint the Buscaglias as Lead Plaintiff, and to approve Glancy Prongay & Murray LLP ("GPM") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4), on behalf of a putative class (the "Class") of all persons and entities that purchased or otherwise acquired Snap securities, and/or sold Snap put options, between July 22, 2020 and October 21, 2021, inclusive (the "Class Period").

## I. PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of Class members—as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the Class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that the Buscaglias are the "most adequate plaintiff" as defined by the PSLRA.

The Buscaglias have "the largest financial interest in the relief sought by the class" as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, the Buscaglias satisfy the relevant requirements of Rule 23, as their claims are typical of other Class members' claims, and they are committed to fairly and adequately representing the interests of the Class. Thus, pursuant to the PSLRA's lead plaintiff provision, the Buscaglias respectfully submit that they are the presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the Class. Additionally, the Buscaglias' selection of GPM as Lead Counsel for the Class should be approved because the

firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.  FACTUAL BACKGROUND[1]

Snap purports to be a camera company, which offers the social media application Snapchat, an eyewear product that connects with Snapchat and captures video Spectacles, and advertising products including AR (augmented reality) and Snap ads. Snap relies on user data for its advertising business.

In June 2020, as part of an ongoing privacy push, Apple Inc. publicly announced new data privacy features for iOS. In April 2021, Apple released the new data privacy features for iOS. Following Apple's June 2020 announcement, Snap continuously downplayed and misled investors regarding the impact of Apple's new data privacy features would have on its business.

On October 22, 2021, Snap filed its report for the third quarter of 2021. Therein, Snap announced weaker-than-expected revenue and guidance attributable to its advertising business, which were impacted by Apple's privacy changes. Snap further disclosed the risks of heighted restrictions on the Company's access and use of user data due to Apple's privacy update had materialized, stating that "in April 2021 Apple issued an iOS update that imposes heightened restrictions on our access and use of user data" and "[t]hese changes have adversely affected our targeting, measurement, and optimization capabilities, and in turn affected our ability to measure the effectiveness of advertisements on our services. This has resulted in, and in the future is likely to continue to result in, reduced demand and pricing for our advertising products and could seriously harm our business."

On this news, Snap's stock price fell $19.97 per share, or 26%, to close at $55.14 per share on October 22, 2021, damaging investors.

---

[1] This section has been adapted from the complaints filed in the above-captioned actions.

The complaints in this action allege that the Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects throughout the Class Period. Specifically, the complaints allege that the Defendants failed to disclose to investors: (1) Apple's privacy changes would have, and were having, a material impact on the Company's advertising business; (2) Snap overstated its ability to transition its advertising with Apple's privacy changes; (3) Snap knew of, but downplayed, the risks of the impact that Apple's privacy changes had on the Company's advertising business; (4) Snap overstated its commitment to privacy; and (5) as a result of the foregoing, Defendants' public statements and statements to journalists were materially false and/or misleading at all relevant times.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities during the Class Period, members of the Class have suffered significant losses and damages.

### III.   PROCEDURAL HISTORY

On November 11, 2021, Plaintiff Kellie Black commenced the first-filed securities fraud class action against Snap and certain of its officers, captioned *Black v. Snap Inc., et al.*, Case No. 2:21-cv-08892 (the "*Black* Action"). It is brought on behalf of persons who purchased Snap securities during the Class Period.

On January 7, 2022, the Buscaglias filed a substantially similar class action, captioned *Buscaglia v. Snap Inc., et al.*, Case No. 21-cv-06287 (the "*Buscaglia* Action," and together with the *Black* Action, the "Related Actions"). The *Buscaglia* Action is brought on behalf of persons that purchased Snap securities ***or sold Snap put options*** during the Class Period.

### IV.   ARGUMENT

#### A.   The Related Actions Should Be Consolidated

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore, consolidation would avoid

1 unnecessary cost, delay, and overlap in adjudication. *See* Fed. R. Civ. P. 42(a); *see also Russo v. Finisar Corp.*, No. 11-cv-1252, 2011 WL 5117560, at *3 (N.D. Cal. Oct. 27, 2011) (noting that "actions [that] present virtually identical factual and legal issues . . . should be consolidated").

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present substantially the same legal issues. Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See Weisz v. Calpine Corp.*, No. 4:02-cv-1200, 2002 WL 32818827, at *2-3 (N.D. Cal. Aug. 19, 2002) (consolidating cases).

### B. The Buscaglias Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the Class—is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Waterford Twp. Police v. Mattel, Inc.*, 2017 WL 10667732, at *3 (C.D. Cal. Sept. 29, 2017).

The presumption in favor of appointing a plaintiff or group of plaintiffs as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

MEMORANDUM OF LAW
4

      (aa)    will not fairly and adequately protect the interest of the class; or

      (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

As set forth below, the Buscaglias have complied with all the PSLRA's requirements and satisfy all of the PSLRA criteria to be appointed lead plaintiff. The Buscaglias, to the best of their knowledge, have the largest financial interest in this litigation, satisfy the relevant requirements of Rule 23, and are not aware of any unique defenses defendants could raise against them that would render them inadequate to represent the Class. Accordingly, the Buscaglias respectfully submit that they should be appointed lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff").

### 1. The Buscaglias Filed A Complaint And Their Motion Is Timely

The Buscaglias filed the *Buscaglia* Action. Moreover, on July 15, 2021, pursuant to Section 21D(a)(3)(A) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(A), notice was published in connection with the *Black* Action. *See* Declaration of Charles H. Linehan in Support of the Motion of Jim Buscaglia and Syndi Buscaglia for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Counsel ("Linehan Decl."), Ex. A. Therefore, the Buscaglias had sixty days (*i.e.*, until January 10, 2022), to file a motion to be appointed as Lead Plaintiff. As sellers of Snap put options during the Class Period, the Buscaglias are members of the proposed class and have timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in addition to filing their complaint, in compliance with the first PSLRA requirement. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in their PSLRA certification, the Buscaglias attest that they have reviewed the complaint, adopt the allegations therein, and are willing

to serve as a representative of the Class. Linehan Decl., Ex. B. Accordingly, the Buscaglias satisfies the first requirement to serve as Lead Plaintiff for the class.

### 2. The Buscaglias Have The Largest Financial Interest In The Relief Sought By The Class

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii) (emphasis added); *In re Gemstar-TV Guide Int'l. Sec. Litig.*, 209 F.R.D. 447, 450 (C.D. Cal. 2002). At the time of this filing, the Buscaglias believes that they have the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and accordingly is presumed to be the "most adequate plaintiff."

The Buscaglias sold Snap put options during the Class Period at prices alleged to be artificially deflated (due to the stock price being inflated) by Defendants' misstatements and omissions and, as a result, suffered financial harm. *See* Linehan Decl., Ex. C. To the best of their knowledge, the Buscaglias are not aware of any other Class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, the Buscaglias believes they have the "largest financial interest in the relief sought by the Class," and thus satisfy the second PSLRA requirement to be appointed as lead plaintiff for the Class.

### 3. The Buscaglias Satisfies The Requirement Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See Cavanaugh*, 306 F.3d at 729-30. Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that putative lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movants satisfy the requirements of Rule 23 is sufficient. *Osher v. Guess? Inc.*, No. 01-cv-00871, 2001 WL 861694, at *3 (C.D. Cal. Apr. 26, 2001). At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson v. TVIA*, No. 06-cv-06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing *Cavanaugh*, 306 F.3d at 730)); *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) ("The initial inquiry . . . should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy").

### a) The Buscaglias' Claims Are Typical

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that, "the claims . . . of the representative parties" be "typical of the claims . . . of the class." A proposed lead plaintiff's claims are typical of the class when the proposed lead plaintiff's claims and injuries arise from the same events or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Osher*, 2001 WL 861694, at *4. Under Rule 23 a lead plaintiff's, "claims are typical 'if he is reasonably coextensive with those of the absent class members; they need not be substantially identical.'" *Id.* (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).

Here, the Buscaglias' claims are typical of the claims asserted by the proposed Class. Like all members of the Class, the Buscaglias suffered losses as a

result of their Snap transactions during the Class Period. Like all members of the Class, the Buscaglias allege that defendants violated federal securities laws by disseminating materially misleading statements concerning Snap's operations and financial prospects. The Buscaglias' losses, like the losses suffered by all other members of the Class, arise from the artificial inflation of Snap's stock price caused by Defendants' alleged misrepresentations and omissions. Accordingly, the Buscaglias' interests and claims are typical of the interests and claims of the Class.

### b) The Buscaglias Are Adequate Representatives

The Rule 23(a)(4) adequacy requirement is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Accordingly,

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda v. Turbodyne Techs., Inc.,* 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999) (citing *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.,* 693 F.2d 847, 855 (9th Cir. 1982)).

The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Yanek v. Staar Surgical Co.*, No. 04-cv-8007, 2004 WL 5574358, at *6 (C.D. Cal. Dec. 15, 2004).

Here, the Buscaglias easily satisfy the adequacy requirements. The Buscaglias' financial interest demonstrates that they have sufficient incentive to ensure vigorous advocacy, and "no evidence exists to suggest that [the Buscaglias are] antagonistic to other members of the class or their attorneys, thereby meeting the adequacy of representation requirement." *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (citation omitted). The Buscaglias reside in Buffalo, New York. Jim Buscaglia is a retired restaurateur. He has managed the Buscaglias' investment portfolios since 2008. Syndi Buscaglia has an M.S. Degree

in learning and behavioral disorders and is an adjunct professor at Medaille College and Buffalo State College. Moreover, the Buscaglias have retained competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this action. *See* Linehan Decl., Ex. D (GPM firm résumé). In addition, the Buscaglias are not aware of any conflict between their claims and those asserted on behalf of the Class. As such, the Buscaglias are adequate to represent the Class.

### C. The Court Should Approve Lead Plaintiff's Choice Of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Yanek*, 2004 WL 5574358, at *7. The Court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the class." *Osher*, 2001 WL 861694, at *4 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)). Here, the Buscaglias have retained GPM to pursue this litigation on their behalf and will retain the firm as Lead Counsel in the event the Buscaglias are appointed as lead plaintiff. As reflected by the firm's résumé, attached to the Linehan Declaration as Exhibit D, the Court may be assured that, by granting the Buscaglias' motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve the Buscaglias' selection of counsel.

### V. CONCLUSION

For the foregoing reasons, Jim Buscaglia and Syndi Buscaglia respectfully ask the Court to grant their Motion and enter an Order: (1) consolidating the Related Actions; (2) appointing the Buscaglias as Lead Plaintiff; (3) approving Glancy Prongay & Murray LLP as Lead Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

DATED: January 10, 2022

**GLANCY PRONGAY & MURRAY LLP**

By: *s/ Charles H. Linehan*
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: clinehan@glancylaw.com

*Counsel for Plaintiffs Jim Buscaglia and Syndi Buscaglia and Proposed Lead Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007
Email: fcruz@frankcruzlaw.com

*Additional Counsel*

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On January 10, 2022, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 10, 2022, at Los Angeles, California.

*s/ Charles H. Linehan*
Charles H. Linehan