ROBBINS GELLER RUDMAN
 & DOWD LLP
DANIELLE S. MYERS (259916)
JENNIFER N. CARINGAL (286197)
MICHAEL ALBERT (301120)
JUAN CARLOS SANCHEZ (301834)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLIE BLACK, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> SNAP INC., et al., <br><br> Defendants. | Case No. 2:21-cv-08892-GW-PD <br><br> <u>CLASS ACTION</u> <br><br> MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL <br><br> DATE:      February 7, 2022 <br> TIME:      8:30 a.m. <br> CTRM:    9D <br> JUDGE:   Hon. George H. Wu |

4892-5194-0105.v1

## I. INTRODUCTION

Pending before this Court is a securities class action lawsuit on behalf of purchasers of Snap Inc. ("Snap" or the "Company") securities between July 22, 2020 and October 21, 2021 (the "Class Period") seeking to pursue remedies under the Securities Exchange Act of 1934 ("1934 Act") against the Company and four of its senior executive officers.

The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires courts to "appoint the most adequate plaintiff as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(ii). The most adequate plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Goverdhan Kurri should be appointed Lead Plaintiff because he filed a timely motion, has a significant financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, Mr. Kurri's selection of Robbins Geller Rudman & Dowd LLP to serve as Lead Counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

## II. FACTUAL BACKGROUND

Snap is a technology company that offers the social media application Snapchat, an eyewear product that connects with Snapchat and captures video Spectacles, and advertising products including AR (augmented reality) and Snap ads. The Company was formerly known as Snapchat, Inc. and changed its name to Snap Inc. in September 2016. Snap's shares trade on the New York Stock Exchange under the ticker SNAP.

Snap relies on user data for its advertising business. In June 2020, as part of an ongoing privacy push, Apple Inc. ("Apple") – which developed and maintains the popular mobile operating system, iOS, for its mobile devices (the iPhone) – publicly

4892-5194-0105.v1

1  announced new data privacy features for iOS.  In April 2021, Apple released the new

2  data privacy features for iOS.

3        The complaint alleges that, throughout the Class Period, defendants made false

4  and misleading statements and failed to disclose that: (i) Apple's privacy changes

5  would have, and were having, a material impact on Snap's advertising business; (ii)

6  Snap overstated its ability to transition its advertising with Apple's privacy changes;

7  (iii) Snap knew of, but downplayed, the risks of the impact that Apple's privacy

8  changes had on Snap's advertising business; (iv) Snap overstated its commitment to

9  privacy; and (v) as a result, defendants' public statements and statements to journalists

10  were materially false and/or misleading at all relevant times.

11        On October 21, 2021, Snap disclosed weaker-than-expected revenue and

12  weaker-than-expected guidance because of its advertising business, including due to

13  Apple's privacy changes.  Snap also disclosed the risks of heightened restrictions on

14  Snap's access to and use of user data due to Apple's privacy update, revealing that

15  "'changes have adversely affected our targeting, measurement, and optimization

16  capabilities, and in turn affected our ability to measure the effectiveness of

17  advertisements on our services.  This has resulted in, and in the future is likely to

18  continue to result in, reduced demand and pricing for our advertising products and

19  could seriously harm our business.'"  ECF No. 1 at ¶29.  On this news, the price

20  Snap's common stock suffered a single-session decline of over 25%.

21  **III.  ARGUMENT**

22        **A.    Mr. Kurri Should Be Appointed Lead Plaintiff**

23        The PSLRA establishes the procedure for the appointment of a lead plaintiff in

24  "each private action arising under [the 1934 Act] that is brought as a plaintiff class

25  action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1).

26  First, the pendency of the action must be publicized in a widely circulated national

27  business-oriented publication or wire service not later than 20 days after filing of the

28  first complaint.  15 U.S.C. §78u-4(a)(3)(A)(i).  Next, the PSLRA provides that the

Court shall adopt a presumption that the most adequate plaintiff is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;

> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *see also In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002); *Shreves v. Xunlei Ltd.*, 2015 WL 5446935, at *2 (C.D. Cal. Sept. 15, 2015). Mr. Kurri meets each of these requirements and should therefore be appointed Lead Plaintiff.

### 1.    This Motion Is Timely

On November 11, 2021, the statutory notice was published on *Business Wire* advising class members of the pendency of the action, the alleged claims, the class definition, and the option of moving the Court to be appointed as lead plaintiff by January 10, 2022.  *See* Declaration of Michael Albert in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Albert Decl."), Ex. A, filed concurrently herewith.  Accordingly, Mr. Kurri's motion is timely filed and he is eligible to be considered for appointment as lead plaintiff.

### 2.    Mr. Kurri Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, Mr. Kurri purchased 45,750 shares of Snap stock and suffered approximately $790,944 in losses under both the first-in, first-out and last-in, first-out loss calculation methods as the market began to learn the truth about defendants' allegedly false misrepresentations and omissions and the price of Snap stock declined.  *See id.*, Exs. B-C.  To the best of his counsel's knowledge, there are

- 3 -

no other plaintiffs with a larger financial interest during the Class Period.  Therefore, Mr. Kurri satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3.    Mr. Kurri Is Typical and Adequate of the Purported Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage).

"So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status . . . ." *Cavanaugh*, 306 F.3d at 732.  "The movant with the largest financial interest only needs to make a prima facie showing that it satisfies Rule 23 to be the presumptive lead plaintiff." *Shreves*, 2015 WL 5446935, at *3 (citing *Cavanaugh*, 306 F.3d at 739).  "To make a prima facie showing of typicality, a moving plaintiff should establish that its claims are similar to all class members."  *Id*.  In determining whether the adequacy requirement is met, "[a] court should inquire about the movant's interests in the outcome of the case and their willingness to vigorously represent the class's claims to determine if [there] is a preliminary showing of adequacy."  *Id*.  "Additionally, a court should ensure that the movant's interests do not conflict with those of the class and that the movant's counsel is capable and qualified."  *Id*.  Here, Mr. Kurri satisfies these requirements.

Indeed, Mr. Kurri's claims arise out of the same events and are based on the same legal theories as the claims of other class members.  Mr. Kurri has amply demonstrated his adequacy by signing a sworn Certification and a Declaration affirming his willingness to serve as, and to assume the responsibilities of, class

- 4 -

representative.  *See* Albert Decl., Exs. B, D.  Mr. Kurri's Declaration – which sets forth his residence, education, professional background, investment experience, familiarity with overseeing lawyers, and his other qualifications – establishes his *prima facie* adequacy showing and enables the Court and absent class members to independently assess Mr. Kurri's ability to satisfy Rule 23's prerequisites.  *See* Albert Decl., Ex. D.  In addition, Mr. Kurri has selected counsel experienced in prosecuting securities class actions to represent him and the class.  *See infra* §III.B.

Because Mr. Kurri filed a timely motion, has the largest financial interest in the relief sought by the class, and is typical and adequate of the putative class, the Court should adopt the presumption that he is the presumptive lead plaintiff.

**B.     The Court Should Approve Mr. Kurri's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval.  15 U.S.C. §78u-4(a)(3)(B)(v); *see also Cavanaugh*, 306 F.3d at 732-35.  Mr. Kurri has selected Robbins Geller to serve as Lead Counsel.

Robbins Geller, a 200-attorney nationwide law firm with offices in California, regularly practices complex securities litigation.  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.[1]  Courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.  *See, e.g.*, *In re Cooper Cos. Inc. Sec. Litig.*, 254 F.R.D. 628, 636 (C.D. Cal. 2009) (noting that it was "undisputable" that Robbins Geller lawyers have "extensive experience prosecuting suits of this nature"); *In re Hot Topic, Inc. Sec. Litig.*, 2014 WL 12462472, at *5 (C.D. Cal. Nov. 3, 2014) (finding that Robbins Geller was "qualified

---

[1]     For a detailed description of Robbins Geller's track record, resources, and attorneys, please *see* https://www.rgrdlaw.com.  A paper copy of the Firm's resume is available upon the Court's request, if preferred.

1  and competent" and noting that "[o]ther courts have stated that the firm . . . 'is

2  comprised of probably the most prominent securities class action attorneys in the

3  county'") (citation omitted).

4       Notably, in the last two years alone, Robbins Geller recovered more than $2.5

5  billion on behalf of investors in securities class action cases, including $1.02 billion in

6  *In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040-AKH (S.D.N.Y.), $1.21

7  billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG

8  (D.N.J.), and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC

9  (D. Ariz.). Robbins Geller has also obtained the largest securities fraud class action

10  recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as

11  a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology,*

12  *Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for

13  plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed

14  securities fraud.[2]

15       Thus, the Court can be assured that the class will receive the highest caliber of

16  legal representation should it approve Mr. Kurri's selection of Robbins Geller as Lead

17  Counsel for the putative class.

18

19

20

21  _____

[2]    *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion

22  recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio)

23  ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893

24  (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh

25  Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the

26  Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action

27  recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class

28  action recovery in the Eleventh Circuit).

- 6 -

**IV.    CONCLUSION**

Mr. Kurri has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  Accordingly, Mr. Kurri respectfully requests that the Court grant his motion for appointment as lead plaintiff and approve his selection of counsel.

DATED:  January 10, 2022

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JENNIFER N. CARINGAL
MICHAEL ALBERT
JUAN CARLOS SANCHEZ

s/ Michael Albert
MICHAEL ALBERT

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com
malbert@rgrdlaw.com
isanchez@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

- 7 -

1

<u>CERTIFICATE OF SERVICE</u>

2

I hereby certify under penalty of perjury that on January 10, 2022, I authorized

3    the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF

4    system which will send notification of such filing to the e-mail addresses on the

5    attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of

6    the foregoing via the United States Postal Service to the non-CM/ECF participants

7    indicated on the attached Manual Notice List.

8                                                      s/ Michael Albert
                                                      MICHAEL ALBERT
9
                                                      ROBBINS GELLER RUDMAN
10                                                         & DOWD LLP
                                                      655 West Broadway, Suite 1900
11                                                    San Diego, CA  92101-8498
                                                      Telephone:  619/231-1058
12                                                    619/231-7423 (fax)

13                                                    E-mail:  malbert@rgrdlaw.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4892-5194-0105.v1

# Mailing Information for a Case 2:21-cv-08892-GW-PD Kellie Black v. Snap Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Adam Marc Apton**
  aapton@zlk.com

- **Jennifer L Joost**
  jjoost@ktmc.com,1759490420@filings.docketbird.com

- **Charles Henry Linehan**
  clinehan@glancylaw.com,charles-linehan-8383@ecf.pacerpro.com

- **Laurence M Rosen**
  lrosen@rosenlegal.com,lrosen@ecf.courtdrive.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)