**SAXENA WHITE P.A.**
David R. Kaplan (SBN 230144)
dkaplan@saxenawhite.com
12750 High Bluff Drive, Suite 475
San Diego, CA 92130
Telephone:   (858) 997-0860
Facsimile:   (858) 369-0096

*Attorneys for Proposed Lead Plaintiff Oklahoma Firefighters Pension and Retirement System, and Proposed Lead Counsel for the Class*

[Additional Counsel Listed on Signature Page]

**BIENERT KATZMAN LITTRELL WILLIAMS LLP**
John L. Littrell (SBN 221601)
jlittrell@bklwlaw.com
Michael R. Williams (SBN 192222)
mwilliams@bklwlaw.com
601 W. 5th Street, Suite 720
Los Angeles, CA 90071
Telephone: (949) 369-3700
Facsimile: (949) 369-3701

*Local Counsel for Oklahoma Firefighters Pension and Retirement System*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| KELLIE BLACK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SNAP INC., EVAN SPIEGEL, DEREK ANDERSEN, JEREMI GORMAN, and REBECCA MORROW,<br><br>Defendants. | Case No. 2:21-cv-08892-GW-PD<br><br>CLASS ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>DATE:  February 7, 2022<br>TIME:   8:30 a.m.<br>COURTROOM: 9D – First Street Courthouse<br>JUDGE: Hon. George H. Wu |

*[Caption continued on following page]*

| | |
|---|---|
| JIM BUSCAGLIA, and SYNDI BUSCAGLIA, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br> vs.<br><br>SNAP INC., EVAN SPIEGEL, DEREK ANDERSEN, JEREMI GORMAN, and REBECCA MORROW,<br><br>     Defendants. | Case No. 2:22-cv-00175 |

# **TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ................................................................................ 1

II. STATEMENT OF FACTS ....................................................................................... 2

III. ARGUMENT .......................................................................................................... 4

A. THE RELATED ACTIONS SHOULD BE CONSOLIDATED ..................... 4

B. OKLAHOMA FIREFIGHTERS SHOULD BE APPOINTED LEAD PLAINTIFF ................................................................................................... 5

    1. The PSLRA Standard for Appointing Lead Plaintiff ............................ 5

    2. Oklahoma Firefighters Is the Most Adequate Plaintiff ......................... 6

        a. Oklahoma Firefighters Has Satisfied the PSLRA's Procedural Requirements ................................................................................ 6

        b. Oklahoma Firefighters Has the Largest Financial Interest in the Relief Sought by the Class ........................................................... 6

        c. Oklahoma Firefighters Satisfies Rule 23's Typicality and Adequacy Requirements .............................................................. 7

        d. Oklahoma Firefighters Is Precisely the Type of Lead Plaintiff Envisioned by the PSLRA ........................................................... 9

C. THE COURT SHOULD APPROVE OKLAHOMA FIREFIGHTERS' SELECTION OF LEAD COUNSEL ............................................................ 10

IV. CONCLUSION ..................................................................................................... 12

i

MPA ISO MOT. OF OKLA. FIREFIGHTERS FOR CONSOL., APP'T AS LEAD
PL., & APPROVAL OF SELECTION OF LEAD COUNSEL
CASE NO. 2:21-CV-8892-GW-PD

# **TABLE OF AUTHORITIES**

**Page(s)**

*Barry v. Colony Northstar, Inc.*,
  No. 18-cv-2888, ECF No. 43 (C.D. Cal. July 16, 2018) ................................... 7, 8

*Bloom v. Anderson (FirstEnergy Corp. Derivative Litig.)*,
  No. 20-cv-04534, 2020 WL 6710429 (S.D. Ohio Nov. 16, 2020) ....................... 12

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ................................................................. 5,6,7,10

*In re Cohen*,
  586 F.3d 703 (9th Cir. 2009) ............................................................................ 10

*In re Gildan Activewear Inc. Sec. Litig.*,
  No. 08-cv-050480, 2010 U.S. Dist. LEXIS 140619 (S.D.N.Y. Sept. 20, 2010) .. 11

*In re Robinhood Outage Litig.*,
  No. 20-cv-01626, 2020 WL 7330596 (N.D. Cal. July 14, 2020) ........................ 11

*Kauffman v. Natural Health Trends Corp.*,
  No. 19-cv-163, 2019 WL 12361300 (C.D. Cal. May 3, 2019) ......................... 7, 8

*Vancouver Alumni Asset Holdings, Inc. v. Daimler AG*,
  No 16-cv-02942, 2016 WL 10646304 (C.D. Cal. July 20, 2016) ...................... 4, 8

**STATUTES**

15 U.S.C. § 78u-4 ........................................................................................... *passim*

**RULES**

Rule 23 of the Federal Rules of Civil Procedure .............................................. *passim*

Rule 42(a) of the Federal Rules of Civil Procedure ................................................ 4

ii

MPA ISO MOT. OF OKLA. FIREFIGHTERS FOR CONSOL., APP'T AS LEAD
PL., & APPROVAL OF SELECTION OF LEAD COUNSEL
CASE NO. 2:21-CV-8892-GW-PD

**REGULATIONS**

17 C.F.R. § 240.10b-5 ............................................................................................2

Oklahoma Firefighters Pension and Retirement System ("Oklahoma Firefighters") respectfully submits this memorandum of points and authorities pursuant to Section 21D(a)(3)(B) of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in support of its Motion for entry of an order: (1) consolidating the above-captioned, related actions; (2) appointing Oklahoma Firefighters as Lead Plaintiff for a class of persons or entities who purchased or otherwise acquired publicly traded securities and/or sold put options of Snap Inc. ("Snap" or the "Company") between July 22, 2020 and October 21, 2021, inclusive (the "Class Period"); and (3) approving Oklahoma Firefighters' selection of Saxena White P.A. ("Saxena White") to serve as Lead Counsel for the Class.

## I.  PRELIMINARY STATEMENT

Oklahoma Firefighters—a sophisticated institutional investor that oversees over $3 billion in assets and that has significant experience serving as a lead plaintiff—respectfully submits that it should be appointed Lead Plaintiff on behalf of purchasers and acquirers of Snap securities and/or sellers of Snap put options during the Class Period (the "Class"). Oklahoma Firefighters satisfies all the prerequisites for appointment as Lead Plaintiff. As detailed herein, Oklahoma Firefighters sustained a significant loss of more than $1.2 million on a last-in, first-out ("LIFO") basis in connection with its investments in Snap common stock during the Class Period.[1] In addition, Oklahoma Firefighters purchased 81,247 shares and 77,973 net shares of Snap common stock, and expended more than $5.2 million in net funds, on its Class Period transactions in Snap stock. Accordingly, Oklahoma Firefighters has a powerful economic interest in directing the litigation on behalf of the Class and

---

[1] Oklahoma Firefighters' transactions in Snap securities are set forth in the certification attached as Exhibit A to the Declaration of David R. Kaplan in Support of the Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel ("Kaplan Decl.") filed herewith. In addition, a chart reflecting the calculation of Oklahoma Firefighters' financial loss on its investments in Snap securities during the Class Period is included as Exhibit B to the Kaplan Decl.

MPA ISO MOT. OF OKLA. FIREFIGHTERS FOR CONSOL., APP'T AS LEAD PL.,& APPROVAL OF SELECTION OF LEAD COUNSEL CASE NO. 2:21-CV-8892-GW-PD

1

recovering losses attributable to Defendants' violations of the federal securities laws—an interest believed to be greater than that of any other qualified movant.

In addition to asserting the largest financial interest, Oklahoma Firefighters readily satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because its claims are typical of those of absent Class members, and because it will fairly and adequately represent the interests of the Class. Indeed, the PSLRA's legislative history shows that Oklahoma Firefighters is precisely the type of sophisticated institutional investor that Congress intended to empower to lead securities class actions. In short, Oklahoma Firefighters is the "most adequate plaintiff" and should be appointed Lead Plaintiff.

Oklahoma Firefighters also respectfully requests that the Court approve its selection of Lead Counsel for the Class. Oklahoma Firefighters' choice for Lead Counsel, Saxena White, has substantial experience in successfully prosecuting securities class actions, including within this District, and is well qualified to prosecute this case.

## II.  STATEMENT OF FACTS[2]

Currently pending in this District are two related securities class actions (together, the "Action") brought on behalf of the Class. The Action alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") as amended by the PSLRA and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. § 240.10b-5, against Snap, its Co-Founder and Chief Executive Officer, Evan Spiegel, its Chief Financial Officer, Derek Andersen, its Chief Business Officer, Jeremi Gorman, and its Chief Accounting Officer, Rebecca Morrow (collectively "Defendants").

Snap is Delaware corporation with its headquarters in this District, in Santa Monica, California. ¶ 8. The Company's common stock trades on the New York Stock Exchange under the ticker symbol "SNAP." *Id.* Snap, which calls itself "a

---

[2] All paragraph references refer to the complaint in the first-filed *Black* action.

2

MPA ISO MOT. OF OKLA. FIREFIGHTERS FOR CONSOL., APP'T AS
LEAD PL.,& APPROVAL OF SELECTION OF LEAD COUNSEL
CASE NO. 2:21-CV-8892-GW-PD

camera company," is known for the social media application Snapchat and associated products and advertisements. ¶ 7. The Company derives the vast majority of its revenues from its advertising products on Snapchat. ¶ 21. As part of an ongoing privacy push, in June 2020, Apple Inc. ("Apple") publicly announced new data privacy features for its iOS mobile operating system used on iPhones that affected the tracking of user data—a key metric for Snap's advertising business. ¶ 18. After several delays, in April 2021, Apple released the new data privacy features for iOS. *Id.*

The Action alleges that, during the Class Period, Defendants made false and misleading statements and/or failed to disclose that: (1) Apple's privacy changes would have, and were having, a material impact on the Company's advertising business; (2) Snap overstated its ability to transition its advertising with Apple's privacy changes; (3) Snap knew of, but downplayed, the risks of the impact that Apple's privacy changes had on the Company's advertising business; (4) Snap overstated its commitment to privacy; and (5) as a result of the foregoing, Defendants' public statements and statements to journalists were materially false and/or misleading at all relevant times. ¶ 29.

According to the Action, the truth emerged on October 22, 2021, when Snap filed its financial results for the third quarter of 2021 with the SEC, which included weaker-than-expected revenue and weaker-than-expected guidance for the fourth quarter. ¶ 30. The Company attributed the disappointing outlook to declines in Snap's advertising business, including due to Apple's privacy changes. *Id.* The filing acknowledged that Apple's changes:

> have adversely affected our targeting, measurement, and optimization capabilities, and in turn affected our ability to measure the effectiveness of advertisements on our services. This has resulted in, and in the future is likely to continue to result in, reduced demand and pricing for our advertising products and could seriously harm our business. *Id.*

3

MPA ISO MOT. OF OKLA. FIREFIGHTERS FOR CONSOL., APP'T AS LEAD PL., & APPROVAL OF SELECTION OF LEAD COUNSEL
CASE NO. 2:21-CV-8892-GW-PD

In response to these revelations, Snap's stock price fell $19.97 per share, or 26 percent, to close at $55.41 per share on October 22, 2021. ¶ 32. Defendants' material misrepresentations and omissions and the revelations thereof have caused the members of the Class to incur substantial damages.

## III. ARGUMENT

### A. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Two related securities class actions have been filed in this Court against the Defendants. The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id.* Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)") allows the Court to consolidate actions that involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *see also Vancouver Alumni Asset Holdings, Inc. v. Daimler AG*, No. 16-cv-02942 SJO (KSx), 2016 WL 10646304, at *2 (C.D. Cal. July 20, 2016) ("Consolidation is common in federal securities class actions.").

Here, there are at least two related actions pending in this District against Defendants: *Black v. Snap Inc., et al.*, No. 2:21-cv-08892 (C.D. Cal. Nov. 11, 2021) and *Buscaglia v. Snap Inc., et al.*, No. 2:22-cv-00175 (C.D. Cal. Jan. 7, 2022). These actions present substantially similar factual and legal issues because they each allege claims under Sections 10(b) and 20(a) of the Exchange Act, allege identical Class Periods, and arise out of substantially similar misstatements regarding Snap's business operations and the impact Apple's data privacy changes would have on the Company's business performance. *See Daimler*, 2016 WL 10646304, at *2 (consolidating actions that "involve common questions of law and fact," the "same claims against Defendants," and the same class period). Accordingly, consolidation

MPA ISO MOT. OF OKLA. FIREFIGHTERS FOR CONSOL., APP'T AS LEAD PL., & APPROVAL OF SELECTION OF LEAD COUNSEL
CASE NO. 2:21-CV-8892-GW-PD
4

is appropriate under Rule 42(a) and the PSLRA, and Oklahoma Firefighters respectfully requests that these actions be consolidated.

### B. OKLAHOMA FIREFIGHTERS SHOULD BE APPOINTED LEAD PLAINTIFF

#### 1. The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA establishes a straightforward, sequential procedure for identifying the lead plaintiff for "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002) (citing 15 U.S.C. § 78u-4(a)(1)). "The first step consists of publicizing the pendency of the action[.]" *Id.* at 729. Within 20 days of filing the initial action, the plaintiff must publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i).

Second, the PSLRA directs the Court to consider any motions by plaintiffs or purported class members to serve as Lead Plaintiff in response to any such notice. Under this section, the Court "shall" appoint the "most adequate plaintiff," and is to presume that such plaintiff is the "person or group of persons" that:

(aa) has either filed the complaint or made a motion in response to a notice . . .

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730.

Under the sequential procedure set forth by the Ninth Circuit in *Cavanaugh*, once the court has identified the "most adequate plaintiff," the presumption may only be rebutted by proof that the most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such

5

MPA ISO MOT. OF OKLA. FIREFIGHTERS FOR CONSOL., APP'T AS LEAD PL., & APPROVAL OF SELECTION OF LEAD COUNSEL
CASE NO. 2:21-CV-8892-GW-PD

plaintiff incapable of adequately representing the class." *Id.* at 730, 732; *see also* 15 U.S.C. § 78u- 4(a)(3)(B)(iii)(II).

### 2. Oklahoma Firefighters Is the Most Adequate Plaintiff

Oklahoma Firefighters respectfully submits that it is the presumptively "most adequate plaintiff" because it has complied with the PSLRA's procedural requirements, holds the largest financial interest of any movant, and satisfies Rule 23's typicality and adequacy requirements. In addition, as a sophisticated institutional investor with a substantial financial stake in this action, Oklahoma Firefighters is the paradigmatic lead plaintiff that Congress envisioned when enacting the PSLRA.

#### a. Oklahoma Firefighters Has Satisfied the PSLRA's Procedural Requirements

Oklahoma Firefighters has filed this motion to serve as Lead Plaintiff in a timely manner. Pursuant to the PSLRA, the plaintiff who filed the initial complaint in the Action caused a notice regarding the pending nature of this case to be published on *Business Wire*, a widely circulated, national business-oriented news wire service, on November 11, 2021. *See* Notice, Kaplan Decl. Exhibit C. Thus, pursuant to the PSLRA, any member of the proposed Class may apply for appointment as Lead Plaintiff within sixty days of the publication of the notice, *i.e.*, on or before January 10, 2022. *See* 15 U.S.C. § 78 3(A)(i)(II). Oklahoma Firefighters has filed its motion within the required time frame.

#### b. Oklahoma Firefighters Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff" is the movant that has the largest financial interest in the relief sought by the class so long as that movant meets the requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Cavanaugh*, 306 F.3d at 729-30 ("[T]he presumptively most adequate plaintiff – and hence the presumptive lead plaintiff – [is] the one who

6

MPA ISO MOT. OF OKLA. FIREFIGHTERS FOR CONSOL., APP'T AS LEAD PL., & APPROVAL OF SELECTION OF LEAD COUNSEL CASE NO. 2:21-CV-8892-GW-PD

has the largest financial interest in the relief sought by the class and otherwise satisfies the requirements of Rule 23.").

Here, during the Class Period, Oklahoma Firefighters (1) purchased 81,247 shares of Snap common stock; (2) purchased 77,973 net shares of Snap common stock; (3) expended $5,257,097 in net funds investing in Snap stock; and (4) suffered a LIFO loss of $1,229,107 in connection with its purchases of Snap shares. *See* Kaplan Decl., Ex. B; *see also Barry v. Colony NorthStar, Inc.*, No. 18-cv-2888, ECF No. 43, slip op. at 4 (C.D. Cal. July 16, 2018) (Wu, J.), Kaplan Decl., Ex. D (setting forth the four factors that courts in this District and throughout the nation consider in determining a lead plaintiff movant's financial interest). Oklahoma Firefighters is unaware of any other movant with a greater financial interest in the outcome of the Action. Accordingly, Oklahoma Firefighters has the largest financial interest of any qualified movant seeking appointment as Lead Plaintiff and is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 729-32.

### c. Oklahoma Firefighters Satisfies Rule 23's Typicality and Adequacy Requirements

In addition to possessing the largest financial interest in the litigation, Oklahoma Firefighters also satisfies the applicable requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23. However, at the lead plaintiff selection stage, movants need only make a "prima facie showing" that they satisfy Rule 23's typicality and adequacy prongs. *Kauffman v. Natural Health Trends Corp.*, No. 19-163-MWF (JPRx), 2019 WL 12361300, at *2 (C.D. Cal. May 3, 2019).

7

MPA ISO MOT. OF OKLA. FIREFIGHTERS FOR CONSOL., APP'T AS LEAD PL.,& APPROVAL OF SELECTION OF LEAD COUNSEL CASE NO. 2:21-CV-8892-GW-PD

### i. Oklahoma Firefighters' Claims Are Typical of Those of the Class

The typicality requirement of Rule 23(a) is satisfied when a proposed class representative's claims "arise[] from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory." *Daimler AG*, 2016 WL 10646304, at *3 (citation omitted). Typicality is not an exceedingly exacting test because "under [Rule 23's] permissive standards, representative claims are typical if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Id.* (quotations and citation omitted); *see also Colony NorthStar*, slip op. at 5 (same).

Here, Oklahoma Firefighters satisfies the typicality requirement. Like all other Class members, Oklahoma Firefighters: (1) purchased Snap securities during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when corrective disclosures removed the inflation caused by Defendants' conduct, causing the price of Snap's securities to fall. *See id.* (discussing the typicality requirement). These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy Rule 23(a)(3)'s typicality requirement. *See Natural Health Trends*, 2019 WL 12361300, at *2.

### ii. Oklahoma Firefighters Will Fairly and Adequately Protect the Interests of the Class

The adequacy of representation requirement of Rule 23(a)(4) is satisfied when a representative party establishes that it will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Representation "is 'adequate' when the movant and its counsel (1) do not "have any conflicts of interest with other class members" and (2) "will prosecute the action vigorously on behalf of the class." *Daimler*, 2016 WL 10646304, at *3.

8

MPA ISO MOT. OF OKLA. FIREFIGHTERS FOR CONSOL., APP'T AS LEAD PL.,& APPROVAL OF SELECTION OF LEAD COUNSEL
CASE NO. 2:21-CV-8892-GW-PD

Here, Oklahoma Firefighters' interests are aligned with those of the other Class members and are not antagonistic in any way. Oklahoma Firefighters incurred substantial financial harm due to Defendants' misrepresentations and omissions during the Class Period and, therefore, has a sufficient interest in the outcome of the Action to ensure vigorous prosecution of the litigation. There are no facts to suggest any actual or potential conflict of interest between Oklahoma Firefighters and absent Class members. Moreover, as an institutional investor with a substantial financial interest in the litigation, Oklahoma Firefighters has the resources, experience, and incentive to vigorously represent the Class and prosecute this action against Defendants.

In addition, Oklahoma Firefighters has further demonstrated its adequacy through its selection of Saxena White to serve as Lead Counsel for the Class. As discussed below, Saxena White is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to effectively prosecute complex securities class actions and other forms of shareholder litigation.

Thus, in addition to having the largest financial interest, Oklahoma Firefighters also satisfies the typicality and adequacy requirements of Rule 23.

### d. Oklahoma Firefighters Is Precisely the Type of Lead Plaintiff Envisioned by the PSLRA

In addition to satisfying the PSLRA's lead plaintiff provisions and the requirements of Rule 23, Oklahoma Firefighters is the paradigmatic lead plaintiff envisioned by Congress in its enactment of the PSLRA—a sophisticated institutional investor with a substantial financial interest in the litigation and the resources, experience, and incentive to vigorously represent the Class. *See* H.R. S. Rep. No. 104-98, at 11 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690 ("The committee intends to increase the likelihood that institutional investors will serve as lead plaintiffs . . . ."); Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995

9

MPA ISO MOT. OF OKLA. FIREFIGHTERS FOR CONSOL., APP'T AS LEAD PL.,& APPROVAL OF SELECTION OF LEAD COUNSEL
CASE NO. 2:21-CV-8892-GW-PD

U.S.C.C.A.N. 730, 733 (1995) (explaining that "increasing the role of institutional investors in class action will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions").

Created in 1980, Oklahoma Firefighters provides pension and retirement benefits to more than 26,000 current and former firefighters of Oklahoma and has more than $3 billion in assets under management. Oklahoma Firefighters has sufficient resources and incentive to vigorously prosecute the Action and supervise Class counsel. Oklahoma Firefighters understands the fiduciary duties of a lead plaintiff, is willing to oversee the vigorous prosecution of the Action, and has pledged to "provide testimony at deposition and trial, if necessary." *See* Certification, Kaplan Decl. Ex. A. Oklahoma Firefighters' understanding of the duties of a lead plaintiff is informed by its significant experience successfully helming securities class actions on behalf of investor classes—experience that will benefit the Class. *See, e.g.*, *Minneapolis Firefighters' Relief Ass'n v. Medtronic, Inc.*, No. 08-cv-06324, ECF No. 344 (D. Minn. Nov. 8, 2012) (granting final approval of $85 million recovery); *Avila v. LifeLock, Inc.*, No: 15-cv-01398, ECF No. 150 (D. Ariz. July 22, 2020) (granting final approval of $20 million recovery); *In re Tower Group Int'l, Ltd. Sec. Litig.*, No. 13-cv-05852, ECF No. 179 (S.D.N.Y. Nov. 23, 2015) (granting final approval of $20.5 million recovery). Thus, as demonstrated herein, Oklahoma Firefighters is the personification of the lead plaintiff contemplated by the PSLRA.

### C. THE COURT SHOULD APPROVE OKLAHOMA FIREFIGHTERS' SELECTION OF LEAD COUNSEL

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 732 n. 11. The court should not disturb lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see In re Cohen*, 586 F.3d 703, 712 (9th Cir.

10

MPA ISO MOT. OF OKLA. FIREFIGHTERS FOR CONSOL., APP'T AS LEAD PL.,& APPROVAL OF SELECTION OF LEAD COUNSEL CASE NO. 2:21-CV-8892-GW-PD

2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.").

Here, Oklahoma Firefighters has selected Saxena White as Lead Counsel to represent the Class. As set forth in its firm resume, Saxena White has extensive experience prosecuting complex litigation on behalf of aggrieved shareholders. *See* Kaplan Decl., Ex E. Indeed, Saxena White has achieved substantial recoveries on behalf of investor classes when serving as lead or co-lead counsel in major securities class actions nationwide.

For example, Saxena White, acting as co-lead counsel, secured a $210 million recovery for the investor class in *In re Wilmington Trust Securities Litigation*, No. 10-cv-00990-ER (D. Del.), which represented the second-largest securities class action recovery in Delaware history. Saxena White's track record in securities litigation also includes: the $135 million recovery for the investor class in *Peace Officers Annuity and Benefit Fund of Georgia v. DaVita Inc.*, No. 1:17-cv-00304-WJM (D. Colo.); the $73 million recovery for the investor class in *In re Rayonier Inc. Securities Litigation*, No. 3:14-cv-1395-TJCJBT (M.D. Fla.); the $53 million recovery for the investor class in *Central Laborers' Pension Fund v. SIRVA, Inc.*, No. 04 C 7644 (N.D. Ill.); the $50 million recovery for the investor class in *In re HD Supply Holdings Inc. Securities Litigation*, No. 1:17-CV-02587-ELR (N.D. Ga.); the $28 million recovery for the investor class in *Milbeck v. TrueCar, Inc.*, No. 2:18-cv-02612-AGR (C.D. Cal.); and the $25 million recovery for the investor class in *Plymouth County Retirement System v. GTT Communications*, *Inc.*, No. 1:19-cv-00982-CMH (E.D. Va.).

By approving Oklahoma Firefighters' choice of Lead Counsel, the Court also will advance the important goal of increasing diversity among class counsel, so that the attorneys leading the case "reflect the diversity of the proposed national class." *In re Robinhood Outage Litig.,* No. 20-cv-01626, 2020 WL 7330596, at *2 (N.D. Cal. July 14, 2020); *see also In re Gildan Activewear Inc. Sec. Litig.*, No. 08-cv-

11

MPA ISO MOT. OF OKLA. FIREFIGHTERS FOR CONSOL., APP'T AS
LEAD PL.,& APPROVAL OF SELECTION OF LEAD COUNSEL
CASE NO. 2:21-CV-8892-GW-PD

050480, 2010 U.S. Dist. LEXIS 140619, at *3 (S.D.N.Y. Sept. 20, 2010) (noting that because "proposed class includes thousands of participants, both male and female, arguably from diverse backgrounds . . . it is therefore important to all concerned that there is evidence of diversity, in terms of race and gender, in the class counsel I appoint"). As a federally certified woman- and minority-owned firm specializing in representing institutional investors as plaintiffs in securities litigation, Saxena White is committed to diversity. *See* Firm Resume, Kaplan Decl. Ex. E. For example, Saxena White was selected by the Chief Judge of the Northern District of Ohio as Co-Lead Counsel in an important shareholder derivative action involving a corruption and bribery scheme, not only for its "impressive" and "considerable track record[] of successfully prosecuting shareholder derivative actions," but also for its "diverse team" that "best reflects the plaintiffs' diversity and is best suited to act on their behalf." *Bloom v. Anderson* (*FirstEnergy Corp. Derivative Litig.*), No. 2:20-CV-04534, 2020 WL 6710429, at *9 (S.D. Ohio Nov. 16, 2020).

Thus, the Court may be assured that by granting this Motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Oklahoma Firefighters' selection of Saxena White to serve as Lead Counsel for the Class.

### IV. CONCLUSION

For the foregoing reasons, Oklahoma Firefighters respectfully requests that the Court: (1) consolidate the above-captioned, related actions; (2) appoint Oklahoma Firefighters as Lead Plaintiff; and (3) approve its selection of Saxena White to serve as Lead Counsel for the Class.

Dated: January 10, 2022          Respectfully submitted,

*/s/ David R. Kaplan*
**SAXENA WHITE P.A.**
David R Kaplan (SBN 230144)
dkaplan@saxenawhite.com
12750 High Bluff Drive, Suite 475

12

MPA ISO MOT. OF OKLA. FIREFIGHTERS FOR CONSOL., APP'T AS LEAD PL., & APPROVAL OF SELECTION OF LEAD COUNSEL
CASE NO. 2:21-CV-8892-GW-PD

San Diego, CA 92130
Telephone: (858) 997-0860
Facsimile: (858) 369-0096

Maya Saxena
Joseph E. White III
Lester R. Hooker (SBN 241590)
msaxena@saxenawhite.com
jwhite@saxenawhite.com
lhooker@saxenawhite.com
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Telephone: (561) 394-3399
Facsimile: (561) 394-3382

Steven B. Singer
Marisa N. DeMato
ssinger@saxenawhite.com
mdemato@saxenawhite.com
10 Bank Street, 8th Floor
White Plains, NY 10606
Telephone: (914) 437-8551
Facsimile: (888) 216-2220

*Attorneys for Proposed Lead Plaintiff Oklahoma Firefighters Pension and Retirement System, and Proposed Lead Counsel for the Class*

**BIENERT KATZMAN LITTRELL WILLIAMS LLP**
John L. Littrell (SBN 221601)
jlittrell@bklwlaw.com
Michael R. Williams (SBN 192222)
mwilliams@bklwlaw.com
601 W. 5th Street, Suite 720
Los Angeles, CA 90071
Telephone: (949) 369-3700
Facsimile: (949) 369-3701

*Local Counsel Oklahoma Firefighters Pension and Retirement System*

13

MPA ISO MOT. OF OKLA. FIREFIGHTERS FOR CONSOL., APP'T AS LEAD PL.,& APPROVAL OF SELECTION OF LEAD COUNSEL
CASE NO. 2:21-CV-8892-GW-PD

**PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO CENTRAL DISTRICT OF CALIFORNIA LOCAL RULES AND ECF GENERAL ORDER NO. 10-07**

I HEREBY CERTIFY that, on January 10, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered users. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 10, 2022.

                                            */s/ David R. Kaplan*
                                            David R. Kaplan

14

MPA ISO MOT. OF OKLA. FIREFIGHTERS FOR CONSOL., APP'T AS LEAD PL.,& APPROVAL OF SELECTION OF LEAD COUNSEL
CASE NO. 2:21-CV-8892-GW-PD