# EXHIBIT D

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 18-2888-GW(MRWx) | | Date | July 16, 2018 |
|---|---|---|---|---|
| Title | *Brian Barry v. Colony NorthStar, Inc., et al.* | | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |
|---|---|

| Javier Gonzalez | Katie Thibodeaux | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Tricia L. McCormick | Brittany Rogers |
| Doug Britton | Denis Jalbert |

**PROCEEDINGS:**   **PLAINTIFF IBEW 640'S MOTION FOR: (1) CONSOLIDATION OF THE RELATED ACTIONS; (2) APPOINTMENT  AS LEAD PLAINTIFF; AND (3) APPROVAL OF ITS SELECTION OF LEAD COUNSEL [16]**

Court and counsel confer. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. The Court would GRANT the Motion of TEAMSTERS 710 LOCAL PENSION FUND for appointment as lead plaintiff and approval of Robbins Geller Rudman & Dowd LLP as lead counsel. Order to issue. Plaintiff will have until August 17, 2018 to file an amended complaint.

| | : | 04 |
|---|---|---|
| Initials of Preparer | JG | |

***Barry v. Colony Northstar, Inc., et al.***; Case No. 2:18-cv-2888-GW-(MRWx)
Tentative Ruling on Motion for Appointment as Lead Plaintiff and Approval of Selection of
Lead Counsel

## I. Background

On April 6, 2018, Brian Barry ("Plaintiff"), a shareholder of Colony Northstar, Inc. ("Colony"), filed suit individually and on behalf of all other persons similarly situated against Colony, Richard B. Saltzman, Darren J. Tangen, Neale Redington, and David T. Hamamoto (collectively, "Defendants").[1]  *See generally* Class Action Complaint for Violations of the Federal Securities Laws ("*Barry* Complaint"), Docket No. 1.  Plaintiff alleges Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as well as SEC Rule 10b-5 promulgated thereunder, by deliberately or knowingly disseminating materially false and misleading statements from February 28, 2017 to March 1, 2018 (the "Class Period").  *Id.* ¶¶ 1, 57-72.  Plaintiff alleges that as a result of these materially false and misleading statements, shareholders who purchased Colony's shares during the Class Period did so at an artificially inflated market price, and that the market price sharply declined upon revelation that Colony's prior statements were inaccurate.  *Id.* ¶¶ 40-41, 59-60, 63-65.  Plaintiff seeks to pursue his claims as a class action and recover compensatory damages from Defendants on behalf of the purported class.  *See generally id.*

Two related cases were filed by other plaintiffs, raising similar claims: *Klein v. Colony Northstar, Inc., et al.* and *IBEW Local No. 640 and Arizona Chapter NECA Pension Trust Fund v. Colony Northstar, Inc., et al.*  *See respectively* Class Action Complaint for Violation of the Federal Securities Laws ("*Klein* Complaint"), 2:18-cv-3520-GW-(MRWx), Docket No. 1; Class Action Complaint for Violations of the Federal Securities Laws ("*IBEW* Complaint"), 2:18-cv-4954-GW-(RAOx), Docket No. 1.[2]  Both of these related cases were later voluntarily dismissed. Notice of Voluntary Dismissal ("*Klein* Dismissal"), 2:18-cv-3520-GW-(MRWx), Docket No. 17; Notice of Voluntary Dismissal ("*IBEW* Dismissal"), 2:18-cv-4954-GW-(RAOx), Docket No. 23. Therefore, although one motion before the Court includes arguments favoring the consolidation of these cases, a decision on consolidation is no longer necessary because *Barry v. Colony Northstar, Inc., et al.* is the only remaining case.

---

[1] Saltzman, Tangen, Redington, and Hamamoto served as officers of Colony.  *See Barry* Complaint ¶¶ 8-13.
[2] IBEW proposed a broader Class Period of January 10, 2017 through March 1, 2018.  *IBEW* Complaint at 2.

1

After the *Barry* Complaint was filed, five members of the purported class filed motions to be appointed lead plaintiff and for approval of counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a), *et seq*. Two of the motions – filed by the Carlisle and Betz Trust Investor Group, and by Jack Cox, Kenneth Haley, and Georgios Papadopoulos – were later withdrawn. *See generally* Notice of Withdrawal of Motion of the Carlisle and Betz Investor Group, Docket No. 27; Notice of Withdrawal of Lead Plaintiff Motion, Docket No. 28. The motions remaining before the Court are those of plaintiffs Debra K. Cusson ("Cusson"), International Brotherhood of Electrical Workers Local 640 ("IBEW"), and the Teamsters Local 710 Pension Fund (the "Pension Fund"). *See* Motion of Dolores K. Cusson for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Cusson Motion"), Docket No. 9; Motion of Plaintiff IBEW for Appointment as Lead Plaintiff and Approval of its Selection of Lead Counsel ("IBEW Motion"), Docket No. 16; Motion for Appointment as Lead Plaintiff and Approval of Plaintiff's Selection of Lead Counsel ("Pension Fund Motion"), Docket No. 24. Both IBEW and Cusson subsequently conceded that neither has asserted the largest financial interest in this action. *See generally* Notice of Movant IBEW 640 Regarding its Motion for Appointment as Lead Plaintiff ("IBEW Non-Opp'n"), Docket No. 31; Notice of Non-Opposition of Dolores K. Cusson ("Cusson Non-Opp'n"), Docket No. 32. However, neither party actually withdrew its motion. The Court therefore must render a decision as to which of the three movants shall be appointed lead plaintiff and to approve that plaintiff's selection of lead counsel.

## II. Legal Standard

Under Section 78u-4(a) of the PSLRA, a class member is required to meet three criteria to be appointed lead plaintiff in a securities litigation. 15 U.S.C. § 78u-4(a)(3)(B). First, the member must have either filed the complaint or a motion with the court to be appointed lead plaintiff no later than 60 days after the date on which the notice of the class action was published. *Id.* § 78u-4(a)(3)(B)(i), (iii)(I)(aa). Second, the member must, "in the determination of the court," have "the largest financial interest in the relief sought by the class." *Id.* § 78u-4(a)(3)(B)(iii)(I)(bb). Third, the member must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* § 78u-4(a)(3)(B)(iii)(I)(cc). If a party meets these three criteria, there is a "rebuttable presumption" that said party is the "most adequate plaintiff" to represent the class. *Id.* § 78u-4(a)(3)(B)(iii). Accordingly, the member will be appointed lead

2

plaintiff unless another class member proves that the presumptive lead plaintiff either "will not fairly and adequately represent the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *See id.* § 78u-4(a)(3)(B)(iii)(II).

The Ninth Circuit has construed this analysis as a "three-step process" in which the first step is determining whether there was proper publication of "the pendency of the action, the claims made and the purported class period," and whether the movant seeking appointment as lead plaintiff filed its motion within the requisite 60-day period after that publication. *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002); *see also* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). The second step identifies the "presumptively most adequate plaintiff" by determining who "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." *Cavanaugh*, 306 F.3d at 729-30 (citations omitted). The Rule 23 analysis focuses on the criteria of "typicality" and "adequacy." *Id.* at 730. Further, in assessing whether a plaintiff satisfies the typicality and adequacy requirements, courts should only consider that particular plaintiff's characteristics; a court's belief that "another plaintiff may be 'more typical' or 'more adequate' is of no consequence," so long as the plaintiff with the largest financial stake can minimally meet both Rule 23 requirements. *Id.* at 732. The third step in the analysis is to "give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Id.* at 730 (citation omitted). If the movant with the largest financial stake is shown not to satisfy the typicality or adequacy criteria, the movant with the next largest financial stake becomes the presumptive lead plaintiff, and that presumption may then be rebutted by other plaintiffs. *Id.* at 731.

Finally, the PLSRA mandates that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. §78u-4(a)(3)(B)(v). As long as the lead plaintiff's choice of lead counsel is "reasonable," the district court "should generally defer to that choice." *In re Cohen v. United States Dist. Court for the N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009).

## III. Discussion

### A. Notice

The first step in selecting a lead plaintiff under 15 U.S.C. § 78u-4(a)(3) is ensuring that "the pendency of the action, the claims made and the purported class period" have been appropriately publicized. *Cavanaugh*, 306 F.3d at 729. "The first plaintiff to file an action

3

covered by the [PSLRA] must post this notice in a widely circulated national business-oriented publication or wire service," and "also must state that any member of the purported class may move the court to serve as lead plaintiff." *Id.* (internal quotations omitted).  Such notice must be published "[n]ot later than 20 days after the date on which the complaint is filed," and any members of the purported class seeking to be appointed lead plaintiff must file their motion with the court "not later than 60 days after the date on which notice is published."  15 U.S.C. § 78u-4(a)(3)(A).

Here, Plaintiff Barry published notice of pendency of the action via *Business Wire* on April 6, 2018.  *See* IBEW Motion at 6; Pension Fund Motion at 6; Cusson Motion at 7. Furthermore, because this notice was published within 20 days of the filing of the *Barry* Complaint (also on April 6, 2018), no movant disputes that the notice was "timely."  *See* IBEW Motion at 5; Pension Fund Motion at 5; Cusson Motion at 4.  Finally, all movants are members of the purported class who moved for appointment as lead plaintiff on June 5, 2018, within the requisite 60-day period after the publication of the notice.  *See* IBEW Motion; Pension Fund Motion; Cusson Motion.  Therefore, the Court would find that "the pendency of the action, the claims made and the purported class period" were appropriately publicized.  *See Cavanaugh*, 306 F.3d at 729.  Additionally, all three movants filed within the time specified by statute.  15 U.S.C. § 78u-4(a)(3)(A).

B. Largest Financial Stake

"Neither the PSLRA nor the Ninth Circuit have established a definitive methodology to determine which moving plaintiff has the largest financial interest in the relief sought," *McGee v. Am. Oriental Bioengineering, Inc.*, Case No. 12-cv-5476-SVW, 2012 U.S. Dist. LEXIS 196011, at *8-9 (C.D. Cal. Oct. 16, 2012), and the Ninth Circuit has suggested that it be left to the district courts to "select accounting methods that are both rational and consistently applied," *Cavanaugh*, 306 F.3d at 730, n.4.  District courts typically consider the following factors to determine who has the largest financial interest: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  *See, e.g., Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (citation omitted).  Additionally, district courts in the Ninth Circuit tend to "consider the fourth factor, the approximate losses suffered, as most definitive in identifying the plaintiff with the largest

financial loss." *Id.* at 1163-64 (citing *Richardson v. TVIA, Inc.*, Case Nos. 06-cv-6304-RMW, 06-cv-7307-RMW, 2007 U.S. Dist. LEXIS 28406, at *13-14 (N.D. Cal. Apr. 16, 2007)) (internal quotations omitted); *see also McGee*, 2012 U.S. Dist. LEXIS 196011 at *9 (explaining that courts "have generally attached the greatest weight to the fourth factor").

Here, it is clear that the Pension Fund's financial interest is greater than IBEW's or Cusson's interests under all four factors: (1) the Pension Fund purchased the greatest number of shares during the class period; (2) the Pension Fund purchased the greatest number of net shares during the class period; (3) the Pension Fund expended the greatest total net funds during the class period; and (4) the Pension Fund suffered the greatest financial loss as a result of the alleged misrepresentations.  *See generally* Declaration of Pension Fund Counsel Tricia McCormick ("McCormick Decl."), Ex. C at 3, Docket No. 25-3; *see also* Memorandum in Opposition to Competing Lead Plaintiff Motions ("Pension Fund Opp'n"), Docket No. 33, at 2-5.  Both IBEW and Cusson have acknowledged this reality, and have accordingly conceded that they do not have the largest financial interest in this litigation for purposes of identifying the presumptive lead plaintiff.  *See generally* IBEW Non-Opp'n; Cusson Non-Opp'n.  Moreover, the Pension Fund points out that the result is the same regardless of whether the "first in, first out" ("FIFO") method of accounting or "last in, first out" ("LIFO") method is used to calculate financial losses, and that the same would be true regardless of whether the Court considers the narrower Class Period specified in the *Barry* Complaint, or the broader time period proposed by IBEW in the suit it filed and subsequently dismissed.  *See* Pension Fund Opp'n at 2-5.[3]

Therefore, the Court would find that the Pension Fund claims the largest financial stake in this action.  Accordingly, the following analyses for "typicality" and "adequacy" focus solely on the characteristics of the Pension Fund, without concern for whether IBEW or Cusson are "more typical" or "more adequate."  *See Cavanaugh*, 306 F.3d at 732.

C. Typicality Under Rule 23

The Rule 23 requirement of "typicality" is considered a "permissive standard," requiring only that the plaintiff's claims are "reasonably co-extensive with those of [other] class members; they need not be substantially identical."  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th

---

[3] Specific figures and comparisons are omitted given IBEW and Cusson's concessions that the Pension Fund has the greatest financial interest in this suit.  For general reference, the Pension Fund alleges that under the Class Period proposed in the *Barry* Complaint, it lost $706,683 using FIFO accounting or $681,458 using LIFO accounting. Pension Fund Opp'n at 4.  The next greatest loss alleged belongs to Cusson, who lost $320,756 or $310,256, respectively, using FIFO and LIFO accounting methods.  *See id.*; *see also* Cusson Motion.

Cir. 1998).  Courts in the Ninth Circuit have held that, when assessing a plaintiff's typicality, "a wide-ranging analysis . . . is not appropriate to determine whether a presumptive lead [plaintiff] has made a prima facie showing that it that satisfies the requirement[]" of typicality.  *Romero v. Growlife, Inc.*, Case No. 14-cv-3015-CAS, 2014 U.S. Dist. LEXIS 102875, at *7 (C.D. Cal. July 23, 2014) (citing *Puente v. Chinacast Educ. Corp.*, Case No. 12-cv-4621-JFW, 2012 U.S. Dist. LEXIS 123345, at *3 (C.D. Cal. Aug. 22, 2012)) (internal quotations omitted).

Here, the Pension Fund purchased Defendant's stock at prices that are alleged to have been artificially inflated by "false and misleading representations."  Pension Fund Motion at 4. Further, the Pension Fund complains of a resulting financial injury and seeks monetary damages against Defendants.  *Id.* at 4, 7.  Thus the Pension Fund's factual allegations, legal claims, and relief sought are all reasonably co-extensive with those of the other members of the purported class and none of the other plaintiffs have made contrary assertions.  Therefore, the Court would find that the Pension Fund is sufficiently typical to meet the Rule 23 typicality requirement.

D. Adequacy Under Rule 23

The Ninth Circuit determines whether a plaintiff meets the Rule 23 requirement of "adequacy" using two criteria: (1) whether the presumptive lead plaintiff and their counsel "have any conflicts of interest with other class members"; and (2) whether the presumed lead plaintiff and their counsel will "prosecute the action vigorously on behalf of the class."  *Hanlon*, 150 F.3d at 1020.  The plaintiff must satisfy both of these conditions in order to be considered "adequate." *Id.*  In determining whether the plaintiff meets these conditions, courts may look to factors including "the qualifications of counsel for the [proposed] representatives, an absence of antagonism, a sharing of interests between representatives and absentees, and the unlikelihood that the suit is collusive."  *Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted).

In this case, the Pension Fund argues that it has "suffered a significant loss on its investment" in Colony's stock, and is therefore "motivated to diligently pursue the putative class's claims."  Pension Fund Motion at 7; *see also* McCormick Decl., Exs. B-C.  Based on these claims, there does not appear to be any conflict of interest between the Pension Fund and any other putative class members; rather, their interests appear well-aligned for seeking the same sort of monetary relief from Defendants.  Moreover, none of the other movants have asserted that the Pension Fund is subject to "unique defenses," or that it will somehow be under-incentivized

6

to litigate this case to the best of its ability.  *See generally* IBEW Non-Opp'n; Cusson Non-Opp'n.  Finally, the Court finds the Pension Fund's selection of Robbins Geller Rudman & Dowd LLP as lead counsel to be reasonable in light of the firm's declared expertise in "complex securities litigation" in California and across the country.  McCormick Decl. Ex. D; *see also Karam v. Corinthian Colleges, Inc.*, Case No. 10-cv-6523-GHK, 2011 U.S. Dist. LEXIS 157041, at *2 (C.D. Cal. Mar. 30, 2011) (appointing Robbins Geller as lead counsel in a private securities class action lawsuit).  Therefore, the Court considers the Pension Fund to have met the adequacy requirement of Rule 23.

### E. Summation

Based on the foregoing analysis, the Court would find that the Pension Fund is the presumptive lead plaintiff.  This completes the second step of the Ninth Circuit's standard in applying 15 U.S.C. § 78u-4(a)(3).  Additionally, because the Pension Fund is "adequate" under Rule 23 in part based on the Court's opinion that its choice of lead counsel is reasonable, 15 U.S.C. §78u-4(a)(3)(B)(v) entails that if the Pension Fund is successfully appointed lead plaintiff, Robbins Geller Rudman & Dowd LLP will be appointed lead counsel.

### F. Rebuttal

The "third step" in this process is to allow other movants the opportunity to rebut the presumption that the Pension Fund be appointed lead plaintiff.  *See Cavanaugh*, 306 F.3d at 730.  Here, neither IBEW nor Cusson, nor any other plaintiff, has filed an opposition brief in response to the Pension Fund Motion.  On the contrary, as discussed previously, both IBEW and Cusson have filed notices of *non-opposition* to the Pension Fund's assertion that it is the movant with the largest financial interest, and both IBEW and Cusson also acknowledge that this concession necessitates that neither movant can be the presumptive "most adequate" plaintiff under 15 U.S.C. § 78u-4(a)(3)(B)(iii).  *See* Cusson Non-Opp'n at 2; IBEW Non-Opp'n at 3.  Therefore, the Court would find that the presumption favoring the Pension Fund is not rebutted.

## IV.  Conclusion

Based on the foregoing discussion, the Court would **GRANT** the Motion of TEAMSTERS 710 LOCAL PENSION FUND for appointment as lead plaintiff and approval of Robbins Geller Rudman & Dowd LLP as lead counsel.