POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Attorney for Movant Bruce Carraway*

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLIE BLACK, Individually and on behalf of all others similarly situated, | Case No. 2:21-cv-08892-GW-PD |
| Plaintiff, | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF BRUCE CARRAWAY FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL |
| v. | |
| SNAP INC., EVAN SPIEGEL, DEREK ANDERSEN, JEREMI GORMAN, and REBECCA MORROW, | DATE:  February 7, 2022 TIME:  8:30 a.m. JUDGE:  George H. Wu CTRM:  9D, 9th Floor |
| Defendants. | |
| JIM BUSCAGLIA, and SYNDI BUSCAGLIA, Individually and On Behalf of All Others Similarly Situated, | Case No. 2:22-cv-00175 |
| Plaintiffs, | |
| v. | |
| SNAP INC., EVAN SPIEGEL, DEREK ANDERSEN, JEREMI GORMAN, and REBECCA MORROW, | |
| Defendants. | |

## TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ................................................................................1

II.   STATEMENT OF FACTS ....................................................................................3

III.  ARGUMENT...........................................................................................................5

    A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES .........................................................................................................5

    B.    CARRAWAY SHOULD BE APPOINTED LEAD PLAINTIFF .................7

        1.    Carraway Is Willing to Serve as Class Representative........................8

        2.    Carraway Has the "Largest Financial Interest" ...................................8

        3.    Carraway Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure...........................................................9

        4.    Carraway Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses...................................12

    C.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED .........................................................................................................13

IV.   CONCLUSION.....................................................................................................14

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bao v. SolarCity Corp.*,
No. 14-cv-01435-BLF, 2014 U.S. Dist. LEXIS 111869 (N.D. Cal. Aug. 11, 2014) ...........................................................................................................10

*Bassin v. Decode Genetics, Inc.*,
230 F.R.D. 313 (S.D.N.Y. 2005) ...................................................................6

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
252 F.R.D. 188 (S.D.N.Y. 2008) ...................................................................6

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,
No. 11-CV-04003-LHK, 2012 U.S. Dist. LEXIS 2776 (N.D. Cal. Jan. 9, 2012) .............................................................................................................9

*Hessefort v. Super Micro Comput., Inc.*,
317 F. Supp. 3d 1056 (N.D. Cal. 2018) ........................................................10

*In re Comverse Technology, Inc. Securities Litigation*,
No. 06-CV-1825 (E.D.N.Y.)..........................................................................13

*In re GE Sec. Litig.*,
No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133 (S.D.N.Y. July 29, 2009) ...........................................................................................................6, 7

*In re SolarCity Corp. Sec. Litig.*,
No. 16-CV-04686-LHK, 2017 U.S. Dist. LEXIS 11553 (N.D. Cal. Jan. 25, 2017) ...........................................................................................................10

*In re Tronox, Inc. Sec. Litig.*,
262 F.R.D. 338 (S.D.N.Y. 2009) ...................................................................6

*Knox v. Yingli Green Energy Holding Co.*,
136 F. Supp. 3d 1159 (C.D. Cal. 2015) .........................................................8, 9

*Lax v. First Merchants Acceptance Corp.*,
Nos. 97 C 2715 *et al.*, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ...........................................................................................................8, 9

*Malcolm v. Nat'l Gypsum Co.*,
   995 F.2d 346 (2d Cir. 1993) ................................................................................5

*Nicolow v. Hewlett Packard Co.*,
   Nos. 12-05980 CRB *et al.*, 2013 U.S. Dist. LEXIS 29876 (N.D. Cal.
   Mar. 4, 2013).......................................................................................................9

*Osher v. Guess?, Inc.*, No. CV 01-00871 LGB (RNBx), 2001 U.S. Dist.
   LEXIS 6057 (C.D. Cal. Apr. 26, 2001) .............................................................13

*Richardson v. TVIA, Inc.*,
   No. C-06-06304 RMW, 2007 U.S. Dist. LEXIS 28406 (N.D. Cal. Apr.
   16, 2007) ............................................................................................................10

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003) .............................................................................11

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B) .................................................................................*passim*

Private Securities Litigation Reform Act of 1995 ..............................................*passim*

**Rules**

Fed. R. Civ. P. 23 ................................................................................................*passim*

Fed. R. Civ. P. 42 ..................................................................................................1, 5

Movant Bruce Carraway ("Carraway") respectfully submits this Memorandum of Law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Federal Rule of Civil Procedure 42 ("Rule 42"), for the entry of an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Carraway as Lead Plaintiff on behalf of persons or entities who purchased or otherwise acquired Snap Inc. ("Snap" or the "Company") securities between July 22, 2020 and October 21, 2021, inclusive (the "Class Period") (the "Class"); and (3) approving Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## I. PRELIMINARY STATEMENT

The Complaints in the Related Actions allege that Snap and certain of its officers defrauded investors in violation of the Exchange Act. Snap investors, including Carraway, incurred significant losses following the disclosure of the alleged fraud, which caused the prices of Snap securities to fall sharply, damaging Carraway and other Snap investors.

Consolidation is appropriate under Rule 42(a) where actions involve common questions of law or fact. Here, the Related Actions are putative class actions alleging violations of the federal securities laws by the same group of defendants arising from the

MEMORANDUM OF POINTS AND AUTHORITIES

same alleged wrongful misconduct.  As such, the Related Actions involve common questions of both law *and* fact, and consolidation is plainly warranted.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the Related Actions and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  In connection with his transactions in Snap securities during the Class Period, Carraway incurred losses of approximately $14,911.  *See* Declaration of Jennifer Pafiti in Support of Motion ("Pafiti Decl."), Exhibit ("Ex.") A.  Accordingly, Carraway believes that he has the largest financial interest in the relief sought in the Related Actions.

Beyond his considerable financial interest, Carraway also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his obligations as Lead Plaintiff and vigorously prosecute the Related Actions on behalf of the Class, Carraway has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, Carraway respectfully requests that the Court enter an order consolidating the Related Actions, appointing him as Lead Plaintiff for the Class, and approving his selection of Pomerantz as Lead Counsel for the Class.

## II.    STATEMENT OF FACTS

As alleged in the Complaint of the first-filed of the Related Actions, Snap purports to be a camera company, which offers the social media application Snapchat, an eyewear product that connects with Snapchat and captures video Spectacles, and advertising products including AR (augmented reality) and Snap ads.  The Company was formerly known as Snapchat, Inc. and changed its name to Snap Inc. in September 2016.

In June 2020, as part of an ongoing privacy push, Apple Inc. ("Apple")—which developed and maintains the popular mobile operating system, iOS, for its mobile devices (the iPhone)—publicly announced new data privacy features for iOS.  In April 2021, Apple released the new data privacy features for iOS.

Snap relies on user data for its advertising business.  Following Apple's June 2020 announcement, Snap continuously downplayed and misled investors regarding the impact of Apple's new data privacy features would have on its business.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects.  Specifically, Defendants failed to disclose to investors: (1) Apple's privacy changes would have, and were having, a material impact on the Company's advertising business; (2) Snap overstated its ability to transition its

MEMORANDUM OF POINTS AND AUTHORITIES

advertising with Apple's privacy changes; (3) Snap knew of, but downplayed, the risks of the impact that Apple's privacy changes had on the Company's advertising business; (4) Snap overstated its commitment to privacy; and (5) as a result of the foregoing, Defendants' public statements and statements to journalists were materially false and/or misleading at all relevant times.

On October 22, 2021, Snap filed its third quarter 2021 report for the period ending September 30, 2021 with the SEC on From 10-Q (the "3Q21 Report"), disclosing the Company's weaker-than-expected revenue and weaker-than-expected guidance because of its advertising business, including due to Apple's privacy changes.

Further, the 3Q21 Report disclosed the risks of heighted restrictions on the Company's access and use of user data due to Apple's privacy update materialized, stating in pertinent part:

> Furthermore, ***in April 2021 Apple issued an iOS update that imposes heightened restrictions on our access and use of user data***. Google has announced that it will implement similar changes with respect to its Android operating system and major web browsers, like Safari and Chrome, may make similar changes as well. ***These changes have adversely affected our targeting, measurement, and optimization capabilities, and in turn affected our ability to measure the effectiveness of advertisements on our services. This has resulted in, and in the future is likely to continue to result in, reduced demand and pricing for our advertising products and could seriously harm our business***. The impact of these changes on the overall mobile advertising ecosystem, our competitors, our business, and the developers, partners, and advertisers within our community is uncertain, and depending on how we, our competitors, and the overall mobile advertising ecosystem adjusts, and how our partners, advertisers, and users respond, our business could be seriously harmed. In addition, if we are unable to mitigate these and future developments, and alternative methods do not become

widely adopted by our advertisers, then our targeting, measurement, and optimization capabilities will be materially and adversely affected, which would in turn continue to negatively impact our advertising revenue. Any adverse effects could be particularly material to us because we are still early in building our advertising business. …

(Emphasis added)

On this news, Snap's stock price fell $19.97 per share, or 26%, to close at $55.14 per share on October 22, 2021, damaging investors.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Carraway and other Class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay, and overlap in adjudication: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a); *see also Manual for Complex Litigation (Third)* § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact. *See* Fed. R. Civ. P. 42(a); *Malcolm v. Nat'l Gypsum Co.*, 995

F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same).  Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation.  *See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133, at *4-8 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law ***and*** fact.  Each action was brought against the Company, as well as certain officers and directors of the Company, in connection with violations of the federal securities laws. Accordingly, the Related Actions allege substantially the same wrongdoing, namely that Defendants issued materially false and misleading statements and omissions that artificially inflated the price of Snap's securities and subsequently damaged the Class when the Company's share price crashed as the truth emerged.  Consolidation of the Related Actions is therefore appropriate.  *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on

the same statements and the defendants will not be prejudiced); *In re GE*, 2009 U.S. Dist. LEXIS 69133, at *5 ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

## B.    CARRAWAY SHOULD BE APPOINTED LEAD PLAINTIFF

Carraway should be appointed Lead Plaintiff because, to his knowledge, he has the largest financial interest in the Related Actions and otherwise meets the requirements of Rule 23. Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead plaintiffs in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Carraway satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1.   Carraway Is Willing to Serve as Class Representative

On November 11, 2021, counsel for plaintiff in the first-filed of the Related Actions caused a notice to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "Notice"), which announced that a securities class action had been filed against Defendants, and advised investors of Snap securities that they had until January 10, 2022—*i.e.*, 60 days from the date of the Notice—to file a motion to be appointed as Lead Plaintiff.  *See* Pafiti Decl., Ex. B.

Carraway has filed the instant motion pursuant to the Notice, and has attached a sworn Certification attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary.  *See* Pafiti Decl., Ex. C.  Accordingly, Carraway satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2.   Carraway Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . in the determination of the court, has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of his knowledge, Carraway has the largest financial interest of any Snap investor seeking to serve as Lead Plaintiff based on the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased; (2) the number of net shares purchased (also referred to as "retained shares"); (3) the total net funds expended; and (4) the approximate losses suffered.  Nos. 97 C 2715 *et al.*, 1997 U.S. Dist. LEXIS 11866, at *17-*18 (N.D. Ill. Aug. 6, 1997).  In accord with courts nationwide, these so-called *Lax* factors have been adopted by courts in the Ninth Circuit, including in this District.  *See, e.g.*, *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) ("District courts have

typically considered the [*Lax*] factors to determine who has the largest financial interest[.]" (internal quotation marks and citations omitted)); *Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*, 2013 U.S. Dist. LEXIS 29876, at *18 (N.D. Cal. Mar. 4, 2013) (same); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 11-CV-04003-LHK, 2012 U.S. Dist. LEXIS 2776, at *10-*11 (N.D. Cal. Jan. 9, 2012) (same).  Of the *Lax* factors, courts in this Circuit tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA. *See, e.g.*, *Knox*, 135 F. Supp. 3d. at 1163; *Nicolow*, 2013 U.S. Dist. LEXIS 29876, at *18-*19.

During the Class Period, Carraway (1) purchased 600 shares of Snap securities; (2) expended $44,819 on his purchases of Snap securities; (3) retained all of his shares of Snap securities; and (4) as a result of the disclosures of the fraud, suffered a loss of $14,911, in connection with his purchases of Snap securities.  *See* Pafiti Decl., Ex. A. Because Carraway possesses the largest financial interest in the outcome of this litigation, he may be presumed to be the "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3. Carraway Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil

Procedure."    Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient.  *See Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-01 (N.D. Cal. 2018); *Bao v. SolarCity Corp.*, No. 14-cv-01435-BLF, 2014 U.S. Dist. LEXIS 111869, at *9 (N.D. Cal. Aug. 11, 2014).  "This showing need not be as thorough as what would be required on a class certification motion and only needs to satisfy typicality and adequacy." *In re SolarCity Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 U.S. Dist. LEXIS 11553, at *13 (N.D. Cal. Jan. 25, 2017).

"The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Richardson v. TVIA, Inc.*, No. C-06-06304 RMW, 2007 U.S. Dist. LEXIS 28406, at *16 (N.D. Cal. Apr. 16, 2007) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

The claims of Carraway are typical of those of the Class. Carraway alleges, as do all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Snap, or by omitting to state material facts necessary to make the statements they did make not misleading. Carraway, as did all Class members, purchased Snap securities during the Class Period at prices artificially inflated by Defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

In determining whether the adequacy of representation requirement of Rule 23(a)(4) is met, courts in the Ninth Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members" and ask "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).

Carraway is an adequate representative for the Class. Here, Carraway has submitted a signed Certification declaring his commitment to protecting the interests of the Class. *See* Pafiti Decl., Ex. C. There is no antagonism between the interests of Carraway and those of the Class, and his significant financial interest demonstrates that

he has a sufficient interest in the outcome of this litigation that gives him an incentive to vigorously prosecute fraud claims on behalf of the Class.    Moreover, Carraway has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as these Related Actions, and submits his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Further demonstrating his adequacy, Carraway has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See* Pafiti Decl., Ex. D.

### 4.    Carraway Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Carraway as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interest of the class; or

(bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The ability and desire of Carraway to fairly and adequately represent the Class has been discussed above.  Carraway is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class.

### C.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, No. CV 01-00871 LGB (RNBx), 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Carraway has selected Pomerantz as Lead Counsel for the Class. Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors over its 80+ year history, as detailed in its firm resume. *See* Pafiti Decl., Ex. E. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *Id.* Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company. *See id.*

As a result of their extensive experience in similar litigation, Carraway's choice of counsel, Pomerantz, have the skill, knowledge, expertise, resources, and experience that will enable them to prosecute the Class's claims in this litigation effectively and expeditiously. The Court may be assured that by approving Carraway's selection of Pomerantz as Lead Counsel, the Class members will receive the best legal representation available. Thus, Carraway respectfully urges the Court to appoint Pomerantz to serve as Lead Counsel.

## IV. CONCLUSION

For the foregoing reasons, Carraway respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Carraway as Lead Plaintiff for the Class; and (3) approving Pomerantz as Lead Counsel for the Class.

Dated: January 10, 2022

POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Movant Bruce Carraway and Proposed Lead Counsel for the Class*

PORTNOY LAW FIRM
Lesley F. Portnoy, Esq.
1800 Century Park East, Suite 600
Los Angeles, California 90067
Telephone: (310) 692-8883
lesley@portnoylaw.com

*Additional counsel for Movant Bruce Carraway*

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Jennifer Pafiti*
Jennifer Pafiti