**SAXENA WHITE P.A.**
David R. Kaplan (SBN 230144)
dkaplan@saxenawhite.com
12750 High Bluff Drive, Suite 475
San Diego, CA 92130
Telephone:   (858) 997-0860
Facsimile:   (858) 369-0096

*Attorneys for Proposed Lead Plaintiff Oklahoma Firefighters Pension and Retirement System, and Proposed Lead Counsel for the Class*

*[Additional Counsel Listed on Signature Page]*

**BIENERT KATZMAN LITTRELL WILLIAMS LLP**
John L. Littrell (SBN 221601)
jlittrell@bklwlaw.com
Michael R. Williams (SBN 192222)
mwilliams@bklwlaw.com
601 W. 5th Street, Suite 720
Los Angeles, CA 90071
Telephone: (949) 369-3700
Facsimile: (949) 369-3701

*Local Counsel for Oklahoma Firefighters Pension and Retirement System*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| KELLIE BLACK, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> SNAP INC., EVAN SPIEGEL, DEREK ANDERSEN, JEREMI GORMAN, and REBECCA MORROW, <br><br> Defendants. | Case No. 2:21-cv-08892-GW-PD <br><br> <u>CLASS ACTION</u> <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL, AND IN OPPOSITION TO THE COMPETING MOTIONS** <br><br> DATE:  February 7, 2022 <br> TIME:   8:30 a.m. <br> COURTROOM: 9D – First Street Courthouse <br> JUDGE: Hon. George H. Wu |

*[Caption continued on following page]*

MPA ɪꜰꜱᴏ Mᴏᴛ. ᴏꜰ Oᴋʟᴀ. Fɪʀᴇꜰɪɢʜᴛᴇʀꜱ ꜰᴏʀ App'ᴛ
ᴀꜱ Lᴇᴀᴅ Pʟᴀɪɴᴛɪꜰꜰ & ɪɴ Opp. ᴛᴏ Cᴏᴍᴘᴇᴛɪɴɢ Mᴏᴛꜱ.
Cᴀꜱᴇ Nᴏ: 2-21-ᴄᴠ-8892-GW-PD

JIM BUSCAGLIA, and SYNDI BUSCAGLIA, Individually and on Behalf of All Others Similarly Situated,

           Plaintiff,

   vs.

SNAP INC., EVAN SPIEGEL, DEREK ANDERSEN, JEREMI GORMAN, and REBECCA MORROW,

           Defendants.

Case No. 2:22-cv-00175

MPA ifso Mot. of Okla. Firefighters for App't
as Lead Plaintiff & in Opp. to Competing Mots.
Case No: 2-21-cv-8892-GW-PD

i

Oklahoma Firefighters[1] respectfully submits this response in further support of its motion for appointment as Lead Plaintiff (ECF No. 28) and in opposition to the four remaining competing motions filed by: (1) Bradley Schiller individually and as trustee for the Schiller Family Rev Living Trust UA 02/02/2007 ("Schiller") (ECF No. 17); (2) Mouhcine Mouhieddine ("Mouhieddine") (ECF No. 14); (3) Jim Buscaglia and Syndi Buscaglia ("Buscaglia") (ECF No. 19); and (4) Bruce Carraway ("Carraway") (ECF No. 33).[2]

## I.   PRELIMINARY STATEMENT

Oklahoma Firefighters has the largest financial interest of any movant in the Action, is the presumptive "most adequate plaintiff" pursuant to the PSLRA, and should be appointed as the Lead Plaintiff. Indeed, Oklahoma Firefighters incurred a loss on its Class Period purchases of Snap common stock of over ***$1.2 million***— larger than the losses of all of the remaining competing movants ***combined***. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) (explaining that "the presumptive lead plaintiff" is "the [movant] who 'has the largest financial interest in the relief sought by the class'"). Moreover, as an institutional investor that oversees more than $3 billion in assets and has a track record of successfully prosecuting securities class actions, Oklahoma Firefighters not only satisfies Rule 23's typicality and adequacy requirements, but is precisely the kind of committed and experienced institutional investor that Congress envisioned when it enacted the PSLRA. *See id.* at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, [plaintiff] is entitled to lead plaintiff status[.]").

Because Oklahoma Firefighters has the largest financial interest in the litigation and has made the requisite preliminary showing of its typicality and

---

[1] Unless otherwise noted, all capitalized but undefined terms have the meanings ascribed in the Oklahoma Firefighters' opening brief (ECF No. 30), all emphasis to quotations is added, and all citations are omitted.

[2] ES Trust and Goverdhan Kurri, both of which claimed smaller losses than Oklahoma Firefighters, have each withdrawn their motions for Lead Plaintiff appointment. *See* ECF Nos. 37 and 38. Mouhieddine has filed a notice of non-opposition to the remaining lead plaintiff motions. *See* ECF No. 39.

MPA IFSO MOT. OF OKLA. FIREFIGHTERS FOR APP'T AS LEAD PLAINTIFF & IN OPP. TO COMPETING MOTS. CASE NO: 2-21-cv-8892-GW-PD

1

adequacy, it is entitled to a strong presumption that it is the most adequate plaintiff. Once this presumption is triggered, it can only be rebutted upon "***proof***" that the presumptive Lead Plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see Cavanaugh*, 306 F.3d at 732 (finding presumption triggered even if the district court believes another movant may be "more typical, [] more adequate … [or] would do a better job"). No such "proof" exists here, and there are no grounds whatsoever to challenge Oklahoma Firefighters' typicality or adequacy.

Thus, the Court's analysis of which movant to appoint as Lead Plaintiff begins and ends with Oklahoma Firefighters. Oklahoma Firefighters respectfully requests that the Court appoint Oklahoma Firefighters as Lead Plaintiff and otherwise grant its motion.

## II.   ARGUMENT

The PSLRA directs the Court to appoint as Lead Plaintiff the "most adequate plaintiff," which is the movant that is "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA sets forth a presumption that the most adequate plaintiff is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see Cavanaugh*, 306 at 729-730 (explaining that the court must "select[] as the 'presumptively most adequate plaintiff . . . the one who has the largest interest in the relief sought by the class and that otherwise satisfies the requirements of Rule 23").

Once a movant demonstrates that it has "the largest financial interest" and the strong presumption is triggered, the showing can only be rebutted upon "proof" that the presumptive Lead Plaintiff will not fairly represent the interests of the class. *See id.* at 729 n.2 ("That the presumption is rebuttable does not mean that it may be set aside for any reason that the court may deem sufficient. Rather, the statute provides that the presumption 'may be rebutted only upon proof.'"). In assessing whether the

presumption is rebutted, the PSLRA does not call for the "examin[ation of] the relative merits of plaintiffs seeking lead status on a round-robin basis." *Id.* at 732. Rather, "the statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical." *Id.*; *see Vancouver Alumni Asset Holdings, Inc. v. Daimler AG*, No. 16-cv-02942 SJO (KSx), 2016 WL 10646304, at *2-3 (C.D. Cal. July 20, 2016) (applying the PSLRA's sequential process and appointing as lead plaintiff an institutional investor with the largest losses of all movants).

Unquestionably, the most adequate plaintiff here is Oklahoma Firefighters.

### A.    Oklahoma Firefighters Has the Largest Financial Interest

Oklahoma Firefighters has the largest financial interest in the relief sought by the Class by a wide margin. Courts in this District and throughout the nation consider the following four factors when identifying which movant has the largest financial interest: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *Barry v. Colony NorthStar, Inc.*, No. 18-cv-2888-GW (MRWx), ECF No. 43, slip op. at 4 (C.D. Cal. July 16, 2018) (Wu, J.);[3] *see Loftus v. Primero Mining Corp.*, No. 16-cv-01034-BRO (RAOx), 2016 WL 11741138, at *4 (C.D. Cal. May 12, 2016) (same).

In evaluating these four financial interest factors, courts overwhelmingly place the greatest emphasis on the last factor—the movant's approximate loss. *See City of Grand Rapids General Retirement System v. Bayer Aktiengesellschaft*, No. 20-cv-04737-RS, 2020 WL 6255412, at *1 (N.D. Cal. Oct. 21, 2020) ("[T]he most important of [the four factors] is the approximate losses suffered during the class period."); *Colony NorthStar*, slip op. at 4-5 (explaining that approximate loss is the "definitive" factor in determining the movant with the largest financial interest);

---

[3] Attached as Exhibit D to Kaplan Decl., ECF No. 31-4.

MPA IFSO MOT. OF OKLA. FIREFIGHTERS FOR APP'T
AS LEAD PLAINTIFF & IN OPP. TO COMPETING MOTS.
CASE NO: 2-21-CV-8892-GW-PD

*Daimler*, 2016 WL 10646304, at \*2 ("approximate loss suffered is considered the most important or best measure for determining who has the largest financial interest"). Indeed, in *Cavanaugh*, the Ninth Circuit equated a movant's "losses" with its "financial stake" in the litigation. *See* 306 F.3d at 729-32 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status . . . .").

Courts also carefully assess a movant's "net shares purchased" and "net funds expended" because such factors shed light on whether the movant will be able to establish that it was damaged by the alleged fraud. *See Ferreira v. Funko, Inc.*, No. 2:20-cv-02319-VAP-PJWx, 2020 WL 3246328, at \*7 (C.D. Cal. June 11, 2020) (rejecting motion of applicant who sold more shares than it purchased because such a net seller's "losses may have been significantly lower than [claimed]" and noting concern that it may have profited from the alleged fraud due to sales at artificially inflated prices); *Perlmutter v. Intuitive Surgical, Inc.*, No. 10-cv-03451 LHK, 2011 WL 566814, at \*8 (N.D. Cal. Feb. 15, 2011) (explaining that investors who purchase more shares than they sell have a strong financial interest in the action because they were "induced by the fraud to purchase shares and [have] been left 'holding the bag' when the fraud was eventually revealed," as compared to net sellers, who "profit[ ] more from the fraud than suffer[ ] from it").

In contrast, a movant's gross shares purchased is regarded as the least important factor. *See Intuitive Surgical*, 2011 WL 566814, at \*8-9 (noting that movant's purchase of the most total shares by far was less important than movant's net shares purchased and net expenditures during the class period); *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 476 (S.D.N.Y. 2011) (explaining that the four factors are listed in ascending order of importance, "so that the number of shares purchased (Factor 1) is the least important and the loss suffered (Factor 4) is the most important").

Here, Oklahoma Fire has a substantially larger financial interest than all competing movants under the most important factor, losses suffered, as well as the meaningful factors of net shares purchased and net funds expended.  Specifically, as set forth in the chart below, Oklahoma Firefighters purchased more net shares of Snap common stock and expended more in net funds than any other movant, incurring a significantly larger loss than any other movant.  Under the most important factor, Oklahoma Firefighters suffered a loss that is over ***four hundred thousand dollars*** greater than that claimed by the next largest movant, Schiller.  Indeed, Oklahoma Firefighters' loss is greater than that of ***all of the remaining competing movants combined***.  *See Daimler*, 2016 WL 10646304, at *3 (appointing as lead plaintiff public pension fund that claimed the largest loss).

| MOVANT | TOTAL SHARES PURCHASED | NET SHARES PURCHASED | NET FUNDS EXPENDED/ (RECEIVED) | ASSERTED LOSS |
|---|---|---|---|---|
| **Oklahoma Firefighters** | **81,247** | **77,973** | **$5,257,097** | **$1,229,107** |
| Schiller | 124,730 | 28,055 | $2,001,261 | $772,118 |
| Mouhieddine | 11,393 | 11,393 | $885,997 | $319,914 |
| Buscaglia[4] | n/a | n/a | ($13,800) | $108,289 |
| Carraway | 600 | 600 | $44,819 | $14,911 |

Indeed, the only factor in which Oklahoma Firefighters does not far surpass all competing movants, total shares purchased, is widely considered to be "the least

---

[4] Buscaglia transacted exclusively in uncovered Snap put options during the Class Period, selling 75 put options on the last day of the Class Period and receiving $13,800 in proceeds for those sales.  After Snap's stock price declined on October 22, 2021, Buscaglia was forced to purchase 7,500 shares on October 29, 2021 at $70 per share to cover his put options contracts, which shares he subsequently sold on November 19, 2021 for a relatively small loss less than one-tenth the size of Oklahoma Firefighters' loss.

important factor." *Richman*, 274 F.R.D. at 476 (S.D.N.Y. 2011); *see also Bowers v. Tesaro Inc.*, No. 18-cv-10086, 2018 WL 2089358, at *1 (D. Mass. May 4, 2018) (finding that a movant's greater purchase of total shares "[did] not outweigh the other factors favoring [a competing movant]"). Indeed, total shares purchased is often disregarded by courts because it sheds little or no light on a movant's actual financial interest in the litigation. *See Ark. Teacher Ret. Sys. v. Insulet Corp.*, 177 F. Supp. 3d 618, 622 (D. Mass. 2016) (appointing a movant with the largest loss, net shares purchased, and net funds expended, and explaining that an alternate movant who purchased more total shares also sold more shares at less of a loss and "would recover less in this action if it is successful"); *McKenna v. Dick's Sporting Goods, Inc.*, No. 17-cv-3680, 2018 WL 1083971, at *4 (S.D.N.Y. Feb. 27, 2018) (appointing institutional investor with the largest loss, net shares purchased, and net funds expended over competing movant who purchased more total shares).

Moreover, virtually all of Oklahoma Firefighters' loss was incurred on shares held through the corrective disclosure on October 22, 2021, confirming a strong causal connection between its loss and the alleged fraud. *See Dura Pharm. Inc. v. Broudo*, 544 U.S. 336 (2005); Kaplan Decl., Ex. B, ECF No. 31-2; *see also* ECF No. 17-1 at 7 (Schiller's opening brief arguing for evaluation of movants' losses in accordance with loss causation principles set forth in *Dura*).

Accordingly, Oklahoma Firefighters "has the largest financial interest in the relief sought by the class" and is the presumptively "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### B.    Oklahoma Firefighters Satisfies Rule 23's Typicality and Adequacy Requirements

In addition to possessing the largest financial interest in the relief sought by the Class, Oklahoma Firefighters also satisfies the typicality and adequacy requirements of Rule 23. Oklahoma Firefighters' claims are typical of the Class's claims because Oklahoma Firefighters seeks the same relief and advances the same

legal theories as the Class. *See Daimler*, 2016 WL 10646304, at *3 (finding typicality requirement satisfied when claims "arise[] from the same event or course of conduct that gives rise to the claims of other class members" and are "based on the same legal theory"). Oklahoma Firefighters likewise will adequately represent the Class because its claims and interests are perfectly aligned with those of the Class, and there is no conflict between Oklahoma Firefighters' interests and those of the absent Class members. *See Kauffman v. Nat. Health Trends Corp.*, No. 19-cv-163-MWF (JPRx), 2019 WL 12361300, at *3 (C.D. Cal. May 3, 2019) (finding the adequacy element satisfied when a "[m]ovant's interests are . . . in line with those of other class members" and a movant has the largest financial stake in the litigation, which ensures "vigorous[] represent[ation]").

As a sophisticated institutional investor with the resources and experience necessary to oversee and monitor counsel and control the litigation, Oklahoma Firefighters is the quintessential Lead Plaintiff under the PSLRA. *See Koffsmon v. Green Dot Corp.*, No. 19-cv-10701 DDP (Ex), 2021 WL 3473975 at *3 (C.D. Cal. Aug. 6, 2021) ("Courts have indeed recognized that, in enacting the PSLRA, Congress unequivocally expressed its preference for securities fraud litigation to be directed by large institutional investors."); *Hufnagle v. Rino Int'l Corp.*, No. 10-cv-8695-VBF (VBKx), 2011 WL 710676, at *1 (C.D. Cal. Feb. 16, 2011) ("the PSLRA's legislative history expressed a preference for . . . institutional investors"). The other movants, by contrast, are not institutional investors and thus not the sort of lead plaintiff preferred by Congress and the PSLRA.

Oklahoma Firefighters also has demonstrated its adequacy by selecting Saxena White to serve as Lead Counsel for the Class. *See Nat. Health Trends*, 2019 WL 12361300, at *3 (considering whether movant's chosen counsel is capable and qualified). As detailed in Oklahoma Firefighters' opening brief, Saxena White is among the preeminent securities class action law firms in the nation, with years of experience successfully litigating complex securities class actions nationwide. *See*

MPA ifso Mot. of Okla. Firefighters for App't
as Lead Plaintiff & in Opp. to Competing Mots.
Case No: 2-21-cv-8892-GW-PD

ECF No. 30 at 10-12. Also, as a federally certified woman- and minority-owned firm specializing in representing institutional investors as plaintiffs in securities litigation, Saxena White is committed to diversity, which will allow the Firm to "reflect the diversity of the proposed national class." *In re Robinhood Outage Litig.*, No. 20-cv-01626, 2020 WL 7330596, at *2 (N.D. Cal. July 14, 2020).

Accordingly, because Oklahoma Firefighters has the largest financial interest in the relief sought by the Class and otherwise satisfies Rule 23, the Court should appoint Oklahoma Firefighters as Lead Plaintiff. *See Colony NorthStar*, slip op. at 4-5 (appointing a pension fund as lead plaintiff because it "claim[ed] the largest financial stake" and satisfied the typicality and adequacy requirements).

## C.   The Competing Motions Should Be Denied

Because Oklahoma Firefighters has the largest financial interest in the Action and otherwise satisfies the requirements of Rule 23, the Court need not consider the remaining competing motions, and those motions should be denied. *See Cavanaugh*, 306 F.3d at 732 (describing the sequential procedure for selecting the lead plaintiff).

## III.   CONCLUSION

For the reasons stated herein and in its opening brief, Oklahoma Firefighters respectfully requests that this Court: (1) consolidate the above-captioned, related actions;[5] (2) appoint Oklahoma Firefighters as Lead Plaintiff; and (3) approve its selection of Saxena White to serve as Lead Counsel for the Class.

Dated: January 18, 2022                    Respectfully submitted,

                                           */s/ David R. Kaplan*
                                           **SAXENA WHITE P.A.**
                                           David R Kaplan (SBN 230144)
                                           dkaplan@saxenawhite.com
                                           12750 High Bluff Drive, Suite 475
                                           San Diego, CA 92130
                                           Telephone: (858) 997-0860
                                           Facsimile: (858) 369-0096

---

[5] All movants request consolidation of the above-captioned actions.

8

MPA ifso Mot. of Okla. Firefighters for App't
as Lead Plaintiff & in Opp. to Competing Mots.
Case No: 2-21-cv-8892-GW-PD

Maya Saxena
Joseph E. White III
Lester R. Hooker (SBN 241590)
msaxena@saxenawhite.com
jwhite@saxenawhite.com
lhooker@saxenawhite.com
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Telephone: (561) 394-3399
Facsimile: (561) 394-3382

Steven B. Singer
Marisa N. DeMato
ssinger@saxenawhite.com
mdemato@saxenawhite.com
10 Bank Street, 8th Floor
White Plains, NY 10606
Telephone: (914) 437-8551
Facsimile: (888) 216-2220

*Attorneys for Proposed Lead Plaintiff
Oklahoma Firefighters Pension and
Retirement System, and
Proposed Lead Counsel for the Class*

**BIENERT KATZMAN LITTRELL
WILLIAMS LLP**
John L. Littrell (SBN 221601)
jlittrell@bklwlaw.com
Michael R. Williams (SBN 192222)
mwilliams@bklwlaw.com
601 W. 5th Street, Suite 720
Los Angeles, CA 90071
Telephone: (949) 369-3700
Facsimile: (949) 369-3701

*Local Counsel for Oklahoma Firefighters
Pension and Retirement System*

MPA ɪғso Mot. of Okla. Firefighters for App't
as Lead Plaintiff & in Opp. to Competing Mots.
Case No: 2-21-cv-8892-GW-PD

**PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO CENTRAL DISTRICT OF CALIFORNIA LOCAL RULES AND ECF GENERAL ORDER NO. 10-07**

I HEREBY CERTIFY that, on January 18, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered users. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 18, 2022.

*/s/ David R. Kaplan*
David R. Kaplan

MPA IFSO MOT. OF OKLA. FIREFIGHTERS FOR APP'T AS LEAD PLAINTIFF & IN OPP. TO COMPETING MOTS. CASE NO: 2-21-CV-8892-GW-PD