Daniel J. Kramer (*admitted pro hac vice*)
Audra J. Soloway (*admitted pro hac vice*)
Daniel S. Sinnreich (*admitted pro hac vice*)
Kristina A. Bunting (*admitted pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, New York 10019
Tel:     (212) 373-3000
Fax:     (212) 757-3990
Email: dkramer@paulweiss.com
Email: asoloway@paulweiss.com
Email: dsinnreich@paulweiss.com
Email: kbunting@paulweiss.com

EKWAN E. RHOW (SBN 174604)
AHARON B. KASLOW (SBN 322769)
**BIRD, MARELLA, BOXER, WOLPERT, NEISSIM, DROOKS, LINCENBERG & RHOW P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067-2561
Tel:     (310) 201-2100
Fax:     (310) 201-2110
Email: erhow@birdmarella.com
Email: akaslow@birdmarella.com

*Attorneys for Snap Inc., Evan Spiegel, and Jeremi Gorman*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| KELLIE BLACK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>- against -<br><br>SNAP INC., EVAN SPIEGEL and JEREMI GORMAN,<br><br>Defendants. | No. 2:21-cv-08892-GW(RAOx)<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE**<br><br>[Filed Concurrently with Notice of Motion and Motion to Dismiss, Declaration of Kristina A. Bunting in Support of Defendants' Motion to Dismiss and Exhibits attached thereto, and [Proposed] Order]<br><br>Date:    August 4, 2022<br>Time:    8:30 AM<br>Crtrm.: 9D<br>Assigned to Hon. George H. Wu |

# **TABLE OF CONTENTS**

**Page**

I.    Introduction ........................................................................................................... 1

II.    Documents Submitted .......................................................................................... 1

III.    Legal Standards .................................................................................................... 5

IV.    Argument ............................................................................................................... 6

    A.    All Exhibits Are Appropriate for Judicial Notice ................................... 6

    B.    Exhibits 1, 2, 4, 5, 6, 11, 13, 14, 15, 17, 18, 19, 21, and

    22 Are "Incorporated by Reference" in the Complaint ..................... 11

V.    Conclusion ........................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Am. Apparel, Inc. S'holder Litig.*,
855 F. Supp. 2d 1043 (C.D. Cal. 2012)..................................................5, 6, 7

*Ardolino* v. *Mannkind Corp.*,
2016 WL 4505172 (C.D. Cal. Aug. 23, 2016) ..............................................7

*C.B.* v. *Moreno Valley*,
544 F. Supp. 3d 973 (C.D. Cal. 2021) ........................................................6

*In re Century Aluminum Sec. Litig.*,
2011 WL 830174 (N.D. Cal. Mar. 3, 2011), *aff'd*, 704 F.3d 1119
(9th Cir. 2013)...........................................................................................10

*Colyer* v. *Acelrx Pharms.*,
2015 WL 7566809 (N.D. Cal. Nov. 25, 2015)..............................................8

*In re Copper Mountain Sec. Litig.*,
311 F. Supp. 2d 857 (N.D. Cal. 2004) ........................................................10

*Daniels-Hall* v. *Nat'l Educ. Ass'n*,
629 F.3d 992 (9th Cir. 2010)......................................................................6

*Davis* v. *HSBC Bank Nevada, N.A.*,
691 F.3d 1152 (9th Cir. 2012).....................................................................6

*Diaz* v. *N. Dynasty Minerals Ltd.*,
2019 WL 1873291 (C.D. Cal. Feb. 22, 2019)..............................................5

*Dreiling* v. *Am. Express Co.*,
458 F.3d 942 (9th Cir. 2006).......................................................................6

*In re Eventbrite, Inc. Sec. Litig.*,
2020 WL 2042078 (N.D. Cal. Apr. 28, 2020)..............................................8

*In re Facebook, Inc., Sec. Litig.*,
405 F. Supp. 3d 809 (N.D. Cal. 2019) ........................................................10

*In re Facebook, Inc. Sec. Litig.*,
477 F. Supp. 3d 980 (N.D. Cal. 2020) ........................................................7

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE

*In re Farfetch Ltd. Sec. Litig.*,
  2021 WL 4461264 (S.D.N.Y. Sept. 29, 2021).............................................9

*Fecht* v. *Price Co.*,
  70 F.3d 1078 (9th Cir. 1995)...............................................................10

*Gammel* v. *Hewlett-Packard Co.*,
  905 F. Supp. 2d 1052 (C.D. Cal. 2012)....................................................12

*George* v. *China Auto. Sys., Inc.*,
  2012 WL 3205062 (S.D.N.Y. Aug. 8, 2012)................................................9

*Golub* v. *Gigamon Inc.*,
  2019 WL 4168948 (N.D. Cal. Sept. 3, 2019)................................................8

*In re Hansen Nat. Corp. Sec. Litig.*,
  527 F. Supp. 2d 1142 (C.D. Cal. 2007).....................................................7

*Heliotrope Gen., Inc.* v. *Ford Motor Co.*,
  189 F.3d 971 (9th Cir. 1999)................................................................5

*Hopson* v. *MetroPCS Commc'ns, Inc.*,
  2011 WL 1119727 (N.D. Tex. Mar. 25, 2011)..............................................9

*In re Intel Corp. Sec. Litig.*,
  2019 WL 1427660 (N.D. Cal. Mar. 29, 2019)..............................................12

*Khoja* v. *Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018)..............................................................5, 6

*Kipling* v. *Flex Ltd.*,
  2020 WL 2793463 (N.D. Cal. May 29, 2020)................................................8

*Knievel* v. *ESPN*,
  393 F.3d 1068 (9th Cir. 2005)..............................................................12

*Lloyd* v. *CVB Fin. Corp.*,
  2012 WL 12883522 (C.D. Cal. Jan. 12, 2012)................................................8

*Lopes* v. *Fitbit, Inc.*,
  2020 WL 1465932 (N.D. Cal. Mar. 23, 2020)..............................................12

*Metzler Inv. GMBH* v. *Corinthian Colls., Inc.*,
  540 F.3d 1049 (9th Cir. 2008)................................................................6

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE

*In re Netflix, Inc. Sec. Litig.*,
  2005 WL 1562858 (N.D. Cal. June 28, 2005)................................................7

*In re NVIDIA Corp. Sec. Litig.*,
  768 F.3d 1046 (9th Cir. 2014)........................................................5

*Okla. Firefighters Pension & Ret. Sys.* v. *Ixia*,
  2015 WL 1775221 (C.D. Cal. Apr. 14, 2015).......................................... 9, 12

*Par Inv. Partners, L.P.* v. *Aruba Networks, Inc.*,
  681 F. App'x 618 (9th Cir. 2017) ..............................................10

*In re Regulus Therapeutics Inc. Sec. Litig.*,
  406 F. Supp. 3d 845 (S.D. Cal. 2019)...............................................10

*Shoemaker* v. *Cardiovascular Sys, Inc.*,
  2017 WL 1180444 (D. Minn. Mar. 29, 2017)........................................9

*In re Silicon Graphics Inc. Sec. Litig.*,
  183 F.3d 970, 986 (9th Cir. 1999)................................................12

*In re Solarcity Corp. Sec. Litig.*,
  274 F. Supp. 3d 972 (N.D. Cal. 2017) ..............................................8

*Tellabs, Inc.* v. *Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007) .............................................................5

*Threshold Enterprises LTD.* v. *Pressed Juicery, Inc.*,
  445 F. Supp. 3d 139 (N.D. Cal. 2020) ............................................10

*Veal* v. *LendingClub Corp.*,
  2020 WL 3128909 (N.D. Cal. June 12, 2020)........................................7

*Whitaker* v. *Fortuna Enterprises, L.P.*,
  2021 WL 4260606 (C.D. Cal. May 12, 2021).......................................10

*Wochos* v. *Tesla, Inc.*,
  985 F.3d 1180 (9th Cir. 2021)......................................................5

*Wochos* v. *Tesla, Inc.*,
  2018 WL 4076437 (N.D. Cal. Aug. 27, 2021)........................................7

*Wyatt* v. *Mattel, Inc.*,
  2020 WL 364324 (C.D. Cal. Jan. 21, 2020) .......................................10

- iv -

*In re YogaWorks, Inc. Sec. Litig.*,
   2020 WL 2549290 (C.D. Cal. Apr. 23, 2020)................................................6

*Young* v. *Ault*,
   2019 WL 1718676 (C.D. Cal. Feb. 25, 2019)................................................6

**Statutes**

Private Securities Litigation Reform Act of 1995 ("PSLRA").............................5

**Other Authorities**

17 C.F.R. § 240.10b5-1(c)............................................................................9

17 C.F.R. § 240.16a-3(f)(1)..........................................................................8

Fed. R. Evid. 201(b)...........................................................................5, 7, 10

Fed. R. Evid. 201(d)....................................................................................5

## I.      Introduction

Defendants Snap, Inc. ("Snap"), Evan Spiegel ("Spiegel"), and Jeremi Gorman ("Gorman") (collectively, "Defendants") hereby request judicial notice of documents and consideration of documents that are incorporated by reference in the Consolidated Class Action Complaint ("Complaint").

The documents are filings with the United States Securities and Exchange Commission ("SEC"); transcripts of investor calls, public conferences and news appearances, and analyst reports.  All documents are attached as exhibits to the accompanying Declaration of Kristina A. Bunting in Support of Defendants' Motion to Dismiss to the Complaint ("Bunting Declaration").

## II.      Documents Submitted

1.      **Exhibit 1**:  Excerpts[1] from Snap's Form 10-K for 2020, filed with the SEC on February 5, 2021, and publicly available on Snap's Investor Relations website at https://d18m0p25nwr6d.cloudfront.net/CIK-0001564408/799dba00-c613-4d87-b858-916aff0d832a.pdf.

2.      **Exhibit 2**:  Excerpts from Snap's Form 10-K for 2019, filed with the SEC on February 5, 2020, and publicly available on Snap's Investor Relations website at https://d18m0p25nwr6d.cloudfront.net/CIK-0001564408/0cfebc98-816e-44ac-8351-5067b4f88f0c.pdf.

3.      **Exhibit 3**:  Excerpts from Snap's Form 10-Q for 2Q 2020, filed with the SEC on July 22, 2020, and publicly available on Snap's Investor Relations website at https://s25.q4cdn.com/442043304/files/doc_financials/2020/q2/9aacfdca-55a1-4928-9a31-c2462d2386c0.pdf.

4.      **Exhibit 4**:  A transcript of Snap's Q4 2020 earnings call, which took place on February 4, 2021, and is publicly available on Snap's Investor Relations

---

[1] Defendants have submitted only relevant excerpts of the SEC filings for efficiency but would be happy to submit complete copies if the Court prefers.

- 1 -

website at https://s25.q4cdn.com/442043304/files/doc_financials/2020/q4/Snap-Inc.-Q4-2020-Transcript.pdf.

5.     **Exhibit 5**:  A transcript of the interview of Evan Spiegel on CNBC's "Squawk Alley," which took place on February 5, 2021.  This is a certified transcript obtained from TransPerfect Legal Solutions.  Spiegel's appearance is publicly available on CNBC's website at https://www.cnbc.com/video/2021/02/05/snap-ceo-evan-spiegel-on-q4-earnings-results-privacy.html.

6.     **Exhibit 6**:  A transcript of Snap's Q1 2021 earnings call, which took place on April 22, 2021, and is publicly available on Snap's Investor Relations website at https://s25.q4cdn.com/442043304/files/doc_financials/2021/q1/Snap-Inc.-Q1-2021-Transcript.pdf.

7.     **Exhibit 7**:  A transcript of Snap's presentation at the Morgan Stanley European Technology, Media, and Telecom Conference, which took place on November 17, 2021, and is publicly available on Snap's Investor Relations website at https://s25.q4cdn.com/442043304/files/doc_presentations/2021/Snap-Inc.-at-Morgan-Stanley-European-TMT-Conference.pdf.

8.     **Exhibit 8**:  Excerpts from Snap's Form 10-Q for 3Q 2020, filed with the SEC on October 21, 2020, and publicly available on Snap's Investor Relations website at https://s25.q4cdn.com/442043304/files/doc_financials/2020/q3/461758eb-1c14-400e-a425-08873e878de9.pdf.

9.     **Exhibit 9**:  Excerpts from Snap's Form 10-Q for 1Q 2021, filed with the SEC on April 23, 2021, and publicly available on Snap's Investor Relations website at https://s25.q4cdn.com/442043304/files/doc_financials/2021/q1/9f8cb681-bb0d-474b-801f-4e85df9906eb.pdf.

10.     **Exhibit 10**:  Excerpts from Snap's Form 10-Q for 2Q 2021, filed with the SEC on July 23, 2021, and publicly available on Snap's Investor Relations website at https://s25.q4cdn.com/442043304/files/doc_financials/2021/q2/Snap-Inc.-Q2-2021-10Q.pdf.

11.     **Exhibit 11**:  Excerpts from Snap's Form 10-Q for 3Q 2021, filed with the SEC on October 22, 2021, and publicly available on Snap's Investor Relations website at https://s25.q4cdn.com/442043304/files/doc_financials/2021/q3/ecd72cc9-5bb6-4766-a8a6-6e66344b3612.pdf.

12.     **Exhibit 12**:  The "Upcoming AppTrackingTransparency Requirements" webpage, dated April 20, 2021, on Apple Inc.'s publicly-available Apple Developer website at https://developer.apple.com/news/?id=ecvrtzt2.

13.     **Exhibit 13**:  An analyst report titled "Snap Inc. (Snap) Multiple Catalysts Emerge as Engagement Continues to Attract Advertisers," that was published by JMP on April 23, 2021.

14.     **Exhibit 14**:  Excerpts from a transcript of Snap's Q2 2021 earnings call, which took place on July 22, 2021, and is publicly available on Snap's Investor Relations website at https://s25.q4cdn.com/442043304/files/doc_financials/2021/q2/Snap-Inc.-Q2-2021-Earnings-Transcript.pdf.

15.     **Exhibit 15**:  A transcript of Snap's Q3 2021 earnings call, which took place on October 21, 2021, and is publicly available on Snap's Investor Relations website at https://s25.q4cdn.com/442043304/files/doc_financials/2021/q3/Snap-Inc.-Q3-2021-Earnings-Transcript.pdf.

16.     **Exhibit 16**:  An analyst report titled "Snap, Inc. (SNAP) 2Q21 Results/Guide Top Expectations on Sharp Jump in Monetization; Maintain Buy/PT to $100 from $85, IDFA Impact Manageable So Far," that was published by Truist Securities on July 22, 2021.

- 3 -

17.    **Exhibit 17**:  A redacted copy of Evan Spiegel's Rule 10b5-1 plan executed on November 19, 2020.  This redacted exhibit has been filed under seal concurrently with Defendants' Application for Leave to File Under Seal Exhibits 17 and 18 to the Bunting Declaration in Support of Defendants' Motion to Dismiss and the [Proposed] Order Regarding Application For Leave to File Under Seal.  An unredacted version of Exhibit 17 has been filed under separate cover with the Sealed Declaration of Kristina A. Bunting in Support of Defendants' Application for Leave to File Under Seal.

18.    **Exhibit 18**:  A redacted copy of Evan Spiegel's Rule 10b5-1 plan executed on February 22, 2021.  This redacted exhibit has been filed under seal concurrently with Defendants' Application for Leave to File Under Seal Exhibits 17 and 18 to the Bunting Declaration in Support of Defendants' Motion to Dismiss and the [Proposed] Order Regarding Application For Leave to File Under Seal.  An unredacted version of Exhibit 18 has been filed under separate cover with the Sealed Declaration of Kristina A. Bunting in Support of Defendants' Application for Leave to File Under Seal.

19.    **Exhibit 19**:  Collection of Forms 4 filed with the SEC on behalf of Evan Spiegel between June 3, 2020 and September 27, 2021.

20.    **Exhibit 20**:  A chart setting forth the sales of Snap stock by Snap's CEO and Co-founder, Evan Spiegel, between May 23, 2020 and October 21, 2021, based on Exhibit 19.

21.    **Exhibit 21**:  A transcript of the interview of Evan Spiegel on CNBC, which took place on May 21, 2021.  This is a certified transcript obtained from TransPerfect Legal Solutions.  Spiegel's appearance is available on CNBC's website at https://www.cnbc.com/video/2021/05/21/watch-cnbcs-full-interview-with-snap-ceo-evan-spiegel-on-its-augmented-reality-deal.html.

22.     **Exhibit 22**:  An analyst report titled "Snap, Inc. (SNAP) 1Q21 Wrap: New Products, Advertisers & (Unexpectedly) Reopening Drive Growth," that was published by Piper Sandler on April 22, 2021.

## III.     Legal Standards

Under the PSLRA, courts "must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc.* v. *Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see, e.g.*, *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014) ("In reviewing the sufficiency of a complaint, we limit ourselves to the complaint itself and its attached exhibits, documents incorporated by reference, and matters properly subject to judicial notice.") (citing *Tellabs*, 551 U.S. at 322–23); *Diaz* v. *N. Dynasty Minerals Ltd.*, 2019 WL 1873291, at *3 (C.D. Cal. Feb. 22, 2019) ("The Supreme Court has explicitly noted the importance of considering such materials in evaluating a securities complaint."); *Wochos* v. *Tesla, Inc.*, 985 F.3d 1180, 1185 (9th Cir. 2021) ("We may also consider 'materials incorporated into the complaint by reference' and any 'matters of which we may take judicial notice.'") (citation omitted).

Judicial notice is proper under Federal Rule of Evidence 201 where a fact is "not subject to reasonable dispute," i.e., when it is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Judicial notice is proper "at any stage of the proceeding," Fed. R. Evid. 201(d), including a motion to dismiss.  *Khoja* v. *Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).  Proper subjects of judicial notice on a motion to dismiss include "matters of public record," *see id.*, SEC filings and investor call transcripts, *see In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1061–62 (C.D. Cal. 2012), publicly available news articles, *see Heliotrope Gen., Inc.* v. *Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th

Cir. 1999), and publicly accessible websites, *see Daniels-Hall* v. *Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010).

Under the "incorporation by reference" doctrine, a court may take into account "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Davis* v. *HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (alteration in original) (citation omitted).  A document is incorporated by reference when the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja*, 899 F.3d at 1002 (quoting *United States* v. *Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).  This doctrine "prevent[s] plaintiffs 'from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims.'"  *C.B.* v. *Moreno Valley*, 544 F. Supp. 3d 973, 989 (C.D. Cal. 2021) (quoting *Khoja*, 899 F.3d at 1002).

## IV.   Argument

### A.   All Exhibits Are Appropriate for Judicial Notice

All exhibits attached to the Bunting Declaration are properly subject to judicial notice.  Exhibits 1 through 3 and 8 through 11 are public disclosures that Snap filed with the SEC.  Defendants cite these exhibits to show that Snap made the disclosure cited therein.  These filings are publicly available and their contents are not subject to dispute.  In securities fraud cases, courts routinely take judicial notice of SEC filings.  *See, e.g.*, *Dreiling* v. *Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006); *Metzler Inv. GMBH* v. *Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008); *Am. Apparel*, 855 F. Supp. 2d at 1060; *In re YogaWorks, Inc. Sec. Litig.*, 2020 WL 2549290, at *1 n.1 (C.D. Cal. Apr. 23, 2020) (judicial notice of SEC filings); *Young* v. *Ault*, 2019 WL 1718676, at *2–3 (C.D. Cal. Feb. 25, 2019) (judicial notice of 17 "SEC filings . . . as well as all matters of public record").  Judicial notice of SEC filings is proper regardless of whether the filings

are referenced in plaintiffs' complaint or filed outside the class period. *See In re Hansen Nat. Corp. Sec. Litig.*, 527 F. Supp. 2d 1142, 1149 n.2 (C.D. Cal. 2007) (judicially noticing SEC filings "not referenced" in complaint); *In re Netflix, Inc. Sec. Litig.*, 2005 WL 1562858, at *5 (N.D. Cal. June 28, 2005) (holding that "SEC filings are appropriately noticed by the Court" on a motion to dismiss, even when those documents were filed outside the class period).

Exhibits 4, 6, 14, and 15 are transcripts of Snap's earnings calls between Snap management, analysts, and investors, and which took place during the Amended Class Period. These transcripts are publicly available on Snap's Investor Relations website and their content is "not subject to reasonable dispute." Fed. R. Evid. 201(b). Exhibit 7 is a transcript of a public conference during which Snap senior management appeared and made public statements. This transcript is also publicly available on Snap's Investor Relations website and its contents are "not subject to reasonable dispute." *Id.* Exhibits 5 and 21 are certified transcripts of Defendant Spiegel's February 5, 2021 and May 21, 2021 appearances on CNBC, respectively. These transcripts were obtained from TransPerfect Legal Solutions, and their content is likewise "not subject to reasonable dispute." *Id.* These transcripts—even those not specifically incorporated by reference in the Complaint—"constitute the subject matter of [plaintiffs'] claim: [defendants'] public statements." *Wochos* v. *Tesla, Inc.*, 2018 WL 4076437, at *2 (N.D. Cal. Aug. 27, 2021).

Defendants cite these transcripts for the disclosures Defendants made therein, to contextualize those disclosures, and to show what information was available to the market. Accordingly, the transcripts are properly subject to judicial notice. *See, e.g., Am. Apparel*, 855 F. Supp. 2d at 1061–62 (transcripts of conference earnings calls are judicially noticeable); *Ardolino* v. *Mannkind Corp.*, 2016 WL 4505172, at *4 (C.D. Cal. Aug. 23, 2016) (same); *In re Facebook, Inc. Sec. Litig.*, 477 F. Supp. 3d 980, 1009 (N.D. Cal. 2020) (judicial notice of

"transcripts of Defendants' earnings calls and shareholder meetings"); *Veal* v. *LendingClub Corp.*, 2020 WL 3128909, at *5 (N.D. Cal. June 12, 2020) (judicial notice of earnings call transcripts); *Kipling* v. *Flex Ltd.*, 2020 WL 2793463, at *7 (N.D. Cal. May 29, 2020) (judicial notice of "transcripts from earnings calls, investor and analyst conferences, and related presentations"); *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *6–7 (N.D. Cal. Apr. 28, 2020) (judicial notice of earnings call transcripts); *Golub* v. *Gigamon Inc.*, 2019 WL 4168948, at *5–6 (N.D. Cal. Sept. 3, 2019) (same); *see also Colyer* v. *Acelrx Pharms.*, 2015 WL 7566809, at *3 (N.D. Cal. Nov. 25, 2015) ("Plaintiffs cannot selectively quote from one part of a publicly-available transcript and then object to Defendants' decision to provide the Court with the complete transcript.").

Exhibits 17, 18, and 19, documents regarding Defendant Spiegel's stock sales during the Amended Class Period, are also subject to judicial notice. Plaintiffs make numerous allegations regarding Spiegel's sale of Snap stock during the Class Period (¶¶ 8, 60–65, 87), and expressly reference Spiegel's Forms 4 within their Complaint (¶ 60 n.4). Exhibit 19 consists of Forms 4 filed with the SEC on behalf of Spiegel. A Form 4 is filed with the SEC whenever a corporate insider transacts in the company's shares. *See* 17 C.F.R. § 240.16a-3(f)(1). The Forms 4 filed on behalf of Spiegel report stock sales (including the date, the number of shares sold, and the price at which the shares were sold), as well as stock acquisitions. The Court should take judicial notice of these SEC filings because they are publicly available and their content is not subject to reasonable dispute. *See Lloyd* v. *CVB Fin. Corp.*, 2012 WL 12883522, at *11–12 (C.D. Cal. Jan. 12, 2012) (finding Forms 4 are judicially noticeable and incorporated by reference); *In re Solarcity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017) (holding that Forms 4 are judicially noticeable for the purposes of evaluating

scienter even when not referenced in pleadings to prove that stock sales were made or were not made).[2]

Exhibits 17 and 18 consist of copies of Defendant Spiegel's Rule 10b5-1 plans in effect between February 5, 2021 and October 21, 2021 ("Amended Class Period'). The 10b5-1 plans are pre-arranged trading plans under which specific amounts of stock are sold according to pre-established criteria, thus eliminating a company insider's discretion over trading. *See* 17 C.F.R. § 240.10b5-1(c). Plaintiffs expressly reference Defendant Spiegel's trading plans within their Complaint. (¶¶ 62–65, 87.) A court may take judicial notice of a trading plan. *See In re Farfetch Ltd. Sec. Litig.*, 2021 WL 4461264, at *4 n.1 (S.D.N.Y. Sept. 29, 2021) ("Plaintiffs discuss the terms and effect of 10b5-1 trading plans in their complaint and rely on them significantly in making their scienter allegations. . . . The Court will therefore consider them as incorporated by reference."); *Shoemaker* v. *Cardiovascular Sys, Inc.*, 2017 WL 1180444, at *7 (D. Minn. Mar. 29, 2017) (taking judicial notice of former CEO's 10b5-1 trading plans and modifications); *Hopson* v. *MetroPCS Commc'ns, Inc.*, 2011 WL 1119727, at *14 n.14 (N.D. Tex. Mar. 25, 2011) ("[P]laintiff incorporated the 10b5-1 trading plans into his amended complaint. . . . Accordingly, the court may properly consider those plans, and the relevant Form 4s, when weighing the competing inferences regarding the insider sales."); *George* v. *China Auto. Sys., Inc.*, 2012 WL 3205062, at *1 (S.D.N.Y. Aug. 8, 2012) (citing *Glaser* v. *The9, Ltd.*, 772 F. Supp. 2d 573, 592 n.14 (S.D.N.Y. 2011)) (finding it proper to take judicial notice

___

[2] Exhibit 20 is a demonstrative that summarizes information in Spiegel's Forms 4 and is also properly before the Court. Exhibit 20 identifies Spiegel's stock sales during the Amended Class Period. Exhibit 20 visually depicts the timing and amount of Spiegel's stock sales between May 23, 2020 and October 21, 2021, based on the information contained in publicly filed and available Forms 4. This information is also contained within the Complaint. (¶¶ 60–65.) Because this Exhibit repackages information that is properly before the Court, including information subject to judicial notice or incorporated by reference in the Complaint, it may be considered in connection with Defendants' Motion to Dismiss. *See Okla. Firefighters Pension & Ret. Sys.* v. *Ixia*, 2015 WL 1775221, at *17 (C.D. Cal. Apr. 14, 2015).

- 9 -

of certain 10b5-1 trading plans); *see also In re Facebook, Inc., Sec. Litig.*, 405 F. Supp. 3d 809, 828 (N.D. Cal. 2019) (taking judicial notice of existence of a 10b5-1 plan).

Exhibits 13, 16, and 22 are analyst reports that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). Judicial notice of these reports is appropriate to show whether and when the market was aware of the information contained therein. Courts routinely consider analyst reports on a motion to dismiss, particularly where, as here, those reports have been referred to in the complaint. *See, e.g.*, *In re Century Aluminum Sec. Litig.*, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011), *aff'd*, 704 F.3d 1119 (9th Cir. 2013) *and aff'd*, 729 F.3d 1104 (9th Cir. 2013) ("[C]ourts routinely take judicial notice of analyst reports . . . ."); *Fecht* v. *Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (affirming district court's consideration of full text of analyst report quoted in complaint), *superseded by statute on other grounds*; *Wyatt* v. *Mattel, Inc.*, 2020 WL 364324, at *3 (C.D. Cal. Jan. 21, 2020) (judicial notice of analyst reports); *In re Regulus Therapeutics Inc. Sec. Litig.*, 406 F. Supp. 3d 845, 855 (S.D. Cal. 2019) (judicial notice of nine analyst reports); *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004) (taking judicial notice of an analyst report that was relied upon in complaint); *see also Par Inv. Partners, L.P.* v. *Aruba Networks, Inc.*, 681 F. App'x 618, 620 n.1 (9th Cir. 2017) (granting judicial notice of analyst reports).

Finally, Exhibit 12 is a publicly-available Apple website page that is "not subject to reasonable dispute." Fed. R. Evid. 201(b). Defendants cite this exhibit for the date of ATT's release by Apple, April 26, 2021. Websites are proper subjects of judicial notice. *See Whitaker* v. *Fortuna Enterprises, L.P.*, 2021 WL 4260606, at *2 n.2 (C.D. Cal. May 12, 2021) (granting defendant's request to take judicial notice of a "hotel website"); *Threshold Enterprises LTD.* v. *Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) ("In general, websites and their contents may be judicially noticed.").

**B.**    **Exhibits 1, 2, 4, 5, 6, 11, 13, 14, 15, 17, 18, 19, 21, and 22 Are "Incorporated by Reference" in the Complaint**

The Complaint quotes, references, and relies on the documents attached as Exhibits 1, 2, 4, 5, 6, 11, 13, 14, 15, 17, 18, 19, 21, and 22 to the Bunting Declaration.

| Exhibit | Description | References |
|---|---|---|
| 1 | Snap's 10-K for 2020 | Compl. ¶¶ 27, 31 |
| 2 | Snap's 10-K for 2019 | Compl. ¶ 32 |
| 4 | Snap's Q4 2020 earnings call transcript | Compl. ¶¶ 17–18, 29, 41–42, 68–71, 90 |
| 5 | February 5, 2021 CNBC interview of Evan Spiegel | Compl. ¶¶ 17, 70 n.5 |
| 6 | Snap's Q1 2021 earnings call transcript | Compl. ¶¶ 18, 29, 43, 72–74, 90 |
| 11 | Snap's 10-Q for 3Q 2021 | Compl. ¶ 56 |
| 13 | JMP Analyst Report | Compl. ¶¶ 46, 91 |
| 14 | Snap's Q2 2021 earnings call transcript | Compl. ¶¶ 18, 47, 77–81, 92 |
| 15 | Snap's Q3 2021 earnings call transcript | Compl. ¶¶ 9–10, 50, 71, 74, 76, 81, 88, 105–06 |
| 17 | Spiegel's 10b5-1 plan executed on November 19, 2020 | Compl. ¶¶ 62–65, 87 |
| 18 | Spiegel's 10b5-1 plan executed on February 22, 2021 | Compl. ¶¶ 62–65, 87 |
| 19 | Collection of Spiegel's Forms 4 | Compl. ¶ 60 n.4 |
| 21 | May 21, 2021 CNBC interview of Evan Spiegel | Compl. ¶¶ 17, 47, 75, 84 |
| 22 | Piper Sandler Analyst Report | Compl. ¶¶ 46, 91 |

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE

As a result, these documents are incorporated by reference in the Complaint. *See Knievel* v. *ESPN*, 393 F.3d 1068, 1076–77 (9th Cir. 2005) (court may "take into account documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading'") (alteration in original) (quoting *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999), *superseded by statute on other grounds*); *Lopes* v. *Fitbit, Inc.*, 2020 WL 1465932, at *2 (N.D. Cal. Mar. 23, 2020) ("If a plaintiff fails to attach to the complaint the documents on which it is based, defendant may attach to a Rule 12(b)(6) motion the documents referred to in the complaint to show that they do not support plaintiff's claim.") (citation omitted).

The Court is not limited to only portions of the documents cited in the Complaint. *See Gammel* v. *Hewlett-Packard Co.*, 905 F. Supp. 2d 1052, 1062 (C.D. Cal. 2012) ("[T]he Court may consider the entire [document] under the incorporation by reference doctrine."). Courts routinely consider many documents as incorporated by reference. *See, e.g.*, *Okla. Firefighters*, 2015 WL 1775221, at *14–17 (considering 36 documents as incorporated by reference). Additionally, a document is considered as incorporated by reference to provide the "relevant context" for a plaintiff's allegations. *See In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *11 (N.D. Cal. Mar. 29, 2019).

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE

## V.      Conclusion

The exhibits referenced in this Request for Judicial Notice and Consideration as Incorporated by Reference, attached to the Bunting Declaration and cited in Defendants' Motion to Dismiss, are properly before the Court.

DATED:  May 3, 2022

By:      */s/ Daniel J. Kramer*
　　　　　Daniel J. Kramer

DANIEL J. KRAMER (*admitted pro hac vice*)
AUDRA J. SOLOWAY (*admitted pro hac vice*)
DANIEL S. SINNREICH (*admitted pro hac vice*)
KRISTINA A. BUNTING (*admitted pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Tel:   (212) 373-3000
Fax:   (212) 757-3990
Email:      dkramer@paulweiss.com
Email:      asoloway@paulweiss.com
Email:      dsinnreich@paulweiss.com
Email:      kbunting@paulweiss.com

EKWAN E. RHOW (SBN 174604)
AHARON B. KASLOW (SBN 322769)
**BIRD, MARELLA, BOXER, WOLPERT, NEISSIM, DROOKS, LINCENBERG & RHOW P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067-2561
Tel:  (310) 201-2100
Fax:  (310) 201-2110
Email:      erhow@birdmarella.com
Email:      akaslow@birdmarella.com

*Attorneys for Snap Inc., Evan Spiegel, and Jeremi Gorman*

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS
INCORPORATED BY REFERENCE