DANIEL J. KRAMER (*admitted pro hac vice*)
AUDRA J. SOLOWAY (*admitted pro hac vice*)
DANIEL S. SINNREICH (*admitted pro hac vice*)
KRISTINA A. BUNTING (*admitted pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY  10019-6064
Tel:   (212) 373-3000
Fax:   (212) 757-3990
Email:       dkramer@paulweiss.com
Email:       asoloway@paulweiss.com
Email:       dsinnreich@paulweiss.com
Email:       kbunting@paulweiss.com

EKWAN E. RHOW (SBN 174604)
AHARON B. KASLOW (SBN 322769)
**BIRD, MARELLA, BOXER, WOLPERT, NEISSIM, DROOKS, LINCENBERG & RHOW P.C.**
1875 Century Park East, 23rd Floor
Los Angeles,  CA 90067-2561
Tel:   (310) 201-2100
Fax:   (310) 201-2110
Email:       erhow@birdmarella.com
Email:       akaslow@birdmarella.com

*Attorneys for Snap Inc., Evan Spiegel, and Jeremi Gorman*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| KELLIE BLACK, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SNAP INC., EVAN SPIEGEL, and JEREMI GORMAN, <br><br> Defendants. | No. 2:21-cv-08892-GW-RAOx <br><br> **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE** <br><br> [Filed Concurrently with Notice of Motion and Motion to Dismiss, Declaration of Kristina A. Bunting in |

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS
INCORPORATED BY REFERENCE (2:21-cv-08892-GW-RAOx)

Support of Defendants' Motion to Dismiss and Exhibits attached thereto, and [Proposed] Order]

Date:     January 19, 2023
Time:    8:30 AM
Crtrm.:  9D

Assigned to Hon. George H. Wu

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE (2:21-cv-08892-GW-RAOx)

## I.    Introduction

Defendants Snap Inc. ("Snap"), Evan Spiegel ("Spiegel"), and Jeremi Gorman ("Gorman") (collectively, "Defendants") hereby request judicial notice of documents and consideration of documents that are incorporated by reference in the Second Amended Class Action Complaint ("SAC").

The documents are filings with the U.S. Securities and Exchange Commission ("SEC"); transcripts of investor calls, public conferences and news appearances; analyst reports; and a public website. The documents are attached as exhibits to the Declaration of Kristina A. Bunting in Support of Defendants' Motion to Dismiss the SAC ("Bunting Declaration") or are available on the ECF Docket.

## II.    Documents Submitted[1]

| Ex. | Description | SAC References |
|---|---|---|
| 1 | Excerpts[2] from Snap's Form 10-K for 2020 (Feb. 5, 2021) | ¶¶ 29, 33 |
| 2 | Excerpts from Snap's Form 10-K for 2019 (Feb. 5, 2020) | ¶ 34 |
| 3 | Excerpts from Snap's Form 10-Q for 2Q 2020 (July 22, 2020) | |
| 4 | Apple's Webpage on "Upcoming AppTrackingTransparency Requirements" from the Wayback Machine (Apr. 20, 2021) | |
| 5 | A transcript of Snap's Q4 2020 earnings call (Feb. 4, 2021) | ¶¶ 19–20, 31, 43–44, 99–101, 103, 130 |
| 6 | A transcript of Spiegel's CNBC Interview (Feb. 5, 2021) | ¶¶ 19, 102–103 |
| 7 | Excerpts from a transcript of Snap's 2021 Investor Day (Feb. 23, 2021) | ¶¶ 19–20, 47–48, 58, 65, 69, 70, 91, 104–107, 109 |
| 8 | Excerpts from a transcript of Snap's appearance at Morgan Stanley's TMT Virtual Conference 2021 (Mar. 3, 2021) | ¶¶ 108–109 |
| 9 | A transcript of Snap's Q1 2021 earnings call (Apr. 22, 2021) | ¶¶ 20, 31, 50–51, 110–113, 130 |

[1] The Bunting Declaration includes further details about each Exhibit. References to "¶" refer to paragraphs in the SAC.

[2] Defendants have submitted only relevant excerpts for efficiency but would be happy to submit complete copies if the Court prefers.

| Ex. | Description | SAC References |
|---|---|---|
| 10 | Excerpts from a transcript of Snap's appearance at Morgan Stanley's European TMT Conference (Nov. 17, 2021) | ¶¶ 67, 113, 115, 121 |
| 11 | Excerpts from Snap's Form 10-Q for 3Q 2020 (Oct. 21, 2020) | |
| 12 | Excerpts from Snap's Form 10-Q for 1Q 2021 (April 23, 2021) | |
| 13 | Excerpts from Snap's Form 10-Q for 2Q 2021 (July 23, 2021) | |
| 14 | Excerpts from Snap's Form 10-Q for 3Q 2021 (Oct. 22, 2021) | ¶66 |
| 15 | Excerpts from a Truist Securities Report (Apr. 22, 2021) | ¶¶ 7, 52, 131 |
| 16 | A transcript of Spiegel's CNBC Interview (May 21, 2021) | ¶¶ 19, 54, 114–115, 124 |
| 17 | A transcript of Snap's Q2 2021 earnings call (July 22, 2021) | ¶¶ 20, 55, 116–121, 132 |
| 18 | A transcript of Snap's Q3 2021 earnings call (Oct. 21, 2021) | ¶¶ 9–10, 58–62, 103, 109, 112, 115, 120–121, 128, 145–146 |
| 19 | Excerpts from a Snap Press Release (Apr. 22, 2021) | |
| 20 | Excerpts from Snap's Q2 2022 Investor Letter (July 21, 2022) | ¶¶ 71, 73 |
| 21 | Excerpts from Snap Press Release (Feb. 3, 2022) | |
| 22 | Excerpts from a Truist Securities Report (July 22, 2021) | ¶ 56 |
| 23 | Collection of Forms 4 filed with the SEC on behalf of Spiegel between June 3, 2020 and September 27, 2021 | ¶¶ 85 n.6, 88 n.8 |
| 24 | A chart showing the sales of Snap stock by Spiegel, between May 23, 2020 and October 21, 2021, based on Exhibit 23 | |
| 25 | RBC Capital Markets Report (Oct. 22, 2021) | ¶¶ 11, 63, 141, 147 |
| 26 | Needham & Company Report (Apr. 23, 2021) | |
| 27 | Truist Securities Report (Feb. 4, 2021) | ¶ 31 |
| 28 | Deutsche Bank Report (Jan. 31, 2021) | ¶ 42 |
| 29 | Loop Capital Markets Report (Feb. 23, 2021) | ¶ 49 |
| 30 | Truist Securities Report (Feb. 24, 2021) | ¶ 49 |
| 31 | JMP Report (Apr. 23, 2021) | ¶¶ 53, 131 |

| Dkt. | Description | SAC Reference |
|---|---|---|
| 77-1 | A copy of Spiegel's Rule 10b5-1 plan (Nov. 19, 2020) (filed under seal pursuant to Dkt. 80) | ¶¶ 87–96, 127 |
| 77-2 | A copy of Spiegel's Rule 10b5-1 plan (Feb. 22, 2021) (filed under seal pursuant to Dkt. 80) | ¶¶ 87–96, 127 |

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE (2:21-cv-08892-GW-RAOx)

### III.    Legal Standards

Under the PSLRA, courts "must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc.* v. *Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see, e.g.*, *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014) ("In reviewing the sufficiency of a complaint, we limit ourselves to the complaint itself and its attached exhibits, documents incorporated by reference, and matters properly subject to judicial notice."); *Diaz* v. *N. Dynasty Minerals Ltd.*, 2019 WL 1873291, at *3 (C.D. Cal. Feb. 22, 2019) ("The Supreme Court has explicitly noted the importance of considering such materials in evaluating a securities complaint."); *Wochos* v. *Tesla, Inc.*, 985 F.3d 1180, 1185 (9th Cir. 2021) ("We may also consider 'materials incorporated into the complaint by reference' and any 'matters of which we may take judicial notice.'") (citation omitted).

Judicial notice is proper where a fact is "not subject to reasonable dispute," i.e., when it is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice is proper "at any stage of the proceeding," Fed. R. Evid. 201(d), including a motion to dismiss, *see Khoja* v. *Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). Proper subjects of judicial notice on a motion to dismiss include "matters of public record," *see id.*, SEC filings, investor call transcripts, *see In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1061–62 (C.D. Cal. 2012), publicly available news articles, *see Heliotrope Gen., Inc.* v. *Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999), and publicly accessible websites, *see Daniels-Hall* v. *Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010).

Under the "incorporation by reference" doctrine, a court may consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Davis* v. *HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (alteration

- 3 -

in original).  A document is incorporated by reference when the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* (quoting *United States* v. *Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).  This "prevent[s] plaintiffs 'from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims.'"  *C.B.* v. *Moreno Valley*, 544 F. Supp. 3d 973, 989 (C.D. Cal. 2021) (quoting *Khoja*, 899 F.3d at 1002).

## IV.  Argument

### A.  All Exhibits and Spiegel's 10b5-1 Plans Are Appropriate for Judicial Notice

All exhibits attached to the Bunting Declaration and Dkt. 77-1 & 77-2 are properly subject to judicial notice.  Exhibits 1 through 3 and 11 through 14 are Snap's public SEC disclosures.  Defendants cite these exhibits to show that Snap made the disclosures cited therein.  These filings are publicly available and their contents are not subject to dispute.  In securities fraud cases, courts routinely take judicial notice of SEC filings.  *See, e.g.*, *Dreiling* v. *Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006); *Metzler Inv. GMBH* v. *Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008); *Am. Apparel*, 855 F. Supp. 2d at 1060–62; *In re YogaWorks, Inc. Sec. Litig.*, 2020 WL 2549290, at *1 n.1 (C.D. Cal. Apr. 23, 2020); *Young* v. *Ault*, 2019 WL 1718676, at *2–3 (C.D. Cal. Feb. 25, 2019) (taking judicial notice of 17 SEC filings).  Judicial notice of SEC filings is proper regardless of whether the filings are referenced in plaintiff's complaint or filed outside the class period.  *See In re Hansen Nat. Corp. Sec. Litig.*, 527 F. Supp. 2d 1142, 1149 n.2 (C.D. Cal. 2007) (judicially noticing post-complaint SEC filings "not referenced" in complaint); *In re Netflix, Inc. Sec. Litig.*, 2005 WL 1562858, at *5 (N.D. Cal. June 28, 2005) (holding that "SEC filings are appropriately noticed by the Court" on a motion to dismiss, even when filed outside the class period).

Exhibits 5, 9, 17, and 18 are transcripts of Snap's earnings calls between Snap management, analysts, and investors, and which took place during the Class Period. Exhibit 7 is a transcript of Snap's Investor Day call between Snap management, analysts and investors, and which also took place during the Class Period. These transcripts are publicly available on Snap's Investor Relations website and their content is "not subject to reasonable dispute." Fed. R. Evid. 201(b). Exhibits 8 and 10 are transcripts of public conferences during which Snap senior management appeared and made public statements. These transcripts are also publicly available on Snap's Investor Relations website and their contents are "not subject to reasonable dispute." *Id.* Exhibits 6 and 16 are certified transcripts of Defendant Spiegel's February 5, 2021 and May 21, 2021 appearances on CNBC, respectively. These transcripts were obtained from TransPerfect Legal Solutions, and their content is likewise "not subject to reasonable dispute." *Id.* These transcripts "constitute the subject matter of the claim: [Snap's] public statements." *Wochos* v. *Tesla, Inc.*, 2018 WL 4076437, at *2 (N.D. Cal. Aug. 27, 2021).

Defendants cite these transcripts for the disclosures Defendants made therein, to contextualize those disclosures, and to show what information was available to the market. Accordingly, the transcripts are properly subject to judicial notice. *See, e.g.*, *Am. Apparel*, 855 F. Supp. 2d at 1061–62 (taking judicial notice of transcripts of earnings conference calls); *Ardolino* v. *Mannkind Corp.*, 2016 WL 4505172, at *4 (C.D. Cal. Aug. 23, 2016) (same); *In re Facebook, Inc. Sec. Litig.*, 477 F. Supp. 3d 980, 1009 (N.D. Cal. 2020) (same); *Veal* v. *LendingClub Corp.*, 2020 WL 3128909, at *5 (N.D. Cal. June 12, 2020) (same); *Kipling* v. *Flex Ltd.*, 2020 WL 2793463, at *7 (N.D. Cal. May 29, 2020) (taking judicial notice of "transcripts from earnings calls, investor and analyst conferences, and related presentations"); *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *6–7 (N.D. Cal. Apr. 28, 2020); *Golub* v. *Gigamon Inc.*, 2019 WL 4168948, at *5–6 (N.D. Cal. Sept. 3, 2019); *see also Colyer* v. *Acelrx Pharms.*, 2015 WL 7566809, at *3 (N.D. Cal. Nov. 25, 2015)

("Plaintiffs cannot selectively quote from one part of a publicly-available transcript and then object to Defendants' decision to provide the Court with the complete transcript."); 15 U.S.C. § 78u–5(e) ("On any motion to dismiss . . . the court shall consider . . . any cautionary statement accompanying the forward-looking statement, which are not subject to material dispute, cited by the defendant.").

Exhibit 23 and Spiegel's Rule 10b5-1 trading plans (Dkt. 77-1 & 77-2) are documents regarding Spiegel's stock sales and are subject to judicial notice. Plaintiff makes numerous allegations about Spiegel's sale of Snap stock (¶¶ 8, 85–96, 127), and the SAC expressly references Spiegel's Forms 4 (¶¶ 85 n.6, 88 n.8). Exhibit 23 consists of Forms 4 filed with the SEC on Spiegel's behalf.  A Form 4 is filed with the SEC whenever an insider transacts in the company's shares.  *See* 17 C.F.R. § 240.16a-3(g)(1).  The Forms 4 filed on Spiegel's behalf report stock sales (including the date, the number of shares sold, and the price), as well as stock acquisitions.  The Court should take judicial notice of these SEC filings because they are publicly available and their content is not subject to reasonable dispute.  *See Lloyd* v. *CVB Fin. Corp.*, 2012 WL 12883522, at *11–12 (C.D. Cal. Jan. 12, 2012) (finding Forms 4 are judicially noticeable and incorporated by reference); *In re Solarcity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017) (taking judicial notice of Forms 4 "even when those documents were not referenced in the pleadings in order to prove that stock sales were made or were not made").[3]

---

[3] Exhibit 24 is a demonstrative that visually depicts the timing and amount of Spiegel's stock sales between May 23, 2020 and October 21, 2021 (i.e., during the Class and Control Periods), based on the information contained in publicly filed and available Forms 4. *See* Ex. 23.  This information is also contained within the SAC. (¶¶ 85–96.)  Because this Exhibit repackages information that is properly before the Court, it too is properly before the Court. *See Okla. Firefighters Pension & Ret. Sys.* v. *Ixia*, 2015 WL 1775221, at *17 (C.D. Cal. Apr. 14, 2015) (considering document that "summarize[d] the trading activity of the individual defendants during and just prior to the class period").

- 6 -

Properly before the Court are also copies of Defendant Spiegel's Rule 10b5-1 plans in effect during the Class Period (i.e., between February 5, 2021 and October 21, 2021). *See* Dkt. 77-1 & 77-2. 10b5-1 plans are pre-arranged trading plans under which specific amounts of stock are sold according to pre-established criteria, thus eliminating a company insider's discretion over trading. *See* 17 C.F.R. § 240.10b5-1(c). Plaintiff expressly references Defendant Spiegel's trading plans within the SAC. (¶¶ 87–95, 127.) A court may take judicial notice of a trading plan. *See In re Farfetch Ltd. Sec. Litig.*, 2021 WL 4461264, at *4 n.1 (S.D.N.Y. Sept. 29, 2021) ("Plaintiffs discuss the terms and effect of 10b5-1 trading plans in their complaint and rely on them significantly in making their scienter allegations. The Court will therefore consider them as incorporated by reference.") (citation omitted); *Shoemaker* v. *Cardiovascular Sys, Inc.*, 2017 WL 1180444, at *7 (D. Minn. Mar. 29, 2017) (taking judicial notice of 10b5-1 trading plans); *Hopson* v. *MetroPCS Commc'ns, Inc.*, 2011 WL 1119727, at *14 n.14 (N.D. Tex. Mar. 25, 2011) ("[P]laintiff incorporated the 10b5-1 trading plans into his amended complaint . . . . Accordingly, the court may properly consider those plans, and the relevant Form 4s, when weighing the competing inferences regarding the insider sales."); *George* v. *China Auto. Sys., Inc.*, 2012 WL 3205062, at *1 (S.D.N.Y. Aug. 8, 2012) (taking judicial notice of 10b5-1 plans); *see also In re Facebook, Inc., Sec. Litig.*, 405 F. Supp. 3d 809, 828 (N.D. Cal. 2019) (taking judicial notice "that a Rule 10b5-1 plan existed and that stock sales were made pursuant to that plan").

Exhibits 19 and 21 are publicly available press releases that Snap issued during the Class Period which were filed with the SEC as exhibits to Forms 8-K. Exhibit 20 is a publicly available letter to Snap's investors. Courts routinely consider such press releases and statements to investors on a motion to dismiss. *See, e.g.*, *ScripsAmerica, Inc.* v. *Ironridge Glob. LLC*, 119 F. Supp. 3d 1213, 1231 (C.D. Cal. 2015); *N.Y.S. Teachers' Ret. Sys.* v. *Fremont Gen. Corp.*, 2009 WL 3112574, at *1 (C.D. Cal. Sept. 25, 2009) (taking judicial notice of an investor presentation);

- 7 -

*In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004) ("[T]he court may take judicial notice of information that was publicly available to reasonable investors at the time the defendant made the allegedly false statements.").

Exhibits 15, 22, and 25 through 31 are analyst reports that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). Judicial notice is appropriate to show whether and when the market was aware of information contained therein. Courts routinely consider analyst reports on a motion to dismiss, particularly where, as here, the complaint references them. *See, e.g.*, *In re Century Aluminum Sec. Litig.*, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011), *aff'd*, 729 F.3d 1104 (9th Cir. 2013) ("[C]ourts routinely take judicial notice of analyst reports . . . ."); *Fecht* v. *Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (affirming court's consideration of full text of analyst report partially quoted in complaint); *Wyatt* v. *Mattel, Inc.*, 2020 WL 364324, at *3 (C.D. Cal. Jan. 21, 2020); *In re Regulus Therapeutics Inc. Sec. Litig.*, 406 F. Supp. 3d 845, 855 (S.D. Cal. 2019) (judicial notice of nine analyst reports); *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d at 864; *see also Par Inv. Partners, L.P.* v. *Aruba Networks, Inc.*, 681 F. App'x 618, 620 n.1 (9th Cir. 2017).

Finally, Exhibit 4 is a publicly-available Apple webpage retrieved through the use of the Internet Archive's Wayback Machine. Websites are proper subjects of judicial notice. *See Whitaker* v. *Fortuna Enterprises, L.P.*, 2021 WL 4260606, at *2 n.2 (C.D. Cal. May 12, 2021) (taking judicial notice of a "hotel website"); *Threshold Enterprises LTD.* v. *Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) ("In general, websites and their contents may be judicially noticed."). Defendants cite this exhibit to show that as of Snap's 1Q21 earnings call (April 22, 2021), it was publicly known that ATT's rollout was upcoming on April 26, 2021. Documents are properly subject to judicial notice for this purpose. *See, e.g.*, *Garcia* v. *J2 Global, Inc.*, 2021 WL 1558331, at *8–9 (C.D. Cal. Mar. 5, 2021) (taking judicial notice for motion to dismiss "of the fact that the information contained in Exhibits 8, 20, and 23 was reported publicly as of the publication date or date portrayed on the Wayback

- 8 -

Machine"); *Brown* v. *Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) ("Courts have taken judicial notice of the contents of web pages available through the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

> **B.** **Exhibits 1, 2, 5 through 10, 14 through 18, 20, 22, 23, 25, 27 through 31, and Spiegel's 10b5-1 Trading Plans (Dkt. 77-1 & 77-2) Are "Incorporated by Reference" in the SAC**

The SAC quotes, references, and relies on Exhibits 1, 2, 5 through 10, 14 through 18, 20, 22, 23, 25, and 27 through 31 to the Bunting Declaration and Dkt. 77-1 and 77-2. *Supra* 1–2. Thus, these documents are incorporated by reference. *See, e.g.*, *Knievel* v. *ESPN*, 393 F.3d 1068, 1076–77 (9th Cir. 2005) (Courts consider "documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading'") (alteration in original) (citation omitted); *Lopes* v. *Fitbit, Inc.*, 2020 WL 1465932, at *2 (N.D. Cal. Mar. 23, 2020) ("[D]efendant may attach to a Rule 12(b)(6) motion the documents referred to in the complaint to show that they do not support plaintiff's claim.") (citation omitted).

The Court is not limited to only portions of the documents cited in the SAC. *See Gammel* v. *Hewlett-Packard Co.*, 905 F. Supp. 2d 1052, 1062 (C.D. Cal. 2012) ("[T]he Court may consider the entire [document] under the incorporation by reference doctrine."). Courts routinely consider many documents as incorporated by reference. *See, e.g.*, *Okla. Firefighters*, 2015 WL 1775221, at *14–17 (considering 36 documents as incorporated by reference). A document that is incorporated by reference provides the "relevant context" for plaintiff's allegations. *See In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *11 (N.D. Cal. Mar. 29, 2019).

## V. Conclusion

The exhibits referenced in this Request for Judicial Notice and Consideration as Incorporated by Reference are properly before the Court.

- 9 -

DATED:  September 19, 2022

By:      */s/ Daniel J. Kramer*

Daniel J. Kramer

DANIEL J. KRAMER (*admitted pro hac vice*)
AUDRA J. SOLOWAY (*admitted pro hac vice*)
DANIEL S. SINNREICH (*admitted pro hac vice*)
KRISTINA A. BUNTING (*admitted pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY  10019-6064
Tel:   (212) 373-3000
Fax:  (212) 757-3990
Email:       dkramer@paulweiss.com
Email:       asoloway@paulweiss.com
Email:       dsinnreich@paulweiss.com
Email:       kbunting@paulweiss.com

EKWAN E. RHOW (SBN 174604)
AHARON B. KASLOW (SBN 322769)
**BIRD, MARELLA, BOXER, WOLPERT, NEISSIM, DROOKS, LINCENBERG & RHOW P.C.**
1875 Century Park East, 23rd Floor
Los Angeles,  CA 90067-2561
Tel:   (310) 201-2100
Fax:  (310) 201-2110
Email:       erhow@birdmarella.com
Email:       akaslow@birdmarella.com

*Attorneys for Snap Inc., Evan Spiegel, and Jeremi Gorman*

- 10 -