DANIEL J. KRAMER (*admitted pro hac vice*)
AUDRA J. SOLOWAY (*admitted pro hac vice*)
DANIEL S. SINNREICH (*admitted pro hac vice*)
KRISTINA A. BUNTING (*admitted pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY  10019-6064
Tel:    (212) 373-3000
Fax:   (212) 757-3990
Email:       dkramer@paulweiss.com
Email:       asoloway@paulweiss.com
Email:       dsinnreich@paulweiss.com
Email:       kbunting@paulweiss.com

EKWAN E. RHOW (SBN 174604)
AHARON B. KASLOW (SBN 322769)
**BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW P.C.**
1875 Century Park East, 23rd Floor
Los Angeles,  CA 90067-2561
Tel:    (310) 201-2100
Fax:   (310) 201-2110
Email:       erhow@birdmarella.com
Email:       akaslow@birdmarella.com

*Attorneys for Snap Inc., Evan Spiegel, and Jeremi Gorman*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| KELLIE BLACK, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>v.<br><br>SNAP INC., EVAN SPIEGEL, and JEREMI GORMAN,<br><br>                    Defendants. | No. 2:21-cv-08892-GW-RAO<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE**<br><br>[Filed Concurrently with Notice of Motion and Motion to Dismiss, Declaration of Kristina A. Bunting in |

Support of Defendants' Motion to Dismiss and Exhibits attached thereto, and [Proposed] Order]

Date:     September 11, 2023
Time:    8:30 AM
Crtrm.:  9D

Assigned to Hon. George H. Wu

- ii -

## I.  Introduction

Defendants Snap Inc. ("Snap"), Evan Spiegel, and Jeremi Gorman (collectively, "Defendants") hereby request judicial notice of documents and consideration of documents that are incorporated by reference in the Third Amended Class Action Complaint ("TAC").

The documents are filings with the U.S. Securities and Exchange Commission ("SEC"); transcripts of investor calls; press releases; and a public website.  The documents are attached as exhibits to the Declaration of Kristina A. Bunting in Support of Defendants' Motion to Dismiss the TAC ("Bunting Declaration").

## II.  Documents Submitted[1]

| Ex. | Description | TAC References |
|---|---|---|
| 1 | Excerpts[2] from Snap's Form 10-Q for 2Q 2020 (July 22, 2020) | |
| 2 | A transcript of Snap's Q1 2021 earnings call (Apr. 22, 2021) | *Passim* |
| 3 | Excerpts from Snap's Form 10-Q for 1Q 2021 (Apr. 23, 2021) | |
| 4 | Excerpts from Snap's Form 10-Q for 2Q 2021 (July 23, 2021) | |
| 5 | A transcript of Snap's Q2 2021 earnings call (July 22, 2021) | ¶¶ 31, 39, 98 |
| 6 | Snap Press Release (Apr. 22, 2021) | |
| 7 | Snap Press Release (July 22, 2021) | |
| 8 | A transcript of Snap's Q3 2021 earnings call (Oct. 21, 2021) | *Passim* |
| 9 | A Facebook Blog Post (August 26, 2020) | ¶ 55 |
| 10 | A transcript of Snap's Q4 2020 Earnings Call (Feb. 4, 2021) | *Passim* |

## III.  Legal Standards

Under the PSLRA, courts "must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc.* v. *Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see, e.g.*, *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014) ("In reviewing the sufficiency of a complaint, we limit ourselves to

---

[1] The Bunting Declaration includes further details about each Exhibit.  References to "¶" refer to paragraphs in the TAC.

[2] Defendants have submitted only relevant excerpts for efficiency but would be happy to submit complete copies if the Court prefers.

the complaint itself and its attached exhibits, documents incorporated by reference, and matters properly subject to judicial notice."); *Diaz* v. *N. Dynasty Minerals Ltd.*, 2019 WL 1873291, at *3 (C.D. Cal. Feb. 22, 2019) ("The Supreme Court has explicitly noted the importance of considering such materials in evaluating a securities complaint."); *Wochos* v. *Tesla, Inc.*, 985 F.3d 1180, 1185 (9th Cir. 2021) ("We may also consider 'materials incorporated into the complaint by reference' and any 'matters of which we may take judicial notice.'").

Judicial notice is proper where a fact is "not subject to reasonable dispute," *i.e.*, when it is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b). Judicial notice is proper "at any stage of the proceeding," Fed. R. Evid. 201(d), including a motion to dismiss, *see Khoja* v. *Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).  Proper subjects of judicial notice on a motion to dismiss include "matters of public record," *id.*, SEC filings, investor call transcripts, *see In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1060–62 (C.D. Cal. 2012), and publicly accessible websites, *Threshold Enterprises LTD.* v. *Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020).

Under the "incorporation by reference" doctrine, a court may consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Davis* v. *HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012).  A document is incorporated by reference when the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim."  *Id.* (quoting *United States* v. *Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).  This "prevent[s] plaintiffs 'from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims.'" *C.B.* v. *Moreno Valley*, 544 F. Supp. 3d 973, 988 (C.D. Cal. 2021) (quoting *Khoja*, 899 F.3d at 1002).

## IV.    Argument

### A.    All Exhibits Are Appropriate for Judicial Notice

All exhibits attached to the Bunting Declaration are properly subject to judicial notice.  Exhibits 1, 3, and 4 are Snap's public SEC filings, which the Court previously found to be judicially noticeable.  (*See* Court's Final Ruling on the Defendants' Motion to Dismiss the Second Amended Class Action Complaint, Dkt. 115 ("Ruling") 11–14 (SAC Exs. 3, 12, and 13).)  Defendants cite these exhibits to show that Snap made the disclosures cited therein.  These filings are publicly available and their contents are not subject to dispute.  In securities fraud cases, courts routinely take judicial notice of SEC filings.  *See, e.g.*, *Dreiling* v. *Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006); *Metzler Inv. GMBH* v. *Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008); *Am. Apparel*, 855 F. Supp. 2d at 1060–62; *In re YogaWorks, Inc. Sec. Litig.*, 2020 WL 2549290, at *1 n.1 (C.D. Cal. Apr. 23, 2020); *Young* v. *Ault*, 2019 WL 1718676, at *2–3 (C.D. Cal. Feb. 25, 2019) (taking judicial notice of 17 SEC filings).  Judicial notice of SEC filings is proper regardless of whether the filings are referenced in plaintiff's complaint.  *See In re Hansen Nat. Corp. Sec. Litig.*, 527 F. Supp. 2d 1142, 1149 n.2 (C.D. Cal. 2007) (judicially noticing post-complaint SEC filings "not referenced" in complaint).

Exhibits 2, 5, 8, and 10 are transcripts of Snap's earnings calls between Snap management, analysts, and investors, which the Court previously found to be judicially noticeable.  ((*See* Ruling at 11–14) (SAC Exs. 5, 9, 17, and 18).)  These transcripts are publicly available on Snap's Investor Relations website and their contents are "not subject to reasonable dispute."  Fed. R. Evid. 201(b).  Defendants cite these transcripts for the disclosures Defendants made therein, to contextualize those disclosures, and to show what information was available to the market.  Accordingly, the transcripts are properly subject to judicial notice.  *E.g.*, *Am. Apparel*, 855 F. Supp. 2d at 1061–62 (taking judicial notice of transcripts of earnings

- 3 -

conference calls); *Ardolino* v. *Mannkind Corp.*, 2016 WL 4505172, at *4 (C.D. Cal. Aug. 23, 2016); *In re Facebook, Inc. Sec. Litig.*, 477 F. Supp. 3d 980, 1009 (N.D. Cal. 2020); *Veal* v. *LendingClub Corp.*, 2020 WL 3128909, at *5 (N.D. Cal. June 12, 2020); *Kipling* v. *Flex Ltd.*, 2020 WL 2793463, at *7 (N.D. Cal. May 29, 2020); *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *6–7 (N.D. Cal. Apr. 28, 2020); *Golub* v. *Gigamon Inc.*, 2019 WL 4168948, at *5–6 (N.D. Cal. Sept. 3, 2019); *see also Colyer* v. *Acelrx Pharms.*, 2015 WL 7566809, at *3 (N.D. Cal. Nov. 25, 2015) ("Plaintiffs cannot selectively quote from one part of a publicly-available transcript and then object to Defendants' decision to provide the Court with the complete transcript.").

Exhibits 6 and 7 are publicly available press releases that Snap issued during the Class Period which were filed with the SEC as exhibits to Forms 8-K. Courts routinely consider such press releases to investors on a motion to dismiss. *See, e.g.*, *ScripsAmerica, Inc.* v. *Ironridge Glob. LLC*, 119 F. Supp. 3d 1213, 1231 (C.D. Cal. 2015).

Finally, Exhibit 9 is a publicly available Facebook webpage retrieved through the use of the Internet Archive's Wayback Machine. Websites are proper subjects of judicial notice. *See Whitaker* v. *Fortuna Enterprises, L.P.*, 2021 WL 4260606, at *2 n.2 (C.D. Cal. May 12, 2021) (taking judicial notice of a "hotel website"); *Threshold Enterprises*, 445 F. Supp. 3d at 146 ("In general, websites and their contents may be judicially noticed."). Defendants cite this exhibit to show that Facebook issued public disclosures regarding ATT on August 26, 2020. Documents are properly subject to judicial notice for this purpose. *See, e.g.*, *Garcia* v. *J2 Global, Inc.*, 2021 WL 1558331, at *8–9 (C.D. Cal. Mar. 5, 2021) (taking judicial notice for motion to dismiss "of the fact that the information contained in Exhibits 8, 20, and 23 was reported publicly as of the publication date or date portrayed on the Wayback Machine"); *Brown* v. *Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) ("Courts have taken judicial notice of the contents of web pages available through

- 4 -

the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

### B. Exhibits 2, 5, 8, 9, and 10 Are "Incorporated by Reference" in the TAC

The TAC quotes, references, and relies on Exhibits 2, 5, 8, 9, and 10 to the Bunting Declaration. *Supra* 1. Thus, these documents are incorporated by reference. *See, e.g.*, *Knievel* v. *ESPN*, 393 F.3d 1068, 1076–77 (9th Cir. 2005) (Courts consider "documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading'"); *Lopes* v. *Fitbit, Inc.*, 2020 WL 1465932, at *2 (N.D. Cal. Mar. 23, 2020) ("[D]efendant may attach to a Rule 12(b)(6) motion the documents referred to in the complaint to show that they do not support plaintiff's claim."); *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *5 (N.D. Cal. June 2, 2020) ("Plaintiff claims that [exhibits] contained misleading statements, and they therefore form the basis of plaintiff's claims."); *In re WageWorks, Inc., Sec. Litig.*, 2020 WL 2896547, at *4 (N.D. Cal. June 1, 2020) ("incorporation by reference proper" for a document that "plaintiffs contend . . . was a corrective disclosure"); *Immanuel Lake* v. *Zogenix, Inc.*, 2020 WL 3820424, at *4 (N.D. Cal. Jan. 27, 2020) (exhibits "may be incorporated by reference because each forms the basis of plaintiffs'. . . falsity allegations").

The Court is not limited to only portions of the documents cited in the TAC. *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (Courts can "consider [a document] in its entirety" where plaintiffs "rel[ied] on portions of it in their complaint"); *Gammel* v. *Hewlett-Packard Co.*, 905 F. Supp. 2d 1052, 1062 (C.D. Cal. 2012) ("[T]he Court may consider the entire [document] under the incorporation by reference doctrine."). A document that is incorporated by reference provides the "relevant context" for plaintiff's allegations. *See In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *11 (N.D. Cal. Mar. 29, 2019).

## V.      Conclusion

The exhibits referenced in this Request for Judicial Notice and Consideration as Incorporated by Reference are properly before the Court.

DATED:  June 9, 2023

By:      *Daniel J. Kramer*
_____
Daniel J. Kramer

DANIEL J. KRAMER (*admitted pro hac vice*)
AUDRA J. SOLOWAY (*admitted pro hac vice*)
DANIEL S. SINNREICH (*admitted pro hac vice*)
KRISTINA A. BUNTING (*admitted pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY  10019-6064
Tel:   (212) 373-3000
Fax:  (212) 757-3990
Email:      dkramer@paulweiss.com
Email:      asoloway@paulweiss.com
Email:      dsinnreich@paulweiss.com
Email:      kbunting@paulweiss.com

EKWAN E. RHOW (SBN 174604)
AHARON B. KASLOW (SBN 322769)
**BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW P.C.**
1875 Century Park East, 23rd Floor
Los Angeles,  CA 90067-2561
Tel:   (310) 201-2100
Fax:  (310) 201-2110
Email:      erhow@birdmarella.com
Email:      akaslow@birdmarella.com

*Attorneys for Snap Inc., Evan Spiegel, and Jeremi Gorman*

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE (2:21-cv-08892-GW-RAO)

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants Snap Inc., Evan Spiegel, and Jeremi Gorman, certifies that this brief contains 1,686 words, which complies with the word limit of L.R. 11-6.1.

/s/ *Daniel J. Kramer*
Daniel J. Kramer

Dated:  June 9, 2023

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE (2:21-cv-08892-GW-RAO)