DANIEL J. KRAMER (*admitted pro hac vice*)
AUDRA J. SOLOWAY (*admitted pro hac vice*)
DANIEL S. SINNREICH (*admitted pro hac vice*)
KRISTINA A. BUNTING (*admitted pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY  10019-6064
Tel:   (212) 373-3000
Fax:   (212) 757-3990
Email:       dkramer@paulweiss.com
Email:       asoloway@paulweiss.com
Email:       dsinnreich@paulweiss.com
Email:       kbunting@paulweiss.com

EKWAN E. RHOW (SBN 174604)
AHARON B. KASLOW (SBN 322769)
**BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW P.C.**
1875 Century Park East, 23rd Floor
Los Angeles,  CA 90067-2561
Tel:   (310) 201-2100
Fax:   (310) 201-2110
Email:       erhow@birdmarella.com
Email:       akaslow@birdmarella.com

*Attorneys for Snap Inc., Evan Spiegel, and Jeremi Gorman*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| KELLIE BLACK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SNAP INC., EVAN SPIEGEL, and JEREMI GORMAN,<br><br>Defendants. | No. 2:21-cv-08892-GW-RAO<br><br>**DEFENDANTS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE**<br><br>[Filed Concurrently with Defendants' Reply in Support of Motion to Dismiss |

the Third Amended Class Action Complaint, Declaration of Kristina A. Bunting in Further Support of Defendants' Motion to Dismiss and Exhibits attached thereto, and [Proposed] Order]

Date:     September 11, 2023
Time:     8:30 AM
Crtrm.:   9D

Assigned to Hon. George H. Wu

## I.      Introduction

Defendants hereby request judicial notice of and consideration of four additional documents that are incorporated by reference in the Third Amended Class Action Complaint ("TAC").

The documents are four news and analyst reports quoted in the TAC and Plaintiff's Opposition to Defendants' motion to dismiss.  (Exs. 1–4.)  This Court granted Defendants' previous Request for Consideration of Documents Incorporated by Reference for several reports written by analysts, which were quoted in the Plaintiff's prior complaint, including Exhibit 2 (SAC Ex. 31).  (Ruling at 12.)  Plaintiff's Opposition quotes Exhibits 1–4 (Opp. 7–8) for the proposition that "analysts directly quoted Gorman's words in concluding that Snap was insulated from ATT's impact" (Opp. 13).  Defendants submit Exhibits 1–4 to show that the analysts' reports do not stand for Plaintiff's proposition (Reply 11); in fact, the reports show that, notwithstanding Gorman's Statement, analysts recognized that "it could take several months until [Snap] knows the full impact the change could have on revenue" (Ex. 1-3) and still expected "some negative impacts from Apple IDFA roll-out" (Ex. 4-34).

The documents are attached as exhibits to the Declaration of Kristina A. Bunting in Further Support of Defendants' Motion to Dismiss the Third Amended Class Action Complaint ("Supplemental Bunting Declaration").

## II.     Documents Submitted[1]

| Ex. | Description | TAC References |
|-----|-------------|----------------|
| 1 | *Bloomberg* Article: "Snap Results Ease Concerns Over Apple | ¶ 84 |

---

[1] The Supplemental Bunting Declaration includes further details about each Exhibit.  References to "¶" refer to paragraphs in the TAC.

- 1 -

| Ex. | Description | TAC References |
|---|---|---|
|  | Policy Impact: Street Wrap" (Apr. 23, 2021) |  |
| 2 | JMP Report: "Multiple Catalysts Emerge as Engagement Continues to Attract Advertisers" (Apr. 23, 2021) | ¶¶ 10, 81 & n.5, 164 |
| 3 | Oppenheimer Report: "Maintain Outperform on Continued Monetization/DAU Improvements and Leading AR Position" (Apr. 22, 2021) | ¶¶ 10, 82 & n.6, 177 |
| 4 | Raymond James: "Strong 1Q Revenues With Engagement Trends Improving as Markets Reopen" (Apr. 22, 2021) | ¶ 83 & n.8 |

## III.    Legal Standards

Under the PSLRA, courts "must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc.* v. *Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Courts should not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Produce Pay, Inc.* v. *Izguerra Produce, Inc.*, 39 F.4th 1158, 1161 (9th Cir. 2022) (quoting *Gonzalez* v. *Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1115 (9th Cir. 2014)).

Under the "incorporation by reference" doctrine, a court may consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Davis* v. *HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012). Incorporation by reference "prevent[s] plaintiffs 'from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims.'" *C.B.* v. *Moreno Valley Unified School District*, 544 F. Supp. 3d 973, 988 (C.D. Cal. 2021) (quoting *Khoja* v. *Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018)). A document is incorporated by reference when the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja*,

899 F.3d at 1002 (quoting *United States* v. *Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).

Judicial notice is proper where a fact is "not subject to reasonable dispute," *i.e.*, when it is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice is proper "at any stage of the proceeding," Fed. R. Evid. 201(d), including a motion to dismiss, *see Khoja*, 899 F.3d at 999. Proper subjects of judicial notice on a motion to dismiss include "matters of public record," *Khoja*, 899 F.3d at 999, such as "public analyst reports," *Par Inv. Partners, L.P.* v. *Aruba Networks, Inc.*, 681 F. App'x 618, 620 n.1 (9th Cir. 2017).

## IV. Argument

### A. Exhibits 1–4 Are Incorporated by Reference in the TAC

Both the TAC and Plaintiffs' Opposition quote, reference, and rely on Exhibits 1–4 to the Supplemental Bunting Declaration. *Supra* 1. Thus, these documents are incorporated by reference. *See, e.g.*, *Knievel* v. *ESPN*, 393 F.3d 1068, 1076–77 (9th Cir. 2005) (Courts consider "documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading'"); *Lopes* v. *Fitbit, Inc.*, 2020 WL 1465932, at *2 (N.D. Cal. Mar. 23, 2020) ("[D]efendant may attach to a Rule 12(b)(6) motion the documents referred to in the complaint to show that they do not support plaintiff's claim.").

Because "[t]he doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims," *Khoja*, 899 F.3d at 1002, the Court is not limited to only portions of the documents cited in the TAC, *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (Courts can "consider [a document] in its entirety" where plaintiffs "rel[ied] on portions of it in their complaint"); *Gammel* v. *Hewlett-Packard Co.*, 905 F. Supp. 2d 1052,

- 3 -

1062 (C.D. Cal. 2012) ("[T]he Court may consider the entire [document] under the incorporation by reference doctrine.").

This Court has already recognized that where an exhibit is "referenced in the [Complaint]," a document is "thus incorporated by reference." (Ruling at 12.) Accordingly, this Court granted Defendants' previous Request for Consideration of Documents Incorporated by Reference for several reports written by analysts, that were quoted in the Plaintiff's prior complaint, including Exhibit 2 (SAC Ex. 31). (*Id.*)

**B.      Exhibits 1–4 Are Appropriate for Judicial Notice**

Exhibits 1–4 are analyst reports whose contents are "not subject to reasonable dispute." Fed. R. Evid. 201(b). Judicial notice is appropriate to show whether and when the market was aware of information contained therein. Courts routinely consider analyst reports on a motion to dismiss, particularly where, as here, the complaint references them. *See, e.g.*, *In re Century Aluminum Sec. Litig.*, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011), *aff'd*, 729 F.3d 1104 (9th Cir. 2013) ("[C]ourts routinely take judicial notice of analyst reports . . . ."); *Fecht* v. *Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (affirming court's consideration of full text of analyst report partially quoted in complaint); *Wyatt* v. *Mattel, Inc.*, 2020 WL 364324, at *3 (C.D. Cal. Jan. 21, 2020); *In re Regulus Therapeutics Inc. Sec. Litig.*, 406 F. Supp. 3d 845, 855 (S.D. Cal. 2019) (judicial notice of nine analyst reports); *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004); *see also Aruba Networks, Inc.*, 681 F. App'x at 620 n.1.

**V.      Conclusion**

Exhibits 1–4 are properly before the Court.

- 4 -

DATED:  August 25, 2023

By:      */s/ Daniel J. Kramer*
          Daniel J. Kramer

DANIEL J. KRAMER (*admitted pro hac vice*)
AUDRA J. SOLOWAY (*admitted pro hac vice*)
DANIEL S. SINNREICH (*admitted pro hac vice*)
KRISTINA A. BUNTING (*admitted pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY  10019-6064
Tel:   (212) 373-3000
Fax:   (212) 757-3990
Email:      dkramer@paulweiss.com
Email:      asoloway@paulweiss.com
Email:      dsinnreich@paulweiss.com
Email:      kbunting@paulweiss.com

EKWAN E. RHOW (SBN 174604)
AHARON B. KASLOW (SBN 322769)
**BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW P.C.**
1875 Century Park East, 23rd Floor
Los Angeles,  CA 90067-2561
Tel:   (310) 201-2100
Fax:   (310) 201-2110
Email:      erhow@birdmarella.com
Email:      akaslow@birdmarella.com

*Attorneys for Snap Inc., Evan Spiegel, and Jeremi Gorman*

- 5 -

# **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants Snap Inc., Evan Spiegel, and Jeremi Gorman, certifies that this brief contains 1,121 words, which complies with the word limit of L.R. 11-6.1.

/s/ *Kristina A. Bunting*
Kristina A. Bunting

Dated: August 25, 2023

- 6 -