DANIEL J. KRAMER (*admitted pro hac vice*)
AUDRA J. SOLOWAY (*admitted pro hac vice*)
KRISTINA A. BUNTING (*admitted pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY  10019-6064
Tel:    (212) 373-3000
Fax:    (212) 757-3990
Email:        dkramer@paulweiss.com
Email:        asoloway@paulweiss.com
Email:        kbunting@paulweiss.com

*Attorneys for Snap Inc., Evan Spiegel, and Jeremi Gorman*

*Additional Counsel Listed on Signature Page*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| KELLIE BLACK, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>SNAP INC., EVAN SPIEGEL and JEREMI GORMAN,<br><br>                    Defendants. | No. 2:21-cv-8892-GW-RAO<br><br><u>CLASS ACTION</u><br><br>**DEFENDANTS' ANSWER TO THE THIRD AMENDED CLASS ACTION COMPLAINT**<br><br>Assigned to Hon. George H. Wu |

In responding to the allegations in the Third Amended Class Action Complaint (the "Third Amended Complaint"), Defendants Snap Inc. ("Snap"), Evan Spiegel ("Spiegel"), and Jeremi Gorman ("Gorman") (collectively, "Defendants," and excluding Snap, the "Individual Defendants") (i) incorporate into each response a denial of any allegations in the Third Amended Complaint to the extent such allegations assert or suggest that Defendants made any untrue statement of material

fact or omitted to state a material fact necessary to make the statements made not misleading, and (ii) to the extent that any response is required, deny any allegations or averments in the introductory paragraphs, headings, and subheadings of the Third Amended Complaint. Defendants, by and through their undersigned attorneys Paul, Weiss, Rifkind, Wharton & Garrison LLP, respond to the specific allegations in the Amended Complaint as follows.

1.    Defendants admit that Lead Plaintiff purports to bring this putative securities class action on behalf of itself and all other persons and entities who purchased or otherwise acquired Snap's publicly traded securities, and/or sold Snap put options, between April 23, 2021 and October 21, 2021, inclusive, and that it purports to assert claims under Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, against Gorman and under Section 20(a) of the Exchange Act against Gorman and Spiegel, and otherwise deny the allegations in paragraph 1.

2.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Lead Plaintiff's and its counsel's investigation into the allegations in the Complaint, and otherwise deny the allegations in paragraph 2.

3.    Defendants deny the allegations in paragraph 3, except admit that the Court granted Defendants' Motion to Dismiss Plaintiff's Second Amended Class Action Complaint and that Plaintiff purports to quote from the March 13, 2023 Order Granting Defendants' Motion to Dismiss, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entire document for its complete and accurate contents.

4.    Defendants deny the allegations in paragraph 4, except admit that Snap's product, Snapchat, is a visual messaging application and that Snap generated substantially all of its revenue from advertising, which includes in part advertising to users of Apple devices.

DEFENDANTS' ANSWER TO THE THIRD AMENDED CLASS ACTION COMPLAINT

5.     Defendants deny the allegations in paragraph 5, except admit that Snap generates substantially all of its revenue from advertising, including direct response advertising, and that Snap warned in its 2020 Form 10-K and certain other SEC filings that its "advertising revenue could also be seriously harmed by" its "inability to collect and disclose data or access a user's Identifier for Advertisers or similar deterministic identifier that new and existing advertisers may find useful."

6.     Defendants deny the allegations in paragraph 6, except admit that in June 2020 Apple announced App Tracking Transparency ("ATT"), which had the potential to impose heightened restrictions on Snap's access and use of user data, which, as Snap publicly disclosed, "could reduce the demand and pricing for [Snap's] advertising products and seriously harm [Snap's] business" and admit that SKAdNetwork was Apple's product.

7.     Defendants deny the allegations in paragraph 7, except admit that Plaintiff purports to quote from a transcript of Snap's fourth quarter 2020 earnings call, an August 2020 Facebook blog post, a February 5, 2021 Pivotal Research report, and a February 4, 2021 Twitter post from Rich Greenfield but deny that Plaintiff has quoted the entire call and documents and respectfully refer the Court to the entire transcript of the quoted call and entirety of the quoted documents for their complete and accurate contents.

8.     Defendants deny the allegations in paragraph 8, except admit that Apple's rollout of its iOS changes was delayed until April 2021 and admit that Plaintiff purports to quote from uncited "media reports" and otherwise deny the allegations in paragraph 8.

9.     Defendants deny the allegations in paragraph 9, except admit that Plaintiff purports to quote from a transcript of Snap's first quarter 2021 earnings call but deny that Plaintiff has quoted the entire call and respectfully refer the Court to the entire transcript of the quoted call for its complete and accurate contents.

DEFENDANTS' ANSWER TO THE THIRD AMENDED CLASS ACTION COMPLAINT

10. Defendants deny the allegations in paragraph 10, except admit that Plaintiff purports to quote from April 22, 2021 reports from Truist Securities, Guggenheim, and Oppenheimer, and an April 23, 2021 JMP report, but deny that Plaintiff has quoted the entire documents and respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents.

11. Defendants deny the allegations in paragraph 11, except admit that the closing price of Snap's Class A shares was $57.05 on April 22, 2021 and was $83.11 on September 24, 2021.

12. Defendants deny the allegations in paragraph 12, except admit that Gorman was Snap's Chief Business Officer and that Gorman communicated with certain analysts.

13. Defendants deny the allegations in paragraph 13, except admit that Plaintiff purports to quote from a July 22, 2021 Evercore report, a July 23, 2021 Jefferies report, a July 23, 2021 Morningstar report, an October 18, 2021 Truist report, an October 18, 2021 J.P. Morgan report, and an October 19, 2021 MKM Partners report, but deny that Plaintiff has quoted the entire documents and respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents.

14. Defendants deny the allegations in paragraph 14, except admit that Snap's 2021 third quarter revenue was about $3 million (0.3%) below its previously issued guidance.

15. Defendants deny the allegations in paragraph 15 except admit that Plaintiff purports to quote from transcripts of Snap's first quarter 2021 earnings call and third quarter 2021 earnings call, but deny that Plaintiff has quoted the entire calls and respectfully refer the Court to the entire transcripts of the quoted calls for their complete and accurate contents.

16. Paragraph 16 states a legal conclusion to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations in

paragraph 16, except admit that the closing price of Snap's Class A shares was $75.11 on October 21, 2021 and was $55.14 on October 22, 2021 and admit that Plaintiff purports to quote from an October 22, 2021 RBC Capital Markets report, and an October 22, 2021 MKM Partners report, but deny that Plaintiff has quoted the entire documents and respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents.

17.     Defendants lack knowledge or information sufficient to form a belief as to the content of any information provided by unnamed confidential witnesses to Lead Plaintiff's counsel, and otherwise deny the allegations in paragraph 17.

18.     Defendants lack knowledge or information sufficient to form a belief as to the content of any information provided by unnamed confidential witnesses to Lead Plaintiff's counsel, and otherwise deny the allegations in paragraph 18.

19.     Defendants lack knowledge or information sufficient to form a belief as to the content of any information provided by unnamed confidential witnesses to Lead Plaintiff's counsel, and otherwise deny the allegations in paragraph 19.

20.     Paragraph 20 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations except admit that the closing price of Snap's Class A shares was $10.01 on April 21, 2023.

21.     Paragraph 21 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

22.     Paragraph 22 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations, except admit that Snap's corporate headquarters is in Santa Monica, California.

23.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Lead Plaintiff, and otherwise deny the allegations in paragraph 23.

24.     Defendants deny the allegations in paragraph 24, except admit that Snap Inc. is a Delaware corporation with its principal executive offices located at 3000 31st

5

Street, Santa Monica, CA 90405, that Defendant Snap Inc. began its operations in 2011, and that Snap Inc.'s Class A shares trade on the New York Stock Exchange under the ticker symbol "SNAP."

25.    Defendants deny the allegations in paragraph 25, except admit that Gorman was the Chief Business Officer at Snap Inc. from November 2018 to September 2022, and admit that Plaintiff purports to quote from an August 4, 2019 CNBC article and a March 15, 2019 *Adweek* article, but deny that Plaintiff has quoted the entire documents and respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents.

26.    Defendants deny the allegations in paragraph 26, except admit that Gorman worked at Amazon from 2012 to 2018 and that she previously worked at Yahoo, *Variety* magazine, and Monster.com.

27.    Paragraph 27 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations except admit that Gorman had access to non-public information concerning Snap during her tenure as Chief Business Officer.

28.    Paragraph 28 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

29.    Paragraph 29 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations except admit that Snap's Class A shares trade on the New York Stock Exchange.

30.    Defendants deny the allegations in paragraph 30, except admit that Spiegel is named as a defendant in this action solely as a control person pursuant to Section 20(a) of the Exchange Act and that Spiegel co-founded Snap in 2011 and has served as the Company's Chief Executive Officer and as a member of the Company's Board of Directors since May 2012, and admit that Plaintiff purports to quote from Snap's 2020 Form 10-K, but deny that Plaintiff has quoted the entire document and

DEFENDANTS' ANSWER TO THE THIRD AMENDED CLASS ACTION COMPLAINT

respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

31.    Defendants deny the allegations in paragraph 31 except admit that Spiegel participated in certain of the Company's quarterly earnings calls and conference calls and made other public statements and admit that on certain of these calls and in some of these public statements he discussed ATT and SKAdNetwork.

32.    Paragraph 32 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

33.    Defendants admit the allegations in Paragraph 33.

34.    Defendants deny the allegations in paragraph 34, except admit that Snap's product, Snapchat, is a visual messaging application, that substantially all of Snap's revenue is generated from advertising, and that Plaintiff purports to quote from Snap's Form 10-K for the year ending December 31, 2020, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

35.    Defendants deny the allegations in paragraph 35, except admit that in the quarter ending December 31, 2020, Snap had 265 million daily active users on average, that engagement from Snapchat users occurs in part on smartphones with iOS operating systems, and that Plaintiff purports to quote from an undated Needham report but Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the citation and accordingly deny it.

36.    Defendants deny the allegations in paragraph 36, except admit that Snap generates substantially all of its revenue from advertising and that advertising includes direct response advertising.

37.    Defendants deny the allegations in paragraph 37, except admit that Plaintiff purports to quote from an April 22, 2020 Campaign article, an April 22 2020 CNBC article, and an October 21, 2020 MarketingDive.com article, but deny that

DEFENDANTS' ANSWER TO THE THIRD AMENDED CLASS ACTION COMPLAINT

Plaintiff has quoted the entire documents and respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents.

38.    Defendants deny the allegations in paragraph 38, except admit that Plaintiff purports to quote from transcripts of Snap's first quarter 2020 earnings call and third quarter 2020 earnings call, and from a transcript of a May 12, 2020 J.P. Morgan conference, but deny that Plaintiff has quoted the entire calls and documents and respectfully refer the Court to the entire transcripts of the quoted calls and entirety of the quoted documents for their complete and accurate contents.

39.    Defendants deny the allegations in paragraph 39, except admit that Plaintiff purports to quote from transcripts of Snap's fourth quarter 2020 earnings call, first quarter 2021 earnings call, and second quarter 2021 earnings call, but deny that Plaintiff has quoted the entire calls and respectfully refer the Court to the entirety of the transcript of the quoted calls for their complete and accurate contents.

40.    Defendants deny the allegations in paragraph 40, except admit that Plaintiff purports to quote from a February 4, 2021 Truist Securities report, an April 22, 2021 Canaccord Genuity report, and an April 23, 2021 J.P. Morgan report, but deny that Plaintiff has quoted the entire documents and respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents.

41.    Defendants deny the allegations in paragraph 41 except admit that Snap warned in its 2020 Form 10-K and certain other SEC filings that it "rel[ies] heavily on [its] ability to collect and disclose data and metrics to and for our advertisers."

42.    Defendants deny the allegations in paragraph 42, except admit that Plaintiff purports to quote from Snap's 2020 Form 10-K but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

43.    Defendants deny the allegations in paragraph 43, except admit that Plaintiff purports to quote from Snap's 2019 Form 10-K but deny that Plaintiff has

DEFENDANTS' ANSWER TO THE THIRD AMENDED CLASS ACTION COMPLAINT

quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

44.    Defendants deny the allegations in paragraph 44, except admit that Snap warned in its 2020 Form 10-K and certain other SEC filings that its "advertising revenue could also be seriously harmed by" its "inability to collect and disclose data or access a user's Identifier for Advertisers or similar deterministic identifier that new and existing advertisers may find useful."

45.    Defendants deny the allegations in paragraph 45, except admit that Snap warned in its 2020 Form 10-K and certain other SEC filings that its "advertising revenue could also be seriously harmed by" its " inability to collect and disclose data or access a user's Identifier for Advertisers or similar deterministic identifier that new and existing advertisers may find useful."

46.    Defendants deny the allegations in paragraph 46, except admit that Snap warned in its first quarter 2021 Form 10-Q and certain other SEC filings that its "advertising revenue could also be seriously harmed by" its "inability to collect and disclose data or access a user's Identifier for Advertisers or similar deterministic identifier that new and existing advertisers may find useful."

47.    Defendants deny the allegations in paragraph 47, except admit that in June 2020 Apple announced ATT, which could impose heightened restrictions on Snap's access and use of user data.

48.    Defendants deny the allegations in paragraph 48, except admit that in June 2020 Apple announced ATT, which could impose heightened restrictions on Snap's access and use of user data.

49.    Defendants deny the allegations in paragraph 49, except admit that Snap publicly disclosed that ATT could impose heightened restrictions on Snap's access and use of user data, which Snap publicly disclosed could reduce the demand and pricing for Snap's advertising products and seriously harm Snap's business.

DEFENDANTS' ANSWER TO THE THIRD AMENDED CLASS ACTION COMPLAINT

50.    Defendants deny the allegations in paragraph 50, except admit that Plaintiff purports to quote from a June 22, 2020 Vox article, a July 24, 2020 MacQuarie report, a January 28, 2021 Needham & Company report, and a September 3, 2020 *Forbes* article, but deny that Plaintiff has quoted the entire documents and respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents.

51.    Defendants deny the allegations in paragraph 51, except admit that Apple offered SKAdNetwork as its proprietary solution to allow app-based advertisers to continue measuring advertising on iOS.

52.    Defendants deny the allegations in paragraph 52, except admit that Snap publicly disclosed that Apple's iOS changes could impose heightened restrictions on Snap's access and use of user data and reduce the quantity and quality of the data and metrics that could be collected and used by Snap and its partners.

53.    Defendants deny the allegations in paragraph 53, except admit that Plaintiff purports to quote from a July 24, 2020 MacQuarie report and a December 15, 2020 CNBC article but deny that Plaintiff has quoted the entire documents and respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents.

54.    Defendants deny the allegations in paragraph 54, except admit that Plaintiff purports to quote from a July 14, 2020 Branch website page and a October 28, 2020 AppsFlyer website page, but deny that Plaintiff has quoted the entire documents and respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents.

55.    Defendants deny the allegations in paragraph 55 except admit that Plaintiff purports to quote from Facebook blog posts from June 18, 2020 and August 26, 2020 but deny that Plaintiff has quoted the entire documents and respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents.

56. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 except admit that Plaintiff purports to quote from Facebook's fourth quarter 2020 earnings call, its presentation at the 2021 Morgan Stanley Technology, Media and Telecom Conference on March 2, 2021, and its Form 10-K filed on January 28, 2021 but deny that Plaintiff has quoted the entire documents, calls, or presentations and respectfully refer the Court to the entirety of the quoted documents, transcripts of the entirety of the quoted calls, and entirety of the presentations for their complete and accurate contents. Defendants further admit that footnote 1 purports to quote from Facebook's Form 10-K filed on January 28, 2021 but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

57. Defendants deny the allegations in paragraph 57 except admit that Plaintiff purports to quote from a transcript of Snap's fourth quarter 2020 earnings call but deny that Plaintiff has quoted the entire call and respectfully refer the Court to the entirety of the transcript of the quoted call for its complete and accurate contents.

58. Defendants deny the allegations in paragraph 58 except admit that Snap held its fourth quarter 2020 earnings call on February 4, 2021, that on that call it announced year-over-year quarterly revenue growth of 62%, and that Plaintiff purports to quote from a transcript of Snap's fourth quarter 2020 earnings call, but deny that Plaintiff has quoted the entire call and respectfully refer the Court to the entirety of the transcript of the quoted call for its complete and accurate contents.

59. Defendants deny the allegations in paragraph 59 except admit that Plaintiff purports to quote from a transcript of Snap's fourth quarter 2020 earnings call but deny that Plaintiff has quoted the entire call and respectfully refer the Court to the entirety of the transcript of the quoted call for its complete and accurate contents.

60. Defendants deny the allegations in paragraph 60 except admit that Plaintiff purports to quote from a February 5, 2021 appearance by Mr. Spiegel on CNBC but deny that Plaintiff has quoted the entire appearance and respectfully refer the Court to the entirety of the quoted appearance for its complete and accurate contents.

61. Defendants deny the allegations in paragraph 61 except admit that Plaintiff purports to quote from a February 4, 2021 Guggenheim report and a February 5, 2021 Pivotal Research report but deny that Plaintiff has quoted the entire documents and respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents.

62. Defendants deny the allegations in paragraph 62 except admit that Plaintiff purports to quote from a Tweet or series of Tweets posted by Rich Greenfield on February 4, 2021.

63. Defendants deny the allegations in paragraph 63 except admit that Plaintiff purports to quote from a transcript of Snap's February 23, 2021 Investor Day presentation, but deny that Plaintiff has quoted the entire Investor Day presentation and respectfully refer the Court to the entirety of the transcript of the Investor Day presentation for its complete and accurate contents.

64. Defendants deny the allegations in paragraph 64 except admit that the closing price of Snap's Class A shares was $70.45 on February 23, 2021 and that Snap's market capitalization was approximately $106 billion on or about February 23, 2021.

65. Defendants deny the allegations in paragraph 65 except admit that Plaintiff purports to quote from a February 23, 2021 Guggenheim report, a February 24, 2021 Jefferies report, a February 23, 2021 Piper Sandler report, and a February 24, 2021 Pivotal Research Group report, but deny that Plaintiff has quoted the entire documents and respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents.

DEFENDANTS' ANSWER TO THE THIRD AMENDED CLASS ACTION COMPLAINT

66.    Defendants deny the allegations in paragraph 66 except admit that the rollout of ATT was delayed and that Plaintiff purports to quote from a September 3, 2020 Apple announcement but deny that Plaintiff has quoted the entire announcement and respectfully refer the Court to the entirety of the announcement for its complete and accurate contents.

67.    Defendants deny the allegations in paragraph 67 except admit that Plaintiff purports to quote from a September 3, 2020 *Forbes* article and a September 14, 2020 Berenberg report but deny that Plaintiff has quoted the entire documents and respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents.

68.    Defendants deny the allegations in paragraph 68 except admit that Snap disclosed on its first quarter 2021 earnings call that "[t]he fact that [ATT is] coming later than we anticipated has provided additional time to adopt Apple's SKAdNetwork and begin implementing and testing with our partners" and admit that Plaintiff purports to quote from a February 18, 2021 page on Branch's website but deny that Plaintiff has quoted the entire call and document and respectfully refer the Court to the entire transcript of the quoted call and entirety of the quoted document for complete and accurate contents.

69.    Defendants deny the allegations in paragraph 69 except admit that Plaintiff purports to quote from a February 18, 2021 page on Branch's website but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for complete and accurate contents.

70.    Defendants deny the allegations in paragraph 70 except admit that Plaintiff purports to quote pages on AppsFlyer's website dated September 3, 2020 and February 18, 2021 (which itself purports to quote guidance that Snap issued) but deny that Plaintiff has quoted the entire documents and respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents.

13

DEFENDANTS' ANSWER TO THE THIRD AMENDED CLASS ACTION COMPLAINT

71. Defendants deny the allegations in paragraph 71 except admit that Plaintiff purports to quote announcements by Adjust, Singular, and Kochava from on or about February 18, 2021, but deny that Plaintiff has quoted the entire announcements and respectfully refer the Court to the entirety of the announcements for their complete and accurate contents.

72. Defendants deny the allegations in paragraph 72 except admit that the ATT rollout was delayed and that on April 20, 2021 Apple announced that ATT would begin to be rolled out starting April 26, 2021 and admit that Plaintiff purports to quote from a transcript of Snap's first quarter 2021 earnings call, but deny that Plaintiff has quoted the entire call and respectfully refer the Court to the entire transcript of the quoted call for its complete and accurate contents.

73. Defendants deny the allegations in paragraph 73 except admit that Snap's first quarter 2021 revenue was about $770 million, representing an approximately 66% year-over-year increase and admit that Plaintiff purports to quote from a transcript of Snap's first quarter 2021 earnings call, but deny that Plaintiff has quoted the entire call and respectfully refer the Court to the entire transcript of the quoted call for its complete and accurate contents.

74. Defendants deny the allegations in paragraph 74 except admit that Plaintiff purports to quote from a transcript of Snap's first quarter 2021 earnings call but deny that Plaintiff has quoted the entire call and respectfully refer the Court to the entire transcript of the quoted call for its complete and accurate contents.

75. Defendants deny the allegations in paragraph 75 except admit that Plaintiff purports to quote from a transcript of Snap's first quarter 2021 earnings call but deny that Plaintiff has quoted the entire call and respectfully refer the Court to the entire transcript of the quoted call for its complete and accurate contents. Defendants further admit that footnote 2 purports to quote from a Guggenheim Partners press release but deny that Plaintiff has quoted the entire document and respectfully refer

14

the Court to the entirety of the quoted document for its complete and accurate contents.

76.    Defendants deny the allegations in paragraph 76 and respectfully refer the Court to the transcript of Snap's first quarter 2021 earnings call for its complete and accurate contents.

77.    Defendants deny the allegations in paragraph 77, except admit that the closing price of Snap's Class A shares on April 22, 2021 was $57.05 and was $61.30 on April 23, 2021.

78.    Defendants deny the allegations in paragraph 78, except admit that Plaintiff purports to quote from an April 23, 2021 JMP report and an April 22, 2021 Truist Securities report, but deny that Plaintiff has quoted the entire documents and respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents.

79.    Defendants deny the allegations in paragraph 79, except admit that Plaintiff purports to quote from an April 22, 2021 Truist Securities report but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.  Defendants further admit that footnote 3 purports to discuss a Cantor Fitzgerald press release but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

80.    Defendants deny the allegations in paragraph 80 and footnote 4, except admit that Plaintiff purports to quote from an April 22, 2021 Guggenheim report but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

81.    Defendants deny the allegations in paragraph 81 and footnote 5, except admit that Plaintiff purports to quote from an April 23, 2021 JMP report but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for their complete and accurate contents.

15

82. Defendants deny the allegations in paragraph 82 and footnotes 6 and 7, except admit that Plaintiff purports to quote from an April 22, 2021 Oppenheimer report and an April 22, 2021 Piper Sandler report, but deny that Plaintiff has quoted the entire documents and respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents.

83. Defendants deny the allegations in paragraph 83 and footnotes 8, 9, and 10, except admit that Plaintiff purports to quote from an April 22, 2021 Raymond James report, an April 22, 2021 Canaccord Genuity report, and an April 23, 2021 J.P. Morgan report, but deny that Plaintiff has quoted the entire documents and respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents.

84. Defendants deny the allegations in paragraph 84 and footnote 11, except admit that Plaintiff purports to quote from an April 22, 2021 *Social Media Today* article and an April 23, 2021 Bloomberg article, but deny that Plaintiff has quoted the entire documents and respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents.

85. Defendants deny the allegations in paragraph 85, except admit that Plaintiff purports to quote from a July 15, 2021 J.P. Morgan report but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

86. Defendants deny the allegations in paragraph 86 and the accompanying graphic, except admit that Plaintiff purports to quote from a transcript of Snap's first quarter 2021 earnings call and April 2021 reports from Truist Securities, Piper Sandler, Guggenheim Securities LLC, JMP, Raymond Jones, Canaccord Genuity, J.P Morgan, Oppenheimer, and Bloomberg but deny that Plaintiff has quoted the entire documents or calls and respectfully refer the Court to the entirety of the quoted documents and transcript of the entirety of the quoted calls for their complete and accurate contents.

DEFENDANTS' ANSWER TO THE THIRD AMENDED CLASS ACTION COMPLAINT

87.     Defendants deny the allegations in paragraph 87, except admit that Gorman was Snap's Chief Business Officer and that Gorman spoke about Snap's advertising business on certain Snap earnings calls.

88.     Defendants deny the allegations in paragraph 88, except admit that Gorman was Snap's Chief Business Officer and that Gorman spoke about Snap's advertising business on certain Snap earnings calls.

89.     Defendants deny the allegations in paragraph 89, except admit that Gorman worked at Monster.com from 1999 to 2005, *Variety* magazine from 2005 to 2007, Yahoo from 2007 to 2012, Amazon from 2012 to 2018, and Snap from 2018 to 2022.

90.     Defendants deny the allegations in paragraph 90, except admit that Gorman was Snap's Chief Business Officer and admit that Plaintiff purports to quote from a transcript of Snap's fourth quarter 2018 earnings call but deny that Plaintiff has quoted the entire call and respectfully refer the Court to the entire transcript of the quoted call for its complete and accurate contents.

91.     Defendants deny the allegations in paragraph 91, except admit that Gorman was Snap's Chief Business Officer, that Gorman spoke about Snap's advertising business on earnings calls, and that Plaintiff purports to quote from Snap's first quarter 2019 earnings call, but deny that Plaintiff has quoted the entire call and respectfully refer the Court to the entire transcript of the quoted call for its complete and accurate contents.

92.     Defendants deny the allegations in paragraph 92, except admit that Gorman spoke about Snap's advertising business on certain Snap earnings calls and that Plaintiff purports to quote an undated "mid-2020" interview with J.P. Morgan Chase and other uncited documents, but deny that Plaintiff has quoted the entire interview or documents and respectfully refer the Court to the entirety of the quoted documents and transcript of the interview for their complete and accurate contents.

DEFENDANTS' ANSWER TO THE THIRD AMENDED CLASS ACTION COMPLAINT

93.     Defendants deny the allegations in paragraph 93, except admit that Gorman spoke about Snap's advertising business on certain Snap earnings calls and that Plaintiff purports to quote from uncited earnings calls, but deny that Plaintiff has quoted the entire calls and respectfully refer the Court to the entire transcripts of the quoted calls for their complete and accurate contents.

94.     Defendants deny the allegations in paragraph 94, except admit that Gorman spoke about Snap's advertising business on certain Snap earnings calls and that Plaintiff purports to quote from a transcript of Snap's fourth quarter 2020 earnings call but deny that Plaintiff has quoted the entire call and respectfully refer the Court to the transcript of the entirety of the quoted call for its complete and accurate contents.

95.     Defendants deny the allegations in paragraph 95, except admit that Plaintiff purports to quote from a transcript of Snap's first quarter 2021 earnings call but deny that Plaintiff has quoted the entire call and respectfully refer the Court to the entire transcript of the quoted call for its complete and accurate contents.

96.     Paragraph 96 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

97.     Defendants deny the allegations in Paragraph 97 except admit that Plaintiff purports to quote from an unnamed and uncited analyst but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

98.     Defendants deny the allegations in paragraph 98 except admit that Plaintiff purports to quote from a transcript of Snap's second quarter 2021 earnings call but deny that Plaintiff has quoted the entire call and respectfully refer the Court to the entire transcript of the quoted call for its complete and accurate contents.

99.     Defendants deny the allegations in paragraph 99 except admit that Plaintiff purports to quote from a July 22, 2021 Evercore ISI report and a July 23, 2021 Jefferies report but deny that Plaintiff has quoted the entire documents and

DEFENDANTS' ANSWER TO THE THIRD AMENDED CLASS ACTION COMPLAINT

respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents.

100.    Defendants deny the allegations in paragraph 100 except admit that Plaintiff purports to quote from a July 23, 2021 Morningstar report and a July 22, 2021 Truist report but deny that Plaintiff has quoted the entire documents and respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents.

101.    Defendants deny the allegations in paragraph 101, except admit that the closing price of Snap's Class A shares was $62.97 on July 22, 2021, $77.97 on July 23, 2021, $57.05 on April 22, 2021, and $83.11 on September 24, 2021.

102.    Defendants deny the allegations in paragraph 102 except admit that Plaintiff purports to quote from an October 18, 2021 J.P. Morgan report, an October 18 Truist report, and an October 19, 2021 MKM Partners report but deny that Plaintiff has quoted the entire documents and respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents.

103.    Paragraph 103 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations except admit that Snap's 2021 third quarter revenue was about $3 million (0.3%) below its previously issued guidance.

104.    Defendants deny the allegations in paragraph 104 except admit that Plaintiff purports to quote from Snap's October 21, 2021 press release and a transcript of Snap's third quarter 2021 earnings call, but deny that Plaintiff has quoted the entire press release and call and respectfully refer the Court to the entirety of the quoted press release and the entirety of the transcript of the quoted call for their complete and accurate contents.

105.    Defendants deny the allegations in paragraph 105 except admit that Plaintiff purports to quote from a transcript of Snap's third quarter 2021 earnings call

DEFENDANTS' ANSWER TO THE THIRD AMENDED CLASS ACTION COMPLAINT

but deny that Plaintiff has quoted the entire call and respectfully refer the Court to the entirety of the transcript of the quoted call for its complete and accurate contents.

106. Defendants deny the allegations in paragraph 106 except admit that Plaintiff purports to quote from a transcript of Snap's third quarter 2021 earnings call but deny that Plaintiff has quoted the entire call and respectfully refer the Court to the entirety of the transcript of the quoted call for its complete and accurate contents.

107. Defendants deny the allegations in paragraph 107 except admit that Plaintiff purports to quote from a transcript of Snap's third quarter 2021 earnings call but deny that Plaintiff has quoted the entire call and respectfully refer the Court to the entirety of the transcript of the quoted call for its complete and accurate contents.

108. Defendants deny the allegations in paragraph 108 except admit that Plaintiff purports to quote from a transcript of Snap's third quarter 2021 earnings call but deny that Plaintiff has quoted the entire call and respectfully refer the Court to the entirety of the transcript of the quoted call for its complete and accurate contents.

109. Defendants deny the allegations in paragraph 109, except admit that the closing price of Snap's Class A shares was $55.14 on October 22, 2021 and was $75.11 on October 21, 2021.

110. Defendants deny the allegations in paragraph 110, except admit that Plaintiff purports to quote from an October 22, 2021 RBC Capital Markets report but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

111. Defendants deny the allegations in paragraph 111, except admit that Plaintiff purports to quote from an October 22, 2021 MKM Partners report, an October 22, 2021 article from *Barron's*, and an October 21, 2021 Evercore ISI report, but deny that Plaintiff has quoted the entire documents and respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents.

112. Defendants deny the allegations in paragraph 112, except admit that Plaintiff purports to quote from an October 21, 2021 UBS report, an October 22, 2021

DEFENDANTS' ANSWER TO THE THIRD AMENDED CLASS ACTION COMPLAINT

Jeffries report, and an October 21, 2021 Evercore ISI report, but deny that Plaintiff has quoted the entire documents and respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents.

113.    Defendants deny the allegations in paragraph 113, except admit that Plaintiff purports to quote from an October 22, 2021 Wells Fargo report, an October 22, 2021 Susquehanna Financial Group report, and an October 21, 2021 Guggenheim report, but deny that Plaintiff has quoted the entire documents and respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents.

114.    Defendants deny the allegations in paragraph 114, except admit that Plaintiff purports to quote from Snap's third quarter 2021 Form 10-Q but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

115.    Defendants deny the allegations in paragraph 115, except admit that Plaintiff purports to quote from Snap's presentation at the 2021 Morgan Stanley Technology, Media and Telecom Conference on November 17, 2021, but deny that Plaintiff has quoted the entire presentation and respectfully refer the Court to the entirety of the quoted presentation for its complete and accurate contents.

116.    Defendants deny the allegations in paragraph 116 and respectfully refer the Court to the entirety of Snap's presentation at the 2021 Morgan Stanley Technology, Media and Telecom Conference on November 17, 2021 for its complete and accurate contents.

117.    Defendants deny the allegations in paragraph 117.

118.    Defendants deny the allegations in paragraph 118 except admit that Snap had a net loss of about $422 million in the second quarter of 2022 and year-over-year revenue growth of about 13% in the second quarter of 2022.

119.    Defendants deny the allegations in paragraph 119 except admit that Snap's July 21, 2022 press release did not provide financial guidance for the third

quarter of 2022 and that Plaintiff purports to quote from Snap's July 21, 2022 investor letter, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

120. Defendants deny the allegations in paragraph 120 except admit that Snap's year-over-year revenue growth was approximately 6% in the third quarter of 2022, that Snap's October 20, 2022 press release did not provide financial guidance for the fourth quarter of 2022 in its October 20, 2022 press release, and that Plaintiff purports to quote from an Evercore ISI report and an October 21, 2022 CNBC article but deny that Plaintiff has quoted the entire documents and respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents.

121. Defendants deny the allegations in paragraph 121 except admit that Snap's January 31, 2023 press release announced that Snap had year-over-year revenue growth of about 0.1% in the fourth quarter of 2022 and that Plaintiff purports to quote from an January 31, 2023 *Financial Times* article, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

122. Paragraph 122 states legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations except admit that the closing price of Snap's Class A shares was $10.01 on April 21, 2023.

123. Defendants lack knowledge or information sufficient to form a belief as to the content of any information provided by unnamed confidential witnesses to Lead Plaintiff's counsel, and otherwise deny the allegations in paragraph 123.

124. Defendants lack knowledge or information sufficient to form a belief as to the content of any information provided by unnamed confidential witnesses to Lead Plaintiff's counsel, and otherwise deny the allegations in paragraph 124 and footnote 13.

125.   Defendants lack knowledge or information sufficient to form a belief as to the content of any information provided by unnamed confidential witnesses to Lead Plaintiff's counsel, and otherwise deny the allegations in paragraph 125.

126.   Defendants lack knowledge or information sufficient to form a belief as to the content of any information provided by unnamed confidential witnesses to Lead Plaintiff's counsel, and otherwise deny the allegations in paragraph 126.

127.   Defendants lack knowledge or information sufficient to form a belief as to the content of any information provided by unnamed confidential witnesses to Lead Plaintiff's counsel, and otherwise deny the allegations in paragraph 127.

128.   Defendants lack knowledge or information sufficient to form a belief as to the content of any information provided by unnamed confidential witnesses to Lead Plaintiff's counsel, and otherwise deny the allegations in paragraph 128 and footnote 14.

129.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Lead Plaintiff's and its counsel's investigation into the allegations in the Complaint or the content of any information provided by unnamed confidential witnesses to Lead Plaintiff's counsel, and otherwise deny the allegations in paragraph 129.

130.   Defendants lack knowledge or information sufficient to form a belief as to the content of any information provided by unnamed confidential witnesses to Lead Plaintiff's counsel, and otherwise deny the allegations in paragraph 130.

131.   Defendants lack knowledge or information sufficient to form a belief as to the content of any information provided by unnamed confidential witnesses to Lead Plaintiff's counsel, and otherwise deny the allegations in paragraph 131.

132.   Defendants lack knowledge or information sufficient to form a belief as to the content of any information provided by unnamed confidential witnesses to Lead Plaintiff's counsel, and otherwise deny the allegations in paragraph 132.

DEFENDANTS' ANSWER TO THE THIRD AMENDED CLASS ACTION COMPLAINT

133.   Defendants lack knowledge or information sufficient to form a belief as to the content of any information provided by unnamed confidential witnesses to Lead Plaintiff's counsel, and otherwise deny the allegations in paragraph 133, except admit that Plaintiff purports to include a photo of an April 15, 2021 message.

134.   Defendants lack knowledge or information sufficient to form a belief as to the content of any information provided by unnamed confidential witnesses to Lead Plaintiff's counsel, and otherwise deny the allegations in paragraph 134, except admit that Plaintiff purports to include a photo of a redacted card.

135.   Defendants lack knowledge or information sufficient to form a belief as to the content of any information provided by unnamed confidential witnesses to Lead Plaintiff's counsel, and otherwise deny the allegations in paragraph 135.

136.   Defendants lack knowledge or information sufficient to form a belief as to the content of any information provided by unnamed confidential witnesses to Lead Plaintiff's counsel, and otherwise deny the allegations in paragraph 136.

137.   Defendants lack knowledge or information sufficient to form a belief as to the content of any information provided by unnamed confidential witnesses to Lead Plaintiff's counsel, and otherwise deny the allegations in paragraph 137 and footnote 15.

138.   Defendants lack knowledge or information sufficient to form a belief as to the content of any information provided by unnamed confidential witnesses to Lead Plaintiff's counsel, and otherwise deny the allegations in paragraph 138, except admit that Plaintiff purports to quote from a transcript of Snap's February 23, 2021 Investor Day presentation, but deny that Plaintiff has quoted the entire Investor Day presentation and respectfully refer the Court to the entirety of the transcript of the Investor Day presentation for its complete and accurate contents.

139.   Defendants lack knowledge or information sufficient to form a belief as to the content of any information provided by unnamed confidential witnesses to Lead Plaintiff's counsel, and otherwise deny the allegations in paragraph 139.

DEFENDANTS' ANSWER TO THE THIRD AMENDED CLASS ACTION COMPLAINT

140.   Defendants lack knowledge or information sufficient to form a belief as to the content of any information provided by unnamed confidential witnesses to Lead Plaintiff's counsel, and otherwise deny the allegations in paragraph 140.

141.   Defendants lack knowledge or information sufficient to form a belief as to the content of any information provided by unnamed confidential witnesses to Lead Plaintiff's counsel, and otherwise deny the allegations in paragraph 141.

142.   Defendants lack knowledge or information sufficient to form a belief as to the content of any information provided by unnamed confidential witnesses to Lead Plaintiff's counsel, and otherwise deny the allegations in paragraph 142.

143.   Defendants lack knowledge or information sufficient to form a belief as to the content of any information provided by unnamed confidential witnesses to Lead Plaintiff's counsel, and otherwise deny the allegations in paragraph 143.

144.   Defendants lack knowledge or information sufficient to form a belief as to the content of any information provided by unnamed confidential witnesses to Lead Plaintiff's counsel, and otherwise deny the allegations in paragraph 144.

145.   Defendants lack knowledge or information sufficient to form a belief as to the content of any information provided by unnamed confidential witnesses to Lead Plaintiff's counsel, and otherwise deny the allegations in paragraph 145.

146.   Defendants lack knowledge or information sufficient to form a belief as to the content of any information provided by unnamed confidential witnesses to Lead Plaintiff's counsel, and otherwise deny the allegations in paragraph 146.

147.   Defendants lack knowledge or information sufficient to form a belief as to the content of any information provided by unnamed confidential witnesses to Lead Plaintiff's counsel, and otherwise deny the allegations in paragraph 147.

148.   Defendants lack knowledge or information sufficient to form a belief as to the content of any information provided by unnamed confidential witnesses to Lead Plaintiff's counsel, and otherwise deny the allegations in paragraph 148.

DEFENDANTS' ANSWER TO THE THIRD AMENDED CLASS ACTION COMPLAINT

149. Defendants lack knowledge or information sufficient to form a belief as to the content of any information provided by unnamed confidential witnesses to Lead Plaintiff's counsel, and otherwise deny the allegations in paragraph 149.

150. Defendants lack knowledge or information sufficient to form a belief as to the content of any information provided by unnamed confidential witnesses to Lead Plaintiff's counsel, and otherwise deny the allegations in paragraph 150.

151. Defendants lack knowledge or information sufficient to form a belief as to the content of any information provided by unnamed confidential witnesses to Lead Plaintiff's counsel, and otherwise deny the allegations in paragraph 151.

152. Defendants lack knowledge or information sufficient to form a belief as to the content of any information provided by unnamed confidential witnesses to Lead Plaintiff's counsel, and otherwise deny the allegations in paragraph 152.

153. Paragraph 153 states legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations.

154. Paragraph 154 states legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations.

155. Defendants deny the allegations in paragraph 155 except admit the Snap held its first quarter 2021 earnings call on April 22, 2021 and that Plaintiff purports to quote from Snap's first quarter 2021 earnings call, but deny that Plaintiff has quoted the entire call and respectfully refer the Court to the entirety of the transcript of the quoted call for its complete and accurate contents.

156. Paragraph 156 states legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations except admit that Plaintiff purports to quote from a transcript of Snap's first quarter 2021 earnings call, but deny that Plaintiff has quoted the entire call and respectfully refer the Court to the entirety of the transcript of the quoted call for its complete and accurate contents.

157.    Paragraph 157 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations except admit that Plaintiff purports to quote from a transcript of Snap's third quarter 2021 earnings call, but deny that Plaintiff has quoted the entire call and respectfully refer the Court to the entirety of the transcript of the quoted call for its complete and accurate contents.

158.    Paragraph 158 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations except admit that Plaintiff purports to quote from a transcript of Snap's first quarter 2021 earnings call and purports to discuss Snap's third quarter 2021 earnings call, but deny that Plaintiff has quoted the entire calls and respectfully refer the Court to the entirety of the transcripts of the quoted calls for their complete and accurate contents.

159.    Paragraph 159 states legal conclusions to which Defendants need not respond.   To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the content of any information provided by unnamed confidential witnesses to Lead Plaintiff's counsel, and otherwise deny the allegations in paragraph 159.

160.    Paragraph 160 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations but admit that Snap publicly disclosed in its second quarter 2020 10-Q and certain other SEC filings that ATT could impose heightened restrictions on Snap's access and use of user data, which Snap publicly disclosed could reduce the demand and pricing for Snap's advertising products and seriously harm Snap's business.

161.    Defendants incorporate by reference their responses to paragraphs 37, 38, 39, and 40 contained above, and otherwise deny the allegations in paragraph 161 except admit that Snap generates substantially all of its revenue from advertising, which includes in part advertising to users of Apple devices.

162. Defendants incorporate by reference their responses to paragraphs 50 and 53 contained above and otherwise deny the allegations in paragraph 162 except admit that Plaintiff purports to quote from a January 5, 2021 CNBC article and a December 16, 2020 Bank of America report but deny that Plaintiff has quoted the entire documents and respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents.

163. Defendants lack knowledge or information sufficient to form a belief as to the content of any information provided by unnamed confidential witnesses to Lead Plaintiff's counsel, and otherwise deny the allegations in paragraph 163.

164. Defendants incorporate by reference their responses to paragraphs 78 through 86 contained above and otherwise deny the allegations in paragraph 164 except admit that Plaintiff purports to quote from an April 23, 2021 JMP report, an April 22, 2021 Guggenheim report, an April 22, 2021 Truist report, and an April 22, 2021 Piper Sandler report but deny that Plaintiff has quoted the entire documents and respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents.

165. Defendants incorporate by reference their responses to paragraphs 97 through 102 contained above and otherwise deny the allegations in paragraph 165 except admit that Plaintiff purports to quote from a July 23, 2021 Morningstar report and a July 22, 2021 Truist report but deny that Plaintiff has quoted the entire documents and respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents.

166. Defendants deny the allegations in paragraph 166 except admit that Plaintiff purports to quote from an October 18, 2021 Truist report, October 18, 2021 J.P. Morgan report, and an October 19, 2021 MKM Partners report but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

167. Defendants deny the allegations in paragraph 167.

DEFENDANTS' ANSWER TO THE THIRD AMENDED CLASS ACTION COMPLAINT

168. Defendants deny the allegations in paragraph 168 except admit that Gorman was Snap's Chief Business Officer and that Plaintiff purports to quote from an undated J.P. Morgan interview with Gorman but deny that Plaintiff has quoted the entire interview and respectfully refer the Court to the entirety of the transcript of the quoted interview for its complete and accurate contents.

169. Defendants deny the allegations in paragraph 169 except admit that Gorman was Snap's Chief Business Officer and that Plaintiff purports to quote from a June 17, 2019 CNN Business article but deny that Plaintiff has quoted the entire interview and respectfully refer the Court to the entirety of the quoted interview for its complete and accurate contents.

170. Defendants deny the allegations in paragraph 170 except admit that Gorman was Snap's Chief Business Officer.

171. Defendants deny the allegations in paragraph 171 except admit that Plaintiff purports to quote from a March 15, 2019 *Adweek* article and a March 26, 2021 DigiDay article but deny that Plaintiff has quoted the entire documents and respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents.

172. Defendants deny the allegations in paragraph 172, except admit that Gorman spoke about Snap's advertising business and SKAdNetwork on certain Snap earnings calls.

173. Defendants deny the allegations in paragraph 173 except admit that Plaintiff purports to quote from a transcript of Snap's fourth quarter 2020 earnings call but deny that Plaintiff has quoted the entire call and respectfully refer the Court to the entirety of the transcript of the quoted call for its complete and accurate contents.

174. Defendants deny the allegations in paragraph 174 except admit that Plaintiff purports to quote from a transcript of Snap's first quarter 2021 earnings call,

but deny that Plaintiff has quoted the entire call and respectfully refer the Court to the entirety of the transcript of the quoted call for its complete and accurate contents.

175.    Defendants deny the allegations in paragraph 175 except admit that Snap publicly disclosed in its second quarter 2020 10-Q and certain other SEC filings that ATT could impose heightened restrictions on Snap's access and use of user data, which Snap publicly disclosed could reduce the demand and pricing for Snap's advertising products and seriously harm Snap's business.

176.    Defendants deny the allegations in paragraph 176 except admit that Apple delayed the rollout of ATT and that Plaintiff purports to quote from a transcript of Snap's first quarter 2021 earnings call, but deny that Plaintiff has quoted the entire call and respectfully refer the Court to the entirety of the transcript of the quoted call for its complete and accurate contents.

177.    Defendants deny the allegations in paragraph 177 except admit that Plaintiff purports to quote from an April 22, 2021 Truist report, an April 22, 2021 Oppenheimer report, an April 22, 2021 Canaccord Genuity report, and an April 23, 2021 J.P. Morgan report but deny that Plaintiff has quoted the entire documents and respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents.

178.    Defendants deny the allegations in paragraph 178 except admit that Plaintiff purports to quote from a transcript of Snap's third quarter 2021 earnings call, but deny that Plaintiff has quoted the entire call and respectfully refer the Court to the entirety of the transcript of the quoted call for its complete and accurate contents.

179.    Defendants deny the allegations in paragraph 179 except admit that Plaintiff purports to quote undated and uncited public statements from Facebook but deny that Plaintiff has quoted the entire documents and respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents.

DEFENDANTS' ANSWER TO THE THIRD AMENDED CLASS ACTION COMPLAINT

180.   Defendants lack knowledge or information sufficient to form a belief as to the content of any information provided by unnamed confidential witnesses to Lead Plaintiff's counsel, and otherwise deny the allegations in paragraph 180.

181.   Defendants deny the allegations in paragraph 181 except admit that Plaintiff purports to quote from an October 22, 2021 RBC Capital report and an October 22, 2021 MKM Partners report but deny that Plaintiff has quoted the entire documents and respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents.

182.   Paragraph 182 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

183.   Paragraph 183 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

184.   Paragraph 184 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations, except admit that the closing price of Snap's Class A shares was $83.11 on September 24, 2021, $75.11 on October 21, 2021, and $55.14 on October 22, 2021.

185.   Paragraph 185 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

186.   Paragraph 186 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations except admit that the closing price of Snap's Class A shares was $75.11 on October 21, 2021 and $55.14 on October 22, 2021.

187.   Defendants deny the allegations in paragraph 187, except admit that Plaintiff purports to quote from an October 22, 2021 RBC Capital report, an October 22, 2021 MKM Partners report, and October 22, 2021 *Barron's* report, and an October 21, 2021 Evercore ISI report, but deny that Plaintiff has quoted the entire documents and respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents.

DEFENDANTS' ANSWER TO THE THIRD AMENDED CLASS ACTION COMPLAINT

188.    Paragraph 188 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

189.    Paragraph 189 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations, except admit that Snap's Class A shares traded on the New York Stock Exchange, that Snap filed public reports with the Securities and Exchange Commission and the New York Stock Exchange, Snap communicated with investors, and that certain analysts followed Snap.

190.    Paragraph 190 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

191.    Paragraph 191 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

192.    Paragraph 192 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

193.    Paragraph 193 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

194.    Paragraph 194 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

195.    Paragraph 195 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations, except admit that Snap shares were traded on the New York Stock Exchange and that as of October 19, 2021, there were 1,355,494,143 shares of Snap's Class A common stock outstanding.

196.    Paragraph 196 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

197.    Paragraph 197 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

DEFENDANTS' ANSWER TO THE THIRD AMENDED CLASS ACTION COMPLAINT

198.   Paragraph 198 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

199.   Paragraph 199 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

200.   Defendants repeat and incorporate by reference herein their responses to each and every paragraph contained above.

201.   Paragraph 201 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations, except admit that Lead Plaintiff purports to assert this count on behalf of all members of the Class.

202.   Paragraph 202 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

203.   Paragraph 203 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

204.   Paragraph 204 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

205.   Paragraph 205 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

206.   Paragraph 206 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

207.   Paragraph 207 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

208.   Paragraph 208 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

209.   Defendants repeat and incorporate by reference herein their responses to each and every paragraph contained above.

210.   Paragraph 210 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations, except

DEFENDANTS' ANSWER TO THE THIRD AMENDED CLASS ACTION COMPLAINT

admit that Lead Plaintiff purports to assert this count on behalf of all members of the putative Class.

211. Paragraph 211 states legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations but admit that, in their roles in senior management at Snap, Spiegel and Gorman had authority to direct certain of Snap's operations relevant to those positions and subject to oversight of the Board of Directors.

212. Paragraph 212 states legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations but admit that, in their roles in senior management at Snap, Spiegel and Gorman had authority to direct certain of Snap's operations relevant to those positions and subject to oversight of the Board of Directors.

213. Paragraph 213 states legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations, except admit that Plaintiff purports to quote from a February 5, 2021 CNBC interview and a May 21, 2021 CNBC interview with Defendant Spiegel, but deny that Plaintiff has quoted the entire interviews and respectfully refer the Court to the transcripts of the entirety of the quoted interviews for their complete and accurate contents.

214. Paragraph 214 states legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations, except admit that Plaintiff purports to quote from a May 21, 2021 CNBC interview with Defendant Spiegel, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted documents for its complete and accurate contents.

215. Paragraph 215 states legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations.

216. Paragraph 216 states legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations.

217. Paragraph 217 states legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations.

218. Defendants deny that Lead Plaintiff is entitled to relief against Defendants.

219. Defendants admit that Lead Plaintiff purports to demand a jury trial.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants hereby repeat, reallege, and incorporate herein by reference their responses to the allegations in Paragraphs 1 through 219 of the Third Amended Complaint and plead their affirmative and other defenses, without assuming the burden of proof, persuasion, or production not otherwise legally assigned to them, and without prejudice to their Answer. Defendants hereby reserve the right to amend or add additional defenses upon further investigation and discovery.

## FIRST DEFENSE

Lead Plaintiff fails, in whole or in part, to state a claim against Defendants upon which relief may be granted or for which the damages sought may be awarded.

## SECOND DEFENSE

Lead Plaintiff fails, in whole or in part, to plead facts underlying the alleged fraud with sufficient particularity as required by Federal Rule of Procedure 9(b) and the Private Securities Litigation Reform Act of 1995.

## THIRD DEFENSE

Defendants are not liable to Lead Plaintiff because the alleged fraudulent statement by Gorman on April 22, 2021 (the "April 22 statement"), which is the only remaining challenged statement, was accurate in all material respects.

## FOURTH DEFENSE

Defendants are not liable to Plaintiffs because the April 22 statement did not contain any material misrepresentations or omissions.

**FIFTH DEFENSE**

Lead Plaintiff's claims against Defendants are barred, in whole or in part, because no Defendant made any statements or omissions of material fact that they knew, or deliberately or recklessly disregarded, to be fraudulent or misleading.

**SIXTH DEFENSE**

Defendants are not liable to Lead Plaintiff because no Defendant acted with the requisite scienter, nor did any Defendant culpably participate in the alleged fraud.

**SEVENTH DEFENSE**

Defendants acted at all times in good faith and had no knowledge that the April 22 statement was false or misleading.

**EIGHTH DEFENSE**

The claims asserted in the Complaint are barred to the extent that Defendant Gorman relied, in good faith, and was entitled to rely, on advice and information provided by other Snap employees or professional advisors, if any, who may have assisted in preparing the April 2021 statement.

**NINTH DEFENSE**

Lead Plaintiff's claims against Defendants are barred, in whole or in part, because they are predicated on a statement of opinion or belief, which was neither objectively false when made nor misrepresented the speaker's subjective opinion or belief or constituted immaterial puffery or corporate optimism that are not actionable.

**TENTH DEFENSE**

Lead Plaintiff's claims against Defendants are barred, in whole or in part, because the April 22 statement was immaterial to the investment decisions of a reasonable investor.

DEFENDANTS' ANSWER TO THE THIRD AMENDED CLASS ACTION COMPLAINT

**ELEVENTH DEFENSE**

Defendants are not liable to Lead Plaintiff to the extent that the April 22 statement was accompanied by sufficient cautionary language and risk disclosures.

**TWELFTH DEFENSE**

Defendants are not liable to Lead Plaintiff because Defendants had no duty to disclose any information allegedly not disclosed.

**THIRTEENTH DEFENSE**

Lead Plaintiff's claims against Defendants are barred, in whole or in part, because Lead Plaintiff did not rely, or could not have relied, upon the allegedly false April 22 statement.

**FOURTEENTH DEFENSE**

Lead Plaintiff's claims against Defendants are barred, in whole or in part, because Plaintiffs lack standing to pursue their claims against Defendants.

**FIFTEENTH DEFENSE**

Lead Plaintiff's claims against Defendants are barred, in whole or in part, because the risks of investing in Snap securities that ultimately came to pass, if any, were adequately disclosed and thus Lead Plaintiff was warned of all the risks that Lead Plaintiff alleges were misstated or omitted.

**SIXTEENTH DEFENSE**

Lead Plaintiff's claims against Defendants are barred, in whole or in part, under the "truth on the market" doctrine because the information allegedly misrepresented or omitted was known to the market, already in the public domain and/or reasonably available to shareholders at the time Lead Plaintiff purchased its securities.

**SEVENTEENTH DEFENSE**

Lead Plaintiff's claims against Defendants are barred, in whole or in part, because Lead Plaintiff's alleged injuries were not legally or proximately caused by the allegedly false April 22 statement.

**EIGHTEENTH DEFENSE**

Lead Plaintiff's claims against Defendants are barred, in whole or in part, because of the lack of transaction causation and/or loss causation.

**NINETEENTH DEFENSE**

Lead Plaintiff's claims against Defendants are barred under Section 20(a) of the Securities Exchange Act of 1934 ("Section 20(a)") to the extent Lead Plaintiff cannot establish the primary liability necessary to assert a claim for control person liability.

**TWENTIETH DEFENSE**

Defendants are not liable under Section 20(a) because they acted in good faith and did not disseminate, culpably participate in, nor directly or indirectly induce, the making of any false or misleading statement or omission.

**TWENTY-FIRST DEFENSE**

Defendants are not liable under Section 20(a) because they maintained and enforced a reasonable and proper system of supervision and internal control.

**TWENTY-SECOND DEFENSE**

Defendants are not liable under Section 20(a) because they did not exercise control over the challenged April 22 statement.

**TWENTY-THIRD DEFENSE**

To the extent asserted by a putative class, Lead Plaintiff's claims against Defendants are barred, in whole or in part, because it cannot satisfy the requirements for certification of a class under Federal Rule of Civil Procedure 23.

**TWENTY-FOURTH DEFENSE**

Lead Plaintiff is not entitled to recover attorneys' fees, experts' fees, or other costs and expenses.

**TWENTY-FIFTH DEFENSE**

The putative class is overbroad and, therefore, many of the putative class members are not entitled to any recovery.

DEFENDANTS' ANSWER TO THE THIRD AMENDED CLASS ACTION COMPLAINT

## TWENTY-SIXTH DEFENSE

Defendants hereby provide notice that they may rely on other defenses if and when such defenses become known during the course of the litigation, and hereby reserve the right to amend their Answer and to assert any additional defenses, cross-claims, counterclaims, and third-party claims as they become known or available.

DEFENDANTS' ANSWER TO THE THIRD AMENDED CLASS ACTION COMPLAINT

DATED: February 21, 2025    PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP

*/s/ Audra J. Soloway*
DANIEL J. KRAMER (*pro hac vice*)
AUDRA J. SOLOWAY (*pro hac vice*)
KRISTINA A. BUNTING (*pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019-6064
Tel:    (212) 373-3000
Fax:    (212) 757-3990
Email:        dkramer@paulweiss.com
Email:        asoloway@paulweiss.com
Email:        kbunting@paulweiss.com

BIRD, MARELLA, BOXER, WOLPERT,
NEISSIM, DROOKS, LINCENBERG &
RHOW P.C.

EKWAN E. RHOW (SBN 174604)
DARREN L. PATRICK (SBN 310727)
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067-2561
Tel:    (310) 201-2100
Fax:    (310) 201-2110
Email:        erhow@birdmarella.com
Email:        akaslow@birdmarella.com

*Attorneys for Defendants*

DEFENDANTS' ANSWER TO THE THIRD AMENDED CLASS ACTION COMPLAINT