

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - CENTRAL DIVISION

HONORABLE GEORGE H. WU, U.S. DISTRICT JUDGE

KELLIE BLACK,

                    Plaintiffs,

     vs.                     Case No. CV 21-8892
                          22-1348, 22-1569,
JIM BUSCAGLIA versus SNAP; MARK   22-175
SPEER versus EVAN SPIEGEL et al; TIM
DODDS versus EVAN SPIEGEL, et al,
KELLIE BLACK versus SNAP, INC.,

                    Defendants.
_____/

REPORTER'S TRANSCRIPT OF
TELEPHONIC STATUS CONFERENCE
Thursday, February 6, 2025
8:30 a.m.
LOS ANGELES, CALIFORNIA

_____

TERRI A. HOURIGAN, CSR NO. 3838, CCRR
FEDERAL OFFICIAL COURT REPORTER
350 WEST FIRST STREET, ROOM 4311
LOS ANGELES, CALIFORNIA  90012

UNITED STATES DISTRICT COURT

**(213) 894-2849**

**UNITED STATES DISTRICT COURT**

**APPEARANCES OF COUNSEL:**

**FOR THE PLAINTIFF/DERIVATIVES:**

BRAGAR EAGEL and SQUIRE PC
BY:  MELISSA A. FORTUNATO
     Attorney at Law
515 South Flower Street, Suite 1800
Los Angeles, California  90071

SAXENA WHITE PA
BY:  KYLA GRANT
     SARA DILEO
     Attorney at Law
10 Bank Street , 8th Floor
White Plains, New York  10606

BIENERT KATZMAN LITTRELL WILLIAMS LLP
BY:  JOHN LEWIS LITTRELL
     Attorney at Law
360 East 2nd Street, Suite 265
Los Angeles, California  90012

**FOR THE DEFENDANT:**

PAUL WEISS RIFKIND WHARTON and GARRISON LLP
BY:  AUDRA J. SOLOWAY
     KRISTINA A. BUNTING
     Attorneys at Law
1285 Avenue of the Americas
New York, New York  10019

**UNITED STATES DISTRICT COURT**

**LOS ANGELES, CALIFORNIA; THURSDAY, FEBRUARY 6, 2025**

**8:30 a.m.**

**--oOo--**

THE COURT:  Let me call the matters of -- well, I guess they are related cases, *Buscaglia versus Snap*, *Speer versus Spiegel*, *Dodds versus Spiegel* and *Black versus Snap*.

For the various plaintiffs we have on the line, starting with the Buscaglia case?

Can you start over again, whoever spoke last?

MS. FORTUNATO:  Melissa Fortunato from Bragar Eagel and Squire on behalf of the plaintiff.

THE REPORTER:  I cannot hear her.

THE COURT:  Those -- let me ask, are you representing the Buscaglia plaintiff as well as Speer, Dodds, and Black?

MS. FORTUNATO:  Yeah, the cases are consolidated.

THE COURT:  In other words, you are, at this point in time, representing all of the plaintiffs in all three cases?

MS. FORTUNATO:  Yes.

THE COURT:  For the defendants, we have?

MS. SOLOWAY:  Good morning.  Audra Soloway at Paul Weiss, and I'm here with my colleague, Kristina Bunting.

Just to be clear, I believe there are two different sets of matters, the derivative cases and the class action

**UNITED STATES DISTRICT COURT**

plaintiff.

Ms. Fortunato, who you were speaking with, is counsel in the derivative matter.

We represent all of the defendants in both.

THE COURT:  Let me ask, I saw the joint Rule 26(f) report.

Let me ask, there is a derivative action and then there are class actions.

MS. SOLOWAY:  Your Honor --

MS. GRANT:  Your Honor, I am sorry to interject. This is Kyla Grant from Saxena White, and I'm on the line with my colleague, Sara DiLeo, and we represent plaintiffs in the security class action.

MR. LITTRELL:  Good morning, Your Honor.  It is John Littrell, I represent the plaintiff in that action.

THE COURT:  Insofar as the schedule of pretrial dates, this is as to all actions; is that correct?

In other words, are the parties envisioning that the securities and the class action matters would be going forward at the same time or how are the parties envisioning this litigation?

MS. SOLOWAY:  Your Honor, this is Audra Soloway for the defendants.

The answer to that is no.

So as Your Honor is aware in the class action, we're

**UNITED STATES DISTRICT COURT**

returning to you and we have a schedule that we have negotiated with the class action plaintiff, that is what is included in the Rule 26(f) report.

The derivative plaintiff, and just to recap where we stand, Your Honor, there were several cases filed, they were consolidated.

There has been no consolidated complaint filed nor have we, to our knowledge, gotten the designation of what the lead complaint would be.

We have reached out to the derivative plaintiff to ask them whether or not they intend to pursue the case.

As Your Honor, I am sure knows, in derivative litigation, claims belong to the company, unless the plaintiff can plead that the board lacks independence in a way that would disable the companies by making a decision about whether to pursue the claims.

There is a threshold issue here of demand futility.

So I think we and the derivative plaintiffs have been chatting about are they going to pursue the complaints, if so, which complaint, and are they planning on filing a new one?

Then, we would be addressing, at the very least, we would be addressing the threshold issue of standing, which is the demand futility issue.

We also have, as Your Honor doesn't doubt, defenses on the merits.  There may be four issues, et cetera, but we are

**UNITED STATES DISTRICT COURT**

still discussing all that with the derivative plaintiff.

THE COURT:  I apologize.  Who is the representing the derivative plaintiff at this point?

MS. FORTUNATO:  Melissa Fortunato for the derivatives.

THE COURT:  Okay.  So what is your response to defense counsel's summarization?

MS. FORTUNATE:  I mean, that is correct.  We have been having discussions.

We have been following the appeal in the securities case and we're analyzing the claim and seeing whether or not we're going to move forward.

I would be able to have a decision on that shortly.

THE COURT:  So the decision is going to be made shortly.

Let me ask this then, as to the class action, is there going to be a major -- normally, what I do in most class action cases, the only date I set on a 26(f) report is just the date for the motion for class certification to be heard.

Obviously, if I certify class, it's different than if I don't certify the class.

But in this type of class action case, let me ask, are the parties envisioning a lot of dispute or litigation as to the certification of the class, or is this something that may not -- I mean, is there going to be a lot of dispute as to

whether or not the case can go forward as a class action?

MS. SOLOWAY:  From defendant's perspective, and recognizing we're still in the early days here, we do believe there will be class certification issues here, it is not going to be conceded.

As Your Honor may well be aware, there is a line of cases that went up to the Supreme Court in the past couple of years.  A case called *Goldman Sachs*, where the Court gave further guidance on the standard for certifying the class in securities class actions.

And so, we do believe that there will be substantial disputes here in the class certification context.

THE COURT:  Would that require a lot of -- what sometimes people refer to class action discovery as opposed to discovery on the merits?

MS. SOLOWAY:  So I think the answer is yes, Your Honor.  There will be substantial discovery.

Some of that will be expert discovery that looks at the issue of price impact, right, whether the alleged misstatements have actually had an impact on the stock price.

That can come in the form of various experts as well as fact evidence.

THE COURT:  Why isn't that a factual issue as opposed to a class action issue?

In other words, normally, class certification doesn't

deal, necessarily, with the ultimate merits of the case.

So why couldn't the motion for class cert be decided prior to any arguments in regards to the ultimate merits of the class claims?

MS. SOLOWAY:  Yes.  So, Your Honor, this is actually an issue that was addressed by the Supreme Court in the *Goldman* case, because there is often an overlap between the evidence that is relevant to price impact, and the evidence that is relevant to the merits.

What the Supreme Court, I think, has now solidly clarified in *Goldman* and in other cases, is that defendants are allowed to present evidence to rebut the presumption brought on the market, and even if that evidence overlaps with the merits, the Court is exactly required to consider it in determining whether a class should or shouldn't be certified.

So I appreciate --

THE COURT:  Well, let me stop.  I agree what you said to some extent, but I think you overstated it.

Obviously, insofar as class certification issues -- you know, obviously, touch on merits.  I agree 100 percent with that.

But you don't necessarily decide class certification on the basis of the fact that the class claims will fail.

MS. SOLOWAY:  No, Your Honor, I agree.

It has to be the case that the evidence relevant to

class certification -- it has to be the case of the evidence is relevant to class certification.

I'm not suggesting that, you know, peripheral issues that only go towards merits would be relevant to class certification.

There has to be overlap between the class certification analysis, and the merits for the evidence to be relevant at class certification.

THE COURT:  Okay.  Let me just do this:  I think -- let me just ask Ms. Fortunato again, when do you think those plaintiffs are going to make a decision as to whether or not they are going to go forward with this action.  How near in the future is it going to be?

MS. FORTUNATO:  Definitely within two weeks.

THE COURT:  What I will do is this:  Let me just continue the scheduling, because obviously, if Ms. Fortunato's clients decide not to go forward, I will be treating the schedule differently than if I have to include them in as well.

So, if there is no objection, what I will do is just continue this matter -- I will give them three weeks to put this back on the 27th of February, and what I want is from the parties a joint report just focusing on the following:

Obviously, the initial question will be is whether or not Ms. Fortunato's clients are going to go forward or not, and then if they are, the interrelationship between the two cases.

In other words, to what extent they are going to be overlapping for purposes of procedure, et cetera, et cetera, those sorts of things.

And also, I do have a question for the defendants in the class action, I don't know why it would take so long for the motion for class certification to be heard, but I will leave that for further delineation in this joint filing that is going to be filed prior to the 27th, okay?

MS. SOLOWAY:  Yes, Your Honor.  We will address all of those points.

THE COURT:  Excuse me, is there anything else I need to discuss with you all?

THE COURTROOM DEPUTY:  When do you want the report?

THE COURT:  I said the report is on the 25th.

Okay.  Hearing nothing else, everybody, I will hear back from you.

Everybody can appear on the 27th telephonically as well.

Thank you.  Have a nice day.

MS. SOLOWAY:  Thank you, Your Honor.

(The proceedings concluded at 9:32 a.m.)

* * *

**CERTIFICATE OF OFFICIAL REPORTER**


COUNTY OF LOS ANGELES    )
                         )
STATE OF CALIFORNIA      )


            I, TERRI A. HOURIGAN, Federal Official Realtime Court Reporter, in and for the United States District Court for the Central District of California, do hereby certify that pursuant to Section 753, Title 28, United States Code that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the judicial conference of the United States.

Date: 22nd day of February, 2025.


                              /s/ TERRI A. HOURIGAN
        _____
              TERRI A. HOURIGAN, CSR NO. 3838, RPR, CRR
                      Federal Court Reporter


**UNITED STATES DISTRICT COURT**

**/**

**/s** [1] - 11:19
**/TPORPT** [1] - 6:2

**1**

**100** [1] - 8:17

**2**

**2025** [3] - 1:14, 3:1, 11:16
**21-8892** [1] - 1:7
**213** [1] - 1:25
**22nd** [1] - 11:16
**25th** [1] - 10:10
**26(f** [3] - 4:3, 5:1, 6:15
**27th** [3] - 9:17, 10:4, 10:12
**28** [1] - 11:9

**3**

**350** [1] - 1:24
**3838** [2] - 1:23, 11:20

**4**

**40** [1] - 6:2
**4311** [1] - 1:24

**6**

**6** [2] - 1:14, 3:1

**7**

**753** [1] - 11:9

**8**

**894-2849** [1] - 1:25
**8:30** [2] - 1:14, 3:2

**9**

**90012** [1] - 1:24
**9:32** [1] - 10:17

**A**

**a.m** [3] - 1:14, 3:2, 10:17
**A1** [1] - 2:5
**A2** [1] - 2:12
**A3** [1] - 2:18
**able** [1] - 6:10
**above-entitled** [1] - 11:12

**action** [15] - 3:23, 4:5, 4:11, 4:13, 4:17, 4:23, 4:25, 6:13, 6:14, 6:19, 6:23, 7:11, 7:21, 9:8, 10:1
**actions** [3] - 4:6, 4:15, 7:7
**ADDRESS** [6] - 2:5, 2:6, 2:12, 2:12, 2:18, 2:18
**address** [1] - 10:5
**ADDRESS-A1** [1] - 2:5
**ADDRESS-A2** [1] - 2:12
**ADDRESS-A3** [1] - 2:18
**ADDRESS-B1** [1] - 2:6
**ADDRESS-B2** [1] - 2:12
**ADDRESS-B3** [1] - 2:18
**addressed** [1] - 8:3
**addressing** [2] - 5:19, 5:20
**agree** [3] - 8:14, 8:17, 8:21
**alleged** [1] - 7:16
**allowed** [1] - 8:9
**analysis** [1] - 9:3
**analyzing** [1] - 6:8
**ANGELES** [4] - 1:15, 1:24, 3:1, 11:3
**answer** [2] - 4:22, 7:13
**ant** [1] - 7:15
**apologize** [1] - 5:25
**APP03** [1] - 2:16
**appeal** [1] - 6:7
**appear** [1] - 10:12
**APPEARANCES** [1] - 2:1
**appreciate** [1] - 8:13
**arguments** [1] - 7:25
**Attorney** [3] - 2:5, 2:11, 2:17
**ATTORNEY1** [1] - 2:4
**ATTORNEY2** [1] - 2:11
**ATTORNEY3** [1] - 2:17
**Audre** [2] - 3:20, 4:20
**aware** [2] - 4:23, 7:3

**B**

**B1** [1] - 2:6

**B2** [1] - 2:12
**B3** [1] - 2:18
**basis** [1] - 8:20
**behalf** [1] - 3:12
**belong** [1] - 5:11
**between** [3] - 8:4, 9:2, 9:21
**Black** [2] - 3:8, 3:14
**BLACK** [1] - 1:5
**board** [1] - 5:12
**brought** [1] - 8:9
**Bunting** [1] - 3:21
**Buscaglia** [3] - 3:7, 3:10, 3:14
**BY** [3] - 2:4, 2:11, 2:17

**C**

**CALIFORNIA** [5] - 1:2, 1:15, 1:24, 3:1, 11:4
**California** [1] - 11:8
**case** [11] - 3:10, 5:9, 6:7, 6:19, 6:23, 7:3, 7:5, 7:23, 8:4, 8:22, 8:23
**Case** [1] - 1:7
**cases** [8] - 3:7, 3:15, 3:17, 3:23, 5:3, 6:15, 8:8, 9:21
**CCRR** [1] - 1:23
**Central** [1] - 11:8
**CENTRAL** [2] - 1:2
**cert** [1] - 7:24
**CERTIFICATE** [1] - 11:1
**certification** [13] - 6:16, 6:21, 7:1, 7:9, 7:22, 8:16, 8:19, 8:23, 8:24, 9:2, 9:3, 9:4, 10:2
**certified** [1] - 8:12
**certify** [3] - 6:17, 6:18, 11:8
**certifying** [1] - 7:6
**cetera** [3] - 5:23, 9:23
**chatting** [1] - 5:17
**Christina** [1] - 3:21
**CITY1** [1] - 2:6
**CITY2** [1] - 2:13
**CITY3** [1] - 2:19
**claim** [1] - 6:8
**claims** [4] - 5:11, 5:14, 8:1, 8:20
**clarified** [1] - 8:8
**class** [34] - 3:23, 4:6, 4:11, 4:17, 4:23, 4:25, 6:13, 6:14, 6:16, 6:17,

6:18, 6:19, 6:21, 6:23, 7:1, 7:6, 7:7, 7:9, 7:11, 7:21, 7:22, 7:24, 8:1, 8:12, 8:16, 8:19, 8:20, 8:23, 8:24, 9:1, 9:2, 9:4, 10:1, 10:2
**clear** [1] - 3:22
**clients** [2] - 9:13, 9:20
**Code** [1] - 11:9
**colleague** [2] - 3:21, 4:10
**company** [2] - 5:11, 5:13
**complaint** [3] - 5:5, 5:7, 5:18
**complaints** [1] - 5:17
**conceded** [1] - 7:2
**concluded** [1] - 10:17
**CONFERENCE** [1] - 1:13
**conference** [1] - 11:13
**conformance** [1] - 11:13
**consider** [1] - 8:11
**consolidated** [3] - 3:15, 5:4, 5:5
**context** [1] - 7:9
**continue** [2] - 9:12, 9:16
**correct** [3] - 4:15, 6:5, 11:10
**COUNSEL** [1] - 2:1
**counsel** [1] - 3:25
**counsel's** [1] - 6:4
**COUNTY** [1] - 11:3
**couple** [1] - 7:4
**COURT** [18] - 1:1, 1:23, 3:6, 3:13, 3:16, 3:19, 4:3, 4:14, 5:25, 6:3, 6:11, 7:10, 7:20, 8:14, 9:5, 9:11, 10:7, 10:10
**Court** [8] - 7:4, 7:5, 8:3, 8:7, 8:11, 11:7, 11:20
**COURTROOM** [1] - 10:9
**CRR** [1] - 11:20
**CSR** [2] - 1:23, 11:20
**CV** [1] - 1:7

**D**

**Date** [1] - 11:16
**date** [2] - 6:15
**dates** [1] - 4:15
**days** [1] - 6:25

**deal** [1] - 7:23
**decide** [2] - 8:19, 9:13
**decided** [1] - 7:24
**decision** [4] - 5:13, 6:10, 6:11, 9:7
**DEFENDANT** [2] - 2:9, 2:16
**defendant's** [1] - 6:24
**Defendants** [1] - 1:9
**defendants** [5] - 3:19, 4:2, 4:21, 8:8, 9:25
**defense** [1] - 6:4
**defenses** [1] - 5:22
**definitely** [1] - 9:10
**delineation** [1] - 10:3
**Delio** [1] - 4:10
**demand** [2] - 5:15, 5:20
**DEPUTY** [1] - 10:9
**derivative** [9] - 3:23, 4:1, 4:5, 5:2, 5:8, 5:10, 5:16, 5:24, 6:1
**designation** [1] - 5:6
**determining** [1] - 8:11
**different** [2] - 3:22, 6:17
**differently** [1] - 9:14
**disable** [1] - 5:12
**discovery** [4] - 7:11, 7:12, 7:14, 7:15
**discuss** [1] - 10:8
**discussing** [1] - 5:24
**discussions** [1] - 6:6
**dispute** [2] - 6:20, 6:22
**disputes** [1] - 7:9
**District** [2] - 11:7, 11:8
**DISTRICT** [3] - 1:1, 1:2, 1:3
**DIVISION** [1] - 1:2
**Dodds** [2] - 3:8, 3:14
**doubt** [1] - 5:22

**E**

**E-MAIL1** [1] - 2:7
**E-MAIL2** [1] - 2:14
**E-MAIL3** [1] - 2:20
**early** [1] - 6:25
**entitled** [1] - 11:12
**envisioning** [3] - 4:16, 4:18, 6:20
**et** [3] - 5:23, 9:23
**EVAN** [1] - 1:8
**evidence** [8] - 7:19,

8:4, 8:5, 8:9, 8:10, 8:22, 8:23, 9:3
**exactly** [1] - 8:11
**excuse** [1] - 10:7
**expert** [1] - 7:15
**experts** [1] - 7:18
**extent** [2] - 8:15, 9:22

**F**

**fact** [2] - 7:19, 8:20
**factual** [1] - 7:20
**fail** [1] - 8:20
**FEBRUARY** [1] - 3:1
**February** [3] - 1:14, 9:17, 11:16
**Federal** [2] - 11:6, 11:20
**FEDERAL** [1] - 1:23
**filed** [3] - 5:3, 5:5, 10:4
**filing** [2] - 5:18, 10:3
**FIRM1** [1] - 2:4
**FIRM2** [1] - 2:10
**FIRM3** [1] - 2:16
**FIRST** [1] - 1:24
**focusing** [1] - 9:18
**following** [2] - 6:7, 9:18
**FOR** [3] - 2:3, 2:9, 2:16
**foregoing** [1] - 11:10
**form** [1] - 7:18
**format** [1] - 11:12
**FORTUNATE** [1] - 6:5
**FORTUNATO** [5] - 3:12, 3:15, 3:18, 6:2, 9:10
**Fortunato** [2] - 3:25, 9:6
**Fortunato's** [2] - 9:12, 9:20
**forward** [6] - 4:17, 6:9, 6:23, 9:8, 9:13, 9:20
**four** [1] - 5:23
**futility** [2] - 5:15, 5:20
**future** [1] - 9:9

**G**

**GEORGE** [1] - 1:3
**Goldman** [3] - 7:5, 8:3, 8:8
**GORMAN** [1] - 1:8
**GRANT** [1] - 4:8
**Grant** [1] - 4:9

**guess** [1] - 3:7
**guidance** [1] - 7:6

**H**

**hear** [1] - 10:11
**heard** [2] - 6:16, 10:2
**hearing** [1] - 10:11
**held** [1] - 11:11
**hereby** [1] - 11:8
**Honor** [14] - 4:7, 4:8, 4:12, 4:20, 4:23, 5:3, 5:10, 5:22, 7:3, 7:14, 8:2, 8:21, 10:5, 10:15
**HONORABLE** [1] - 1:3
**HOURIGAN** [4] - 1:23, 11:6, 11:19, 11:20

**I**

**impact** [3] - 7:16, 7:17, 8:5
**INC** [1] - 1:8
**include** [1] - 9:14
**included** [1] - 4:25
**independence** [1] - 5:12
**initial** [1] - 9:19
**insofar** [2] - 4:14, 8:16
**intend** [1] - 5:9
**interject** [1] - 4:8
**interrelationship** [1] - 9:21
**issue** [6] - 5:15, 5:21, 7:16, 7:20, 7:21, 8:3
**issues** [4] - 5:23, 7:1, 8:16, 8:25

**J**

**JEREMI** [1] - 1:8
**John** [1] - 4:12
**joint** [3] - 4:3, 9:18, 10:3
**JUDGE** [1] - 1:3
**judicial** [1] - 11:13

**K**

**KELLIE** [1] - 1:5
**knowledge** [1] - 5:6
**knows** [1] - 5:10
**Kyro** [1] - 4:9

**L**

**lacks** [1] - 5:12

**last** [1] - 3:11
**Law** [3] - 2:5, 2:11, 2:17
**lead** [1] - 5:6
**least** [1] - 5:19
**leave** [1] - 10:3
**line** [3] - 3:9, 4:9, 7:3
**litigation** [3] - 4:19, 5:10, 6:20
**LITTRELL** [1] - 4:12
**Littrell** [1] - 4:13
**looks** [1] - 7:15
**LOS** [4] - 1:15, 1:24, 3:1, 11:3

**M**

**MAIL1** [1] - 2:7
**MAIL2** [1] - 2:14
**MAIL3** [1] - 2:20
**major** [1] - 6:14
**market** [1] - 8:10
**matter** [3] - 4:1, 9:16, 11:12
**matters** [3] - 3:6, 3:23, 4:17
**mean** [2] - 6:5, 6:22
**merits** [9] - 5:23, 7:12, 7:23, 7:25, 8:6, 8:10, 8:17, 9:1, 9:3
**misstatements** [1] - 7:16
**morning** [2] - 3:20, 4:12
**most** [1] - 6:14
**motion** [3] - 6:16, 7:24, 10:2
**move** [1] - 6:9
**MR** [1] - 4:12
**MS** [16] - 3:12, 3:15, 3:18, 3:20, 4:7, 4:8, 4:20, 6:2, 6:5, 6:24, 7:13, 8:2, 8:21, 9:10, 10:5, 10:15

**N**

**near** [1] - 9:8
**necessarily** [2] - 7:23, 8:19
**need** [1] - 10:7
**negotiated** [1] - 4:24
**new** [1] - 5:18
**nice** [1] - 10:14
**NO** [2] - 1:23, 11:20
**normally** [2] - 6:14, 7:22
**nothing** [1] - 10:11
**NUMBER1** [1] - 2:7
**NUMBER2** [1] - 2:13

**NUMBER3** [1] - 2:19

**O**

**objection** [2] - 4:15, 9:15
**obviously** [5] - 6:17, 8:16, 8:17, 9:12, 9:19
**OF** [6] - 1:2, 1:13, 2:1, 11:1, 11:3, 11:4
**Official** [1] - 11:6
**OFFICIAL** [2] - 1:23, 11:1
**often** [1] - 8:4
**one** [1] - 5:18
**oOo** [1] - 3:3
**opposed** [2] - 7:12, 7:21
**overlap** [2] - 8:4, 9:2
**overlapping** [1] - 9:23
**overlaps** [1] - 8:10
**overstated** [1] - 8:15

**P**

**page** [1] - 11:12
**parties** [4] - 4:16, 4:18, 6:20, 9:18
**past** [1] - 7:4
**Paul** [1] - 3:20
**people** [1] - 7:11
**percent** [1] - 8:17
**peripheral** [1] - 8:25
**perspective** [1] - 6:24
**PHONE** [3] - 2:7, 2:13, 2:19
**PLAINTIFF** [1] - 2:3
**plaintiff** [10] - 3:12, 3:14, 3:24, 4:13, 4:25, 5:2, 5:8, 5:11, 5:24, 6:1
**plaintiffs** [5] - 3:9, 3:17, 4:10, 5:16, 9:7
**Plaintiffs** [1] - 1:6
**planning** [1] - 5:18
**plead** [1] - 5:11
**point** [2] - 3:16, 6:1
**points** [1] - 10:6
**present** [1] - 8:9
**presumption** [1] - 8:9
**pretrial** [1] - 4:14
**price** [3] - 7:16, 7:17, 8:5
**procedure** [1] - 9:23
**proceedings** [2] - 10:17, 11:11
**purposes** [1] - 9:23

**pursuant** [1] - 11:9
**pursue** [3] - 5:9, 5:13, 5:17
**put** [1] - 9:16

**R**

**reached** [1] - 5:8
**Realtime** [1] - 11:6
**rebut** [1] - 8:9
**recap** [1] - 5:2
**recognizing** [1] - 6:25
**refer** [1] - 7:11
**regards** [1] - 7:25
**regulations** [1] - 11:13
**related** [1] - 3:7
**relevant** [6] - 8:5, 8:6, 8:22, 8:24, 9:1, 9:4
**report** [5] - 4:4, 5:1, 9:18, 10:9, 10:10
**reported** [1] - 11:11
**REPORTER** [2] - 1:23, 11:1
**Reporter** [2] - 11:7, 11:20
**REPORTER'S** [1] - 1:13
**represent** [3] - 4:2, 4:10, 4:13
**representing** [3] - 3:13, 3:17, 5:25
**require** [1] - 7:10
**required** [1] - 8:11
**response** [1] - 6:3
**returning** [1] - 4:24
**ROOM** [1] - 1:24
**RPR** [1] - 11:20
**Rule** [2] - 4:3, 5:1

**S**

**Sachs** [1] - 7:5
**Sarah** [1] - 4:10
**saw** [1] - 4:3
**schedule** [3] - 4:14, 4:24, 9:14
**scheduling** [1] - 9:12
**Section** [1] - 11:9
**securities** [3] - 4:17, 6:7, 7:7
**security** [1] - 4:11
**seeing** [1] - 6:8
**set** [1] - 6:15
**sets** [1] - 3:22
**several** [1] - 5:3
**shortly** [2] - 6:10, 6:12

3

**SNAP** [1] - 1:8
**Snap** [2] - 3:7, 3:8
**solidly** [1] - 8:7
**SOLOWAY** [9] - 3:20, 4:7, 4:20, 6:24, 7:13, 8:2, 8:21, 10:5, 10:15
**Soloway** [2] - 3:20, 4:20
**sometimes** [2] - 7:11
**sorry** [1] - 4:8
**sorts** [1] - 9:24
**speaking** [1] - 3:25
**Speer** [2] - 3:7, 3:14
**SPIEGEL** [1] - 1:8
**Spiegel** [2] - 3:8
**stand** [1] - 5:3
**standard** [1] - 7:6
**standing** [1] - 5:20
**start** [1] - 3:11
**starting** [1] - 3:9
**STATE** [1] - 11:4
**STATE1** [1] - 2:6
**STATE2** [1] - 2:13
**STATE3** [1] - 2:19
**STATES** [1] - 1:1
**States** [3] - 11:7, 11:9, 11:14
**STATUS** [1] - 1:13
**stenographically** [1] - 11:11
**still** [2] - 5:24, 6:25
**stock** [1] - 7:17
**stop** [1] - 8:14
**STREET** [1] - 1:24
**substantial** [2] - 7:8, 7:14
**suggesting** [1] - 8:25
**summarization** [1] - 6:4
**Supreme** [3] - 7:4, 8:3, 8:7
**Sustino** [1] - 4:9

### T

**TELEPHONIC** [1] - 1:13
**telephonically** [1] - 10:12
**TERRI** [4] - 1:23, 11:6, 11:19, 11:20
**THE** [20] - 2:3, 2:9, 2:16, 3:6, 3:13, 3:16, 3:19, 4:3, 4:14, 5:25, 6:3, 6:11, 7:10, 7:20, 8:14, 9:5, 9:11, 10:7, 10:9, 10:10
**three** [2] - 3:17, 9:16
**threshold** [2] - 5:15,

5:20
**THURSDAY** [1] - 3:1
**Thursday** [1] - 1:14
**Title** [1] - 11:9
**touch** [1] - 8:17
**towards** [1] - 9:1
**TRANSCRIPT** [1] - 1:13
**transcript** [2] - 11:10, 11:12
**treating** [1] - 9:13
**true** [1] - 11:10
**two** [3] - 3:22, 9:10, 9:21
**type** [1] - 6:19

### U

**U.S** [1] - 1:3
**ultimate** [2] - 7:23, 7:25
**UNITED** [1] - 1:1
**United** [3] - 11:7, 11:9, 11:14
**unless** [1] - 5:11
**up** [1] - 7:4

### V

**various** [2] - 3:9, 7:18
**versus** [4] - 3:7, 3:8
**vs** [1] - 1:7

### W

**weeks** [2] - 9:10, 9:16
**Weiss** [1] - 3:21
**WEST** [1] - 1:24
**White** [1] - 4:9
**wit** [1] - 3:21
**words** [4] - 3:16, 4:16, 7:22, 9:22
**WU** [1] - 1:3

### Y

**years** [1] - 7:5

### Z

**ZIP1** [1] - 2:6
**ZIP2** [1] - 2:13
**ZIP3** [1] - 2:19