**SAXENA WHITE P.A.**
David R Kaplan (230144)
dkaplan@saxenawhite.com
505 Lomas Santa Fe Drive, Suite 180
Solana Beach, CA 92075
Telephone: (858) 997-0860
Facsimile: (858) 369-0096

*Additional Counsel listed on signature page*

*Lead Counsel for Lead Plaintiff
and the Class*

**BIENERT KATZMAN
LITTRELL WILLIAMS LLP**
John L. Littrell (221601)
jlittrell@bklwlaw.com
Michael R. Williams (192222)
mwilliams@bklwlaw.com
360 E. 2nd Street, Suite 265
Los Angeles, CA 90012
Telephone: (949) 369-3700
Facsimile: (949) 369-3701

*Liaison Counsel for Lead Plaintiff
and the Class*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

KELLIE BLACK, individually and on behalf of all others similarly situated,

    Plaintiff,

    vs.

SNAP INC., EVAN SPIEGEL, and JEREMI GORMAN,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 2:21-cv-08892-GW (RAOx)

**STIPULATED [PROPOSED] PROTECTIVE ORDER**

Judge: Hon. George H. Wu

IT IS HEREBY STIPULATED AND AGREED, by and among Lead Plaintiff Oklahoma Firefighters Pension and Retirement System ("Lead Plaintiff"), and Defendants, Snap Inc., Evan Spiegel, and Jeremi Gorman (collectively, "Defendants," and together with Lead Plaintiff, the "Parties"), by and through their undersigned counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Rule 502 of the Federal Rules of Evidence, and the Civil Local Rules of this Court that:

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery in the above-captioned case (the "Action") is likely to involve production of confidential information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated [Proposed] Protective Order (the "Order").  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Section 13.3 below, that this Order does not entitle them to file confidential information under seal.  Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks to file material under seal.

2.    <u>GOOD CAUSE STATEMENT</u>

This Action is likely to involve information that qualifies for protection under Federal Rule of Civil Procedure 26(c) for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately

protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not become part of the public record of this Action.

3.    DEFINITIONS

    3.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

    3.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

    3.3    Counsel (without qualifier): Outside Counsel and House Counsel, as well as their support staffs including, but not limited to, paralegals and administrative assistants.

    3.4    Designated Employees: the officers, directors, and employees of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) whose name(s) have been agreed to by the Parties, and therefore, who have access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter, but only to the extent that the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is referenced or included in a filing or other submission to the Court or exchanged in connection with, or discussed during, mediation.

3.5     Designated In-House Counsel: In-House Counsel (1) to whom disclosure is reasonably necessary for this litigation, and (2) and whose name(s) have been agreed to by the Parties, and therefore, who have access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

3.6     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.7     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

3.8     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action, as well as their assistants, support staff, and agents.

3.9     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  commercially sensitive competitive information, disclosure of which to another Party or Non-Party would create a risk of serious harm that the Designating Party reasonably believes could not be avoided by less restrictive means.

3.10    House Counsel: attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel or any other outside counsel.

3.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

3.12    Outside Counsel: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party in this Action.

3.13    <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel as well as their support staffs.

3.14    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

3.15    <u>Professional Vendor</u>: person or entity that provides litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, participating in depositions, and processing, hosting, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.16    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.17    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

4.    <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the

information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

5.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect unless and until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. Section 14 below defines the obligations for each Party upon the final disposition of this litigation.

6.    DESIGNATING PROTECTED MATERIAL

6.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties in writing that it is withdrawing the mistaken designation.

6.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (*see*, *e.g.*, Section 6.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page.  A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."   After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material.

(b)    Parties or testifying persons or entities may designate all or portions of depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice to the Receiving Party of which portions of the transcript of the testimony is designated

within thirty (30) days of receipt of the final transcript of the testimony. Any designated Discovery Material that is used in the taking of a deposition shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with such Discovery Material, and only those portions of the testimony that are designated for protection, either on the record or within the 30-day period, shall be covered by the provisions of this Order. The Designating Party shall inform the court reporter that transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and that the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material. Any transcript that is prepared before the expiration of the 30-day period shall be treated during that period as if it had been designated "CONFIDENTIAL" in its entirety unless otherwise agreed, except that any portion(s) of such transcript (i) discussing or otherwise revealing the contents of documents or information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or (ii) that was designated on the record as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" unless otherwise agreed to. After the expiration of that period, the transcript shall be treated only as actually designated. Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter, and videographer (if any), any person who is not authorized by this Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on

the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3    Inadvertent Failures to Designate.  An inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material if timely corrected within seven (7) days of the date the Party first becomes aware of the inadvertent failure to designate. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1    Timing of Challenges.  Any Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

7.3    Judicial Intervention.  Any challenge submitted to the Court shall be made pursuant to Local Rule 37-2.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived

the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

8.    ACCESS TO AND USE OF PROTECTED MATERIAL

8.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

Protected Material must be securely stored and maintained by a Receiving Party in a manner that ensures that access is limited to the persons authorized under this Order.

8.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may only disclose any information or item designated "CONFIDENTIAL" to:

(a)    The Receiving Party's Outside Counsel in this Action, as well as employees of said Outside Counsel;

(b)    The Receiving Party's House Counsel as well as the support staff of said House Counsel to whom it is reasonably necessary to disclose the information;

(c)    the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary;

(d) Experts of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) except if the Receiving Party has actual knowledge that such an expert is (i) a current employee of a Party or of a Party's competitor or (ii) at the time of retention, is anticipated to become an employee of a Party or of a Party's competitor;

(e) the Court and its personnel;

(f) court reporters and their staff, videographers and their staff, Professional Vendors and their staff, and mediators and their staff;

(g) professional jury or trial consultants, and mock jurors who have signed Exhibit A;

(h) in connection with a deposition or trial, witnesses (or potential witnesses) in the Action who have signed Exhibit A except that:

    i. the following categories of deponents will not be required to sign Exhibit A to view "CONFIDENTIAL" material during a deposition:

        a. Parties to this Action;

        b. Current Snap executives or employees;

        c. Individuals who are represented in their deposition by counsel for the Designating Party of the relevant document;

        d. Witnesses who are otherwise permitted by this Order to view "CONFIDENTIAL" information without signing Exhibit A; and

    ii. if a deposition witness who is otherwise required by this Order to sign Exhibit A refuses to sign Exhibit A and the Parties are otherwise unable to reach a resolution, the deposition shall be

held open pending a resolution, and the Parties shall seek a determination from this Court within two (2) business days of that deponent's refusal to sign the Exhibit A in an effort to reach a mutually agreeable resolution before proceeding to show information or materials designated by an opposing Party as "CONFIDENTIAL" to that witness during the deposition;

(i) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(j) any insurer who may be liable to satisfy all or part of a possible judgment in this Action or to indemnify or reimburse for payments made to satisfy any judgment; and

(k) any other person upon order of the Court or agreement of the Parties.

8.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may only disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to:

(a) The Receiving Party's Outside Counsel in this Action, as well as employees of said Outside Counsel;

(b) Designated In-House Counsel of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) whose name(s) have been agreed to by the Parties;

(c) Designated Employees of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) whose name(s) have been agreed to by the Parties, but only to the extent that the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is

referenced or included in a filing or other submission to the Court or exchanged in connection with, or discussed during, mediation;

(d) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for the litigation in which it is produced and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) except if the Receiving Party has actual knowledge that such an expert is (i) a current employee of a Party or of a Party's competitor or (ii) at the time of retention, is anticipated to become an employee of a Party or of a Party's competitor;

(e) the Court and its personnel;

(f) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for the litigation in which it is produced;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) in connection with a deposition or trial, current executives or employees of the Designating Party of the relevant document who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and any former executives or employees of the Designating Party of the relevant document who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) except if the Receiving Party has actual knowledge that such former employee or executive is (i) a current employee of a Party's competitor or (ii) at the time of disclosure, is anticipated to become an employee of a Party's competitor; and

      i.    if a deposition witness who is a current or former executive or employee of the Designating Party and is otherwise required by this Order to sign Exhibit A refuses to sign Exhibit A and the Parties are otherwise unable to reach a resolution, the deposition shall be held open pending a resolution, and the Parties shall seek a determination from this Court within two (2) business days of that deponent's refusal to sign the Exhibit A in an effort to reach a mutually agreeable resolution before proceeding to show information or materials designated by an opposing Party as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to that witness during the deposition;

(i)    any insurer who may be liable to satisfy all or part of a possible judgment in this Action or to indemnify or reimburse for payments made to satisfy any judgment; and

(j)    and any other person upon order of the Court or written agreement of the Parties.

9.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, that Party must:

(a)    within five (5) business days, notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

10.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

10.1   The terms of this Order are applicable to information produced and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by a Non-Party to this Action.  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

10.2   For the avoidance of doubt, all Parties shall promptly provide copies of all documents produced in this Action by any Non-Party pursuant to subpoena duces tecum to all other Parties in accordance with their obligations under the Federal Rules and this Order.

10.3   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)   promptly notify in writing the requesting party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement

with the Non-Party;

(b)  promptly provide the Non-Party with a copy of the Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)  make the information requested available for inspection by the Non-Party.

10.4   If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party shall produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.    PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
       MATERIAL

12.1   This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence.  Subject to the provisions of this Order, if a Producing Party discloses

information in connection with the pending litigation that the Producing Party thereafter claims to be privileged or protected by the attorney-client privilege, work-product doctrine, common interest privilege, or any other applicable privilege or attorney work product protection ("Privileged Material"), the disclosure of that Privileged Material will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Privileged Material and its subject matter, provided that the Producing Party promptly notified the Receiving Party of, the disclosure of Privileged Material.

12.2    The provisions of Federal Rule of Evidence 502(b) are inapplicable to the disclosure of Privileged Material under this Order.

12.3    If the Producing Party has produced Privileged Material, the Producing Party must promptly[1] notify the Receiving Party of its claim from the time it actually discovered that Privileged Material was disclosed. A Producing Party is deemed to be on notice of a production of Privileged Material when the document is used by any Party or Non-Party in motion papers, briefing, letters to or from the Producing Party, depositions, hearings, expert reports, and other similar manners of sharing such materials between the Parties or the Court.  When a Producing Party gives notice to a Receiving Party that certain produced Privileged Material is subject to a claim of privilege or other protection, the obligations of the Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

12.4    Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Producing Party that such

---

[1] While a notification within ten (10) business days is prompt, a time longer than ten (10) business days may also be prompt depending on the relevant circumstances.

materials have been produced.

13.    MISCELLANEOUS

13.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2    Right to Assert Other Objections.  By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

13.3    Filing Protected Material.  Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue . Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the Court.

14.    FINAL DISPOSITION

Within sixty (60) days after the final disposition of this Action, as defined in Section 5 of this Order, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Upon written

request of the Producing Party, the Receiving Party will certify that Protected Materials were returned or destroyed.  Notwithstanding this provision, Counsel and their Experts are entitled to retain copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence including emails, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such retained copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 5 (DURATION).  Nothing in this Protective Order shall require Outside Counsel to destroy Protected Material in their emails or Protected Material in systems designed for disaster recovery or business continuity backups as long as such material continues to be treated in accordance with this Order.  Provided that the Receiving Party makes reasonable efforts to comply with this provision, failure to destroy Protected Material shall not be deemed a violation of this provision.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


                                        Respectfully submitted,


 DATED: May 20, 2025          **SAXENA WHITE, P.A.**

                              */s/ Lester R. Hooker*
                              Maya Saxena (*pro hac vice*)
                              Joseph E. White, III
                              Lester R. Hooker (SBN 241590)
                              Dianne M. Pitre (SBN 286199)
                              Scott M. Koren (*pro hac vice*)
                              7777 Glades Road, Suite 300
                              Boca Raton, FL 33434
                              Telephone: (561) 394-3399
                              Facsimile: (561) 394-3382
                              E-mail: msaxena@saxenawhite.com
                              jwhite@saxenawhite.com
                              lhooker@saxenawhite.com
                              dpitre@saxenawhite.com
                              skoren@saxenawhite.com

**SAXENA WHITE P.A.**
Steven B. Singer (*pro hac vice*)
Kyla Grant (*pro hac vice*)
Sara DiLeo (*pro hac vice*)
10 Bank Street, 8th Floor
White Plains, NY 10606
Telephone: (914) 437-8551
Facsimile: (888) 631-3611
E-mail: ssinger@saxenawhite.com
kgrant@saxenawhite.com
sdileo@saxenawhite.com

**SAXENA WHITE P.A.**
David R. Kaplan (SBN 230144)
505 Lomas Santa Fe Drive, Suite 180
Solana Beach, CA 92075
Telephone: (858) 997-0860
Facsimile: (858) 369-0096
E-mail: dkaplan@saxenawhite.com

***Lead Counsel for Lead Plaintiff and the Class***

**BIENERT KATZMAN
LITTRELL WILLIAMS LLP**

*/s/ John L. Littrell*
John L. Littrell (SBN 221601)
Michael R. Williams (SBN 192222)
360 E. 2nd Street, Suite 265
Los Angeles, CA 90012
Telephone: (949) 369-3700
Facsimile: (949) 369-3701
E-mail: jlittrell@bklwlaw.com
mwilliams@bklwlaw.com

***Local Counsel for Lead Plaintiff and the Class***

DATED: May 20, 2025       **PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**

*/s/ Kristina A. Bunting*
DANIEL J. KRAMER (*pro hac vice*)
AUDRA J. SOLOWAY (*pro hac vice*)
KRISTINA A. BUNTING (*pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019-6064
Tel:   (212) 373-3000
Fax:   (212) 757-3990
Email:      dkramer@paulweiss.com
Email:      asoloway@paulweiss.com
Email:      kbunting@paulweiss.com

**BIRD, MARELLA, BOXER, WOLPERT, NEISSIM, DROOKS, LINCENBERG & RHOW P.C.**

EKWAN E. RHOW (SBN 174604)
DARREN L. PATRICK (SBN 310727)
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067-2561
Tel:    (310) 201-2100
Fax:   (310) 201-2110
Email:        erhow@birdmarella.com
Email:        akaslow@birdmarella.com

*Attorneys for Defendants*

## ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all Parties on whose behalf this filing is submitted concur in the filing's content and have authorized the filing.

DATED:  May 20, 2025         By:       *_____/s/ John L. Littrell_____*
                                                     John L. Littrell

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____, 2025         _____
                                                      Honorable George H. Wu
                                                      United States District Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order (the "Order") that was issued by the United States District Court for the Central District of California on [date] in the case of *Kellie Black v. Snap Inc., et al.*, No. 2:21-cv-08892-GW (RAOx) (C.D. Cal.).  I agree to comply with and to be bound by all the terms of this Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____