**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| KELLIE BLACK, individually and on behalf of all others similarly situated, | ) No. 2:21-cv-08892-GW (RAO) |
| Plaintiff, | ) CLASS ACTION |
| vs. | ) [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |
| SNAP INC., EVAN SPIEGEL, and JEREMI GORMAN, | ) |
| Defendants. | ) EXHIBIT A |

EX. A [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE – No. 2:21-cv-08892-GW (RAO)

WHEREAS, a securities class action is pending before this Court titled *Black v. Snap Inc., et al.*, No. 2:21-cv-08892-GW-RAO (C.D. Cal.) (the "Action");

WHEREAS, the Parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Action, in accordance with a Stipulation of Settlement (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all capitalized terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this Settlement only, a Class of all Persons or entities who purchased or otherwise acquired Snap publicly traded securities or call options, or sold Snap put options, between February 5, 2021 and October 21, 2021, inclusive and were damaged thereby. Excluded from the Class are Defendants, the officers and directors of the Company during the Class Period, members of their immediate families, and any entity that any Defendant owns or controls, or owned or controlled, during the Class Period. Also excluded from the Class are those Persons and entities who timely and validly request exclusion from the Class pursuant to the Notice. For the avoidance of doubt, the Settlement Class includes Elias Guerra and those individuals and entities he purports to represent in his capacity as Securityholder Representative in the matter captioned *Guerra v. Snap Inc.*, C.A. No. 2024-1009-JTL (Del. Ch.).

2.      With respect to the Class, this Court preliminarily finds, for purposes of effectuating this Settlement only, that: (i) the members of the Class are so numerous that joinder of all Class Members in the Action is impracticable; (ii) there

are questions of law and fact common to the Class which predominate over any individual questions; (iii) the claims of the Lead Plaintiff are typical of the claims of the Class; (iv) Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of all Class Members; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (a) the interests of the members of the Class in individually controlling the prosecution of the separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by Class Members; (c) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (d) the difficulties likely to be encountered in the management of the Action.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Oklahoma Firefighters Pension and Retirement System is appointed as Class Representative, and Lead Counsel Saxena White P.A. is appointed as Class Counsel.

4.      After a preliminary review, the Settlement appears to be fair, reasonable, and adequate.  The Settlement: (i) resulted from arm's-length negotiations overseen by an experienced mediator; (ii) eliminates the risks to the Parties of continued litigation; (iii) does not provide undue preferential treatment to Lead Plaintiff or to segments of the Class; (iv) does not provide excessive compensation to counsel for the Class; and (v) appears to fall within the range of possible approval and is therefore sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Class.  Accordingly, the Court hereby preliminarily approves the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

5.      A hearing (the "Settlement Hearing") shall be held before this Court on April 23, 2026, at 8:30 a.m., at the United States District Court for the Central District of California, First Street U.S. Courthouse, Courtroom 9D – 9th Floor, 350

W 1st Street, Suite 4311 Los Angeles, CA 90012-4565, for the following purposes: (i) to determine whether the Class should be finally certified pursuant to Rule 23; (ii) to determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court; (iii) to finally determine whether Judgment as provided under the Stipulation should be entered, dismissing the Action on the merits and with prejudice; (iv) to finally determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court; (v) to consider the application of Lead Counsel for an award of attorneys' fees and expenses and award to Lead Plaintiff; and (vi) to rule upon such other matters as the Court may deem appropriate.

6.    The Court may adjourn the Settlement Hearing without further notice to the members of the Class, and reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Parties and without further notice to the Class where to do so would not impair Class Members' rights in a manner inconsistent with Rule 23 of the Federal Rules of Civil Procedure and due process of law.

7.    The Court approves, as to form and content, the long form Notice, the Claim Form, the Summary Notice, and the Postcard Notice, attached to the Stipulation as Exhibits A-1, A-2, A-3, and A-4, respectively, and finds that the distribution of the Postcard Notice by email or regular mail and publishing of the Summary Notice, substantially in the manner and form set forth in ¶¶10-11 of this Order, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

8.    The firm of A.B. Data, Ltd. ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.  The Escrow Agent may, at any time after entry of the Preliminary Approval Order and without further approval from

EX. A [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE – No. 2:21-cv-08892-GW (RAO)                                                              - 3 -

Defendants or the Court, disburse at the direction of Lead Counsel up to $300,000 from the Settlement Fund prior to the Effective Date to pay Notice and Administration Costs. After the Effective Date, additional amounts, up to a total of $300,000, may be transferred from the Settlement Fund to pay for any necessary additional Notice and Administration Costs without further order of the Court.

9. By December 19, 2025, Snap shall use reasonable best efforts to: (i) locate record shareholder lists of Snap shareholders during the Class Period to the extent such lists exist; (ii) identify and provide contact information for Snap's transfer agent(s) during the Class Period; and (iii) facilitate access to such information for Lead Counsel or the Claims Administrator, at no cost to Lead Plaintiff or the Class, for purposes of providing notice of the proposed Settlement to the Class.

10. On January 6, 2026, Lead Counsel, through the Claims Administrator, shall commence emailing or mailing (where an email is unavailable) the Postcard Notice, substantially in the form attached to the Stipulation (the "Notice Date"), by email or by first-class mail to all Class Members who can be identified with reasonable effort. Contemporaneously with the emailing or mailing of the Postcard Notice, the Claims Administrator shall cause the Notice and Claim Form, substantially in the forms attached to the Stipulation, to be posted on the Settlement website at www.SnapSecuritiesSettlement.com, from which copies of the documents can be downloaded.

11. On January 21, 2026, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over the *PR Newswire*.

12. On April 9, 2026, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such emailing, mailing, and publishing.

EX. A [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE – No. 2:21-cv-08892-GW (RAO)                                          - 4 -

13.    Brokers and nominees who purchased or otherwise Snap Securities for the beneficial ownership of Class Members during the Class Period shall: (i) within seven (7) calendar days of receipt of the Postcard Notice request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those documents forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of the Postcard Notice, send a list of the names and addresses, including email addresses where available, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly email or mail (where an email is unavailable) the Postcard Notice to such beneficial owners.  Such holders of record shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of providing Postcard Notice to beneficial owners who are Settlement Class Members, which expenses would not have been incurred except for the sending of such Postcard Notice, subject to further order of this Court with respect to any dispute concerning such compensation.

14.    As provided in the Stipulation, Snap shall be responsible for the provision of notice pursuant to the Class Action Fairness Act, 28 U.S.C. §1715, and shall bear all costs and expenses of providing such notice.

15.    In order to be entitled to participate in the recovery from the Net Settlement Fund after the Effective Date, each Class Member shall take the following action and be subject to the following conditions:

(a)    Unless the Court orders otherwise, a properly completed and executed Claim Form must be submitted to the Claims Administrator, postmarked or submitted online by May 6, 2026.  Notwithstanding the foregoing, Lead Counsel may, at their sole discretion, accept late Claims for processing provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.  By submitting a Claim, a Person or entity shall be deemed to have

submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

(b)    Each Claim Form submitted must satisfy the following conditions: (i) it must be properly filled out, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Lead Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of their, his, or her current authority to act on behalf of the Class Member must be provided with the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

16.    Any Class Member who does not timely submit a valid and timely Claim Form within the time provided, or whose Claim is not otherwise approved by the Court shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered.

17.    Any Class Member who or which does not request exclusion from the Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing (electronically or in person), or sending by mail such notice with the Court such that it is filed or received by March 26, 2026, or as the Court may otherwise direct.

18.    Any Class Member who or which does not enter an appearance will be represented by Lead Counsel.    All Class Members shall be bound by all

determinations and judgments in this Action, whether favorable or unfavorable, unless such Persons request to be excluded, or "opt out," from the Class.

19.    Any Class Members who wish to exclude themselves from the Class must request exclusion in writing within the time and in the manner set forth in the Notice.  Any such Person must submit to the Claims Administrator a signed request for exclusion ("Request for Exclusion") such that it is received by March 26, 2026, to the address listed in the Notice and Settlement Website.  A Request for Exclusion must be signed and must legibly state: (i) the name, address, and telephone number of the Person requesting exclusion; (ii) state the number of Snap Securities that the Person or entity requesting exclusion purchased or acquired and sold during the Class Period, as well as the dates and prices of each such purchase or acquisition and sale, and the number of Snap Securities held at the beginning of the Class Period; and (iii) a statement that the Person wishes to be excluded from the Class.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or any Judgment.  Unless otherwise ordered by the Court, any Person who purchased or acquired Snap Securities during the Class Period, and who fails to timely request exclusion from the Class in compliance with this paragraph shall be deemed to have waived their, his, her, or its right to be excluded from the Class and shall be barred from requesting exclusion from the Class.

20.    The Court will consider objections to the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and expenses, only if such objections and any supporting papers are submitted to the Court either by mailing them to the Clerk of the Court, United States District Court for the Central District of California, 350 W 1st Street, Los Angeles, CA 94102, or by filing them electronically or in person at any location of the United States District Court for the Central District of California.  Such objections must be filed or received by March

26, 2026. Attendance at the Settlement Hearing is not necessary, but any Person wishing to be heard orally in opposition to the Settlement, the Plan of Allocation, or the application for attorneys' fees and expenses is required to indicate in their written objection whether they intend to appear at the Settlement Hearing. The notice of objection must include adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, or an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement. The documentation must establish the objecting Person's membership in the Class, including the number of Snap Securities that the objecting Person: (i) owned as of the opening of trading on February 5, 2021; and (ii) purchased and/or sold during the Class Period, as well as the dates and prices for each such purchase or sale, and contain a statement of reasons for the objection, including whether it applies only to the objector, to a specific subset of the Class, or to the entire Class. The objection must identify all other class action settlements the objector and his, her, or its counsel has previously objected to and contain the objector's signature, even if represented by counsel. Any Class Member who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel unless otherwise ordered by the Court. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

21. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

22. All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses and awards to Lead Plaintiffs shall be filed and served on March 12, 2026. Replies shall be filed and served on April 9, 2026.

23. The Released Defendants Parties shall have no responsibility, interest in, or liability whatsoever for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Action.

24. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses, including award to Lead Plaintiff shall be approved.

25. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.

26. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

27. All proceedings in the Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the proposed Settlement should be approved, the Court bars and enjoins Lead Plaintiff, and any Class Member, directly or indirectly, representatively, or in any other capacity, from

commencing or prosecuting against any and all of the Released Defendant Parties, any action or proceeding in any court or tribunal (whether within the United States or otherwise) asserting any of the Released Claims.

28.    Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

29.    In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Parties shall be restored to their respective positions in the Action as of September 11, 2025, as provided for, and subjection to the exceptions contained in, ¶7.5 of the Stipulation.

30.    Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement is or may be deemed to be or may be used as an admission of, or evidence of, in any court, administrative agency, or other tribunal (whether in the United States or otherwise): (a) the validity of any Released Claims, or of any wrongdoing or liability of the Released Defendants Parties; or (b) any fault or omission of any of the Released Defendants Parties; (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiff were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (d) shall operate to waive any defenses, claims, or counterclaims by the Released Defendants Parties except to the limited extent provided in ¶4.4 of the Stipulation.

31.    The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

32.    The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

IT IS SO ORDERED.


DATED:  _____        _____

THE HONORABLE GEORGE H. WU
UNITED STATES DISTRICT JUDGE