# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

KELLIE BLACK, individually and on behalf of all others similarly situated,

    Plaintiff,

    vs.

SNAP INC., EVAN SPIEGEL, and JEREMI GORMAN,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 2:21-cv-08892-GW (RAO)

CLASS ACTION

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

EXHIBIT B

EX. B [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE- No. 2:21-cv-08892-GW (RAO)

This matter came before the Court for hearing pursuant to the Order of this Court, dated December 5, 2025, on the application of the Parties for approval of the Settlement set forth in the Stipulation of Settlement (the "Stipulation").[1]  Due and adequate notice having been given to the Class as required in the Order, the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.    This Judgment incorporates and makes a part hereof: (a) the Stipulation; and (b) the Postcard Notice, Notice, and the Summary Notice, which were previously filed with the Court.

2.    This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all members of the Class.

3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Preliminary Approval Order and finally certifies, for settlement purposes only, a Class defined as: all Persons or entities who purchased or otherwise acquired Snap publicly traded securities or call options, or sold Snap put options, between February 5, 2021 and October 21, 2021, inclusive and were damaged thereby.  Excluded from the Class are Defendants, the officers and directors of the Company during the Class Period, members of their immediate families, and any entity that any Defendant owns or controls, or owned or controlled, during the Class Period.  Also excluded from the Class are those Persons who timely and validly requested exclusion from the Class pursuant to the Notice.  For the avoidance of doubt, the Settlement Class includes Elias Guerra and those individuals

---

[1] All capitalized terms used in this Order that are not otherwise defined herein shall have the meanings provided in the Stipulation.

EX. B [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE-
No. 2:21-cv-08892-GW (RAO)

- 1 -

and entities he purports to represent in his capacity as Securityholder Representative in the matter captioned *Guerra v. Snap Inc.*, C.A. No. 2024-1009-JTL (Del. Ch.).

4.    Pursuant to Rule 23, and for purposes of settlement only, the Court hereby affirms its determination in the Preliminary Approval Order and finally certifies Lead Plaintiff as Class Representative and appoints the law firm of Saxena White P.A. as Class Counsel.

5.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a)    in light of the benefits to the Class and the complexity and expense of further litigation, the Stipulation and the Settlement contained therein are, in all respects, fair, reasonable, and adequate;

(b)    there was no collusion in connection with the Stipulation;

(c)    Lead Plaintiff and Lead Counsel have adequately represented the Class;

(d)    the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel;

(e)    the relief provided for the Class is adequate, having taken into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Members' Claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Federal Rule of Civil Procedure 23(e)(3);

(f)    the proposed Plan of Allocation treats Class Members equitably relative to each other; and

(g)    the record is sufficiently developed and complete to have enabled Lead Plaintiff and Defendants to have adequately evaluated and considered their positions.

EX. B [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE-
No. 2:21-cv-08892-GW (RAO)                                                                                          - 2 -

6.     Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Class (identified in Exhibit A hereto), the Action and all claims contained therein are dismissed with prejudice as to the Lead Plaintiff and the other Class Members, and as against each and all of the Released Defendants Parties.  The Parties are to bear their own costs except as otherwise provided in the Stipulation.

7.     No Person shall have any claim against Lead Plaintiff, Lead Counsel, or the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court.

8.     Upon the Effective Date, Lead Plaintiff and each of the Class Members (who have not validly opted out of the Class), on behalf of themselves and their respective former and present officers, directors, employees, agents, affiliates, parents, subsidiaries, insurers, reinsurers, heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever released, relinquished, waived, and discharged against the Released Defendants Parties (whether or not such Class Members execute and deliver the Proof of Claim and Release) any and all Released Claims (including, without limitation, Unknown Claims). This release shall not apply to any Excluded Claim (as defined in the Stipulation of Settlement).

9.     Upon the Effective Date, Lead Plaintiff and each of the Class Members (who have not validly opted out of the Class), on behalf of themselves and their respective former and present officers, directors, employees, agents, affiliates, parents, subsidiaries, insurers, reinsurers, heirs, executors, administrators,

EX. B [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE-
No. 2:21-cv-08892-GW (RAO)                                                                    - 3 -

predecessors, successors, assigns, representatives, attorneys, and agents in their capacity as such shall be permanently barred and enjoined from the institution, maintenance, prosecution, or enforcement against any Released Defendants Parties, in any local, state, or federal court, in the court of any foreign jurisdiction, or in any arbitral forum (whether foreign or domestic, and regardless of the procedural rules or substantive law applied by the arbitral forum), of any and all Released Claims (including, without limitation, Unknown Claims).

10.    Upon the Effective Date, each of the Released Defendants Parties shall have, fully, finally, and forever released, relinquished, and discharged the Released Plaintiffs Parties, including Lead Counsel, from all Released Defendants' Claims (including, without limitation, Unknown Claims); provided, for the avoidance of doubt, that such release, relinquishment, and discharge shall extend to Class Members solely in their capacity as members of the Class and shall not operate to release claims, counterclaims, or waive any other defenses on the part of the Defendants or Released Defendants Parties arising against them in any other capacity.  This release shall not apply to any Excluded Claim.

11.    Notwithstanding paragraphs 8–10 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

12.    The distribution of the Postcard Notice by email and mail, online posting of the Notice and Claim Form, and publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to Class Members who could be identified through reasonable effort.  The notice provided was the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process and any other

applicable law, including the Private Securities Litigation Reform Act of 1995.  No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to Class Members to object to the proposed Settlement and to participate in the hearing thereon.  The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed.  Thus, it is hereby determined that all members of the Class are bound by this Judgment, except those Persons listed on Exhibit A to this Judgment.

13.    Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.  Any order or proceeding relating to the Plan of Allocation or any order entered regarding any attorneys' fee and expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not affect or delay the finality of the Final Judgment in this Action.

14.    Neither the Settlement, the Stipulation (whether or not consummated), including the Exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation and the Settlement, nor any proceedings, communications, drafts, documents or agreements taken pursuant to or in connection with the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered or received against any Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant of the truth of any allegations by Lead Plaintiff or any member of the Class or the validity of any claim that has been or could have been asserted in the Action, or the deficiency of any defense that has been or could have

EX. B [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE-
No. 2:21-cv-08892-GW (RAO)                                                                    - 5 -

been asserted in the Action or in any other litigation, arbitration or administrative proceeding, including, but not limited to, litigation of the Released Claims, or of any liability, negligence, fault, or wrongdoing of any kind of any of the Defendants or in any way referred to for any other reason as against any of the Defendants, in any civil, criminal, arbitral, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered or received against or to the prejudice of any Defendant as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant, or against Lead Plaintiff or any Class Member as evidence of any infirmity in the claims of Lead Plaintiff and the Class;

(c) shall be offered or received against any Defendant as evidence of any presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation or this Order and Final Judgment, in any other civil, criminal, arbitral, or administrative action or proceeding; provided, however, that Defendants and the Released Defendants Parties may refer to it to effectuate the release granted them in the Stipulation; or

(d) shall be construed against Defendants, Lead Plaintiff, or the Class as evidence of a presumption, concession, or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial or in any proceeding other than this Settlement.

15. The Released Defendants Parties may file the Stipulation and/or this Judgment in any other action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

EX. B [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE-
No. 2:21-cv-08892-GW (RAO)                                                                                    - 6 -

16. The Court finds that Defendants' financial obligations under the Stipulation have been satisfied through the payment of $65,000,000.00 to the Settlement Fund, in accordance with the Stipulation.

17. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (ii) disposition of the Settlement Fund; (iii) hearing and determining applications for attorneys' fees and expenses in the Action; and (iv) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Settlement.

18. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

19. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated; and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

20. The Settling Parties shall bear their own costs and expenses except as otherwise provided in the Stipulation or in this Judgment.

21. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

22. The Court directs immediate entry of this Judgment by the Clerk of the Court.

23. The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

IT IS SO ORDERED.


DATED: _____                _____
                                        THE HONORABLE GEORGE H. WU
                                        UNITED STATES DISTRICT JUDGE