# EXHIBIT A

**SAXENA WHITE P.A.**
Maya Saxena
msaxena@saxenawhite.com
Joseph E. White, III
jwhite@saxenawhite.com
Lester R. Hooker (241590)
lhooker@saxenawhite.com
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Telephone: (561) 394-3399
Facsimile: (561) 394-3382

*Additional Counsel listed on signature page*

*Lead Counsel for Lead Plaintiff and the Class*

**BIENERT KATZMAN LITTRELL WILLIAMS LLP**
John L. Littrell (221601)
jlittrell@bklwlaw.com
Michael R. Williams (192222)
mwilliams@bklwlaw.com
360 E. 2nd Street, Suite 625
Los Angeles, CA 90012
Telephone: (213) 528-3400
Facsimile: (949) 369-3701

*Liaison Counsel for Lead Plaintiff and the Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

KELLIE BLACK, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

SNAP INC., EVAN SPIEGEL, and JEREMI GORMAN,

Defendants.

No. 2:21-cv-08892-GW (RAO)

CLASS ACTION

DECLARATION OF CHASE RANKIN ON BEHALF OF OKLAHOMA FIREFIGHTERS' PENSION AND RETIREMENT SYSTEM IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, THE PLAN OF ALLOCATION, AND REQUEST FOR ATTORNEYS' FEES AND EXPENSES

RANKIN DECL. ISO FINAL APPROVAL MOTION AND
FEE AND EXPENSE MOTION – 2:21-CV-08892-GW (RAO)

I, Chase Rankin, on behalf of Lead Plaintiff Oklahoma Firefighters Pension and Retirement System ("OFPRS," "Oklahoma Fire," or "Lead Plaintiff"), hereby certify that the following is true and correct to the best of my knowledge, information and belief:[1]

1.   I am the Executive Director of OFPRS.  OFPRS manages over $4 billion in assets for approximately 26,000 plan participants as of June 30, 2025.  I respectfully submit this declaration on behalf of OFPRS in support of:

    A.   Lead Plaintiff's Motion for: (I) Final Approval of Class Action Settlement and Plan of Allocation ("Final Approval Motion"); and

    B.   Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Fee and Expense Motion").

2.   Unless otherwise specifically noted, I have personal knowledge of the information in this declaration as I have been directly involved in the prosecution and settlement of this action, and, if called as a witness, I could and would testify competently thereto under oath.

3.   As set forth in prior pleadings, OFPRS purchased or acquired shares of common stock issued by Snap Inc. during the Settlement Class Period and, as a result thereof, I believe that OFPRS has suffered damages.

**I.    Work Performed by OFPRS on Behalf of the Settlement Class**

4.   On January 10, 2022, OFPRS filed a motion for appointment as Lead Plaintiff and approval of selection of Lead Counsel, Saxena White P.A. ("Saxena White" or "Lead Counsel") for the Class.  ECF No. 28.  On January 31, 2022, pursuant to the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the Court appointed OFPRS as Lead Plaintiff in this

---

[1] When not defined herein, capitalized terms are defined in the Stipulation of Settlement (ECF No. 183-2, the "Stipulation").

RANKIN DECL. ISO FINAL APPROVAL MOTION AND
FEE AND EXPENSE MOTION – 2:21-CV-08892-GW (RAO)

1

action and Saxena White as Lead Counsel. ECF No. 55.

5. As the Lead Plaintiff in this action, OFPRS understands its obligations under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and the federal securities laws to monitor the conduct in this Action and act for the benefit of Class members. OFPRS is a large, sophisticated institutional investor that committed itself to vigorously prosecuting this litigation, through appeal, and through trial if necessary. OFPRS has diligently pursued the effective prosecution of this Action and has kept itself informed of all pertinent case developments.

6. Among other things, on behalf of OFPRS, I reviewed the three amended complaints and various other pleadings, motion papers (including those in opposition to Defendants' motions to dismiss and in support of Lead Plaintiff's motion for class certification) and appellate briefs; consulted regularly with OFPRS' securities litigation counsel, Saxena White, as well as OFPRS' general outside counsel, Phillips Murrah P.C. ("Phillips Murrah"); produced documents and written responses in response to Defendants' discovery requests; prepared a declaration in support of Lead Plaintiff's motion for class certification; and reviewed the Court's related orders and opinions.[2] OFPRS has also participated in strategic discussions with Saxena White by phone, in person, and over email concerning case status, strategy, Court orders, pre-trial discovery, the collection of potentially relevant hard copy and electronic documents and communications from OFPRS' files, OFPRS' deposition, and maintaining the sealing of certain of OFPRS' confidential and business sensitive information.

7. During the course of the litigation, OFPRS produced approximately 2,500 pages of documents. I also worked with Saxena White to prepare for the deposition of OFPRS' designated organizational witness under Rule 30(b)(6) of the

---

[2] Phillips Murrah's time and lodestar are not included in the lodestar calculation submitted by Saxena White, nor are Phillips Murrah's fees or expenses included as expenses submitted as part of the Fee and Expense Motion.

Federal Rules of Civil Procedure, and I served as that witness. Further, I travelled from Oklahoma City to Saxena White's offices in Boca Raton, Florida for OFPRS' Rule 30(b)(6) deposition and extensively prepared for that deposition, including individually and during in-person sessions with counsel. I also communicated regularly with Saxena White regarding all settlement discussions and negotiations leading up to and following the Settlement, and I traveled to and participated in the all-day mediation session in this case with mediator Layn R. Phillips and Seth Aronson of Phillips ADR Enterprises, P.C. All of the foregoing efforts were undertaken with the intention of maximizing the outcome for the Settlement Class.

## II.  OFPRS Endorses Approval of the Settlement, the Requested Attorneys' Fees, and Payment of Litigation Expenses

8.     Based on its involvement as a named plaintiff throughout the prosecution of the action, OFPRS believes that the proposed Settlement is fair, reasonable, and adequate and in the best interest of the Settlement Class. OFPRS believes that the proposed Settlement represents a very favorable recovery, particularly in light of the substantial risks of continuing to litigate the action against Defendants. Accordingly, OFPRS authorized Saxena White to execute the Settlement agreement with Defendants, and it endorses approval of the Settlement by the Court.

9.     OFPRS understands that Lead Counsel seeks an attorneys' fee award of 30% of the Settlement Fund (or $19,500,000), plus interest. OFPRS believes that Lead Counsel's request for an award of attorneys' fees in the amount of 30% is fair and reasonable. In reaching that conclusion, OFPRS has considered the amount of work Lead Counsel has performed on behalf of the Settlement Class over the course of the litigation, the complexity of the litigation, and the recovery obtained relative to the overall recoverable damages when considering the risks of further litigation. Significantly, it is my understanding that this requested amount of fees represents a multiplier of approximately 1.86 on Plaintiff's Counsel's lodestar even before

RANKIN DECL. ISO FINAL APPROVAL MOTION AND
FEE AND EXPENSE MOTION – 2:21-CV-08892-GW (RAO)                                              3

considering the additional time Lead Counsel will have to spend administering the Settlement in the future, which OFPRS believes further underscores that the requested fee award is fair and reasonable.

10.    OFPRS believes that the out-of-pocket litigation expenses being requested by Plaintiff's Counsel are reasonable.    The Notice apprised Class Members that Plaintiff's Counsel would seek expenses in an amount not to exceed $715,000.    Plaintiff's Counsel is requesting substantially less than the "not to exceed" amount stated in the Notice. OFPRS understands that the majority of these litigation expenses went to pay for the services of experts and consultants, including Lead Plaintiff's class certification expert, experts related to social media and digital advertisement and SKAN, and expert financial consultants who assisted on such issues as loss causation/damages, class certification/market efficiency, mediation, and the creation of the proposed Plan of Allocation.    OFPRS believes that the expenses incurred by Plaintiff's Counsel are fair and reasonable and were necessary for the successful prosecution and resolution of this Action, particularly considering the work performed by Plaintiff's Counsel, the substantial recovery obtained, the complexity of the issues in the Action, and the significant risks of continued litigation.

11.    Accordingly, based on the foregoing, and consistent with OFPRS' obligations to the Settlement Class, OFPRS supports final approval of the proposed Settlement and Lead Counsel's request for attorneys' fees and reimbursement of litigation expenses.

## III.    OFPRS Seeks Reimbursement of Its Costs and Expenses, Pursuant to the PSLRA

12.    OFPRS understands that reimbursement of a lead plaintiff's reasonable costs and expenses, including lost wages, directly relating to the representation of the class is authorized under Section 21D(a)(4) of the PSLRA, 15 U.S.C. § 78u(a)(4).

13.    Accordingly, OFPRS is requesting the reimbursement of $10,531.75 of

costs and expenses in connection with its efforts in this action, which are described in ¶¶6-7. This request is based on a calculation of hours I spent on the case, and it represents only a partial reimbursement of OFPRS' total costs and expenses. Although other employees, including support staff as well as OFPRS' general outside counsel at Phillips Murrah, also assisted in the pursuit and oversight of this litigation, OFPRS is limiting its request for reimbursement for the time expended by me. I devoted 102.25 hours to the litigation activities described above, ¶¶6-7. At a rate of $103 per hour for my time, the total of OFPRS requested reimbursement is $10,531.75.

14.     The hours spent on this case constitute time that I would have otherwise devoted to other professional activities.

I declare, under penalty of perjury, that the foregoing facts are true and correct under the laws of the United States of America.

Executed in Oklahoma City, Oklahoma, this __11__ day of March, 2026.

_____
Chase Rankin

RANKIN DECL. ISO FINAL APPROVAL MOTION AND
FEE AND EXPENSE MOTION – 2:21-CV-08892-GW (RAO)

5