# EXHIBIT C

**SAXENA WHITE P.A.**
Maya Saxena
msaxena@saxenawhite.com
Joseph E. White, III
jwhite@saxenawhite.com
Lester R. Hooker (241590)
lhooker@saxenawhite.com
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Telephone: (561) 394-3399
Facsimile: (561) 394-3382

*Additional Counsel listed on signature page*

*Lead Counsel for Lead Plaintiff
and the Class*

**BIENERT KATZMAN
LITTRELL WILLIAMS LLP**
John L. Littrell (221601)
jlittrell@bklwlaw.com
Michael R. Williams (192222)
mwilliams@bklwlaw.com
360 E. 2nd Street, Suite 625
Los Angeles, CA 90012
Telephone: (213) 528-3400
Facsimile: (949) 369-3701

*Liaison Counsel for Lead Plaintiff
and the Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

KELLIE BLACK, individually and on behalf of all others similarly situated,

            Plaintiff,

      vs.

SNAP INC., EVAN SPIEGEL, and JEREMI GORMAN,

            Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 2:21-cv-08892-GW (RAO)

CLASS ACTION

JOINT DECLARATION OF FORMER UNITED STATES DISTRICT COURT JUDGE LAYN R. PHILLIPS AND SETH ARONSON IN SUPPORT OF (I) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION, AND (II) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

JOINT DECL. OF JUDGE LAYN R. PHILLIPS AND SETH ARONSON – 2:21-CV-08892-GW (RAO)

We, Layn R. Phillips and Seth Aronson, declare under penalty of perjury as follows:

1.      We submit this Declaration in our capacity as mediators in connection with the proposed settlement of the above-captioned securities class action (the "Action"), and in support of: (i) Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation (the "Motion for Final Approval"); and (ii) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Motion for Fees and Expenses").   We make this Declaration based on personal knowledge and if called and sworn as witnesses could and would testify competently thereto.

## I.      BACKGROUND AND QUALIFICATIONS

### A.      Layn R. Phillips

2.      I, Layn R. Phillips, am a former U.S. District Court Judge, a former Judge by designation on the United States Court of Appeals for the Tenth Circuit in Denver, Colorado, a former United States Attorney, and a former litigation partner with the firm of Irell & Manella LLP. I currently serve as a mediator and arbitrator with my own alternative dispute resolution company, Phillips ADR Enterprises, P.C. ("PADRE").

3.      After serving as an antitrust prosecutor and an Assistant United States Attorney in Los Angeles, California, I was nominated by President Reagan to serve as a United States Attorney in Oklahoma, and did so for approximately four years. I personally tried many cases and oversaw the trials of numerous other cases as a United States Attorney.

4.      While serving as a United States Attorney, I was nominated by President Reagan to serve as a United States District Court Judge for the Western District of Oklahoma. While on the bench, I presided over more than 140 federal trials and sat by designation in the United States Court of Appeals for the Tenth Circuit. I also presided over cases in Texas, New Mexico, and Colorado.

5.    I left the federal bench in 1991 and joined the law firm of Irell & Manella LLP, where for 23 years I specialized in alternative dispute resolution, complex civil litigation, and internal investigations. In 2014, I left Irell & Manella to found my own company, PADRE, which provides mediation and other alternative dispute resolution services.

6.    Over the past 30 years, I have devoted a considerable amount of my professional life to serving as a mediator and arbitrator in connection with numerous complex commercial cases involving Fortune 500 and other publicly-traded companies, including more than 300 securities class action cases and shareholder derivative cases. I have mediated hundreds of disputes referred by private parties and courts and have been appointed as Special Master by various federal courts in complex civil proceedings. I serve as a Fellow in the American College of Trial Lawyers, and I have been nationally recognized as a mediator by the Center for Public Resources Institute for Dispute Resolution ("CPR"), serving on CPR's National Panel of Distinguished Neutrals.

7.    Among the significant complex matters I have mediated are the NFL concussion cases, the Michigan State and USC sexual abuse cases, the Purdue Opioid bankruptcy, the Boeing air crash derivative litigation, the United Healthcare class and derivative litigation regarding options backdating, the Norfolk Southern Ohio trainwreck litigation, the Fox News and News Corp derivative litigation, the Facebook Cambridge Analytica derivative litigation, the FirstEnergy derivative litigation, the Alphabet derivative litigation, multiple Wells Fargo derivative and securities class actions, the 3M, DuPont and Tyco "forever chemicals" cases, and numerous other class action and derivative actions.

8.    The Parties' negotiations in this Action were conducted in confidence and under Mr. Aronson's and my supervision. All participants in the mediation session and negotiations executed a confidentiality agreement indicating that the mediation process was to be considered settlement negotiations for the purpose of

Rule 408 of the Federal Rules of Evidence, protecting disclosures made during such process from later discovery, dissemination, publication, and/or use in evidence.

9. By making this Declaration, neither I, Mr. Aronson, nor the Parties waive in any way the provisions of the confidentiality agreement or the protections of Rule 408. While I cannot discuss the contents of the mediation session, the Parties have authorized me to inform the Court of the procedural and substantive matters set forth below to be used in support of the Motion for Final Approval and the Motion for Fees and Expenses.

**B.      Seth Aronson**

10. I, Seth Aronson, am the former managing partner of O'Melveny & Myers LLP's Los Angeles office and former firm-wide chair of its Securities Litigation practice, where I was consistently ranked as one of the top securities and commercial litigation attorneys by Benchmark Litigation, Best Lawyers in America, Chambers USA, Daily Journal, Lawdragon, Who's Who Legal, and named Los Angeles Lawyer of the Year 3 times.

11. I retired from O'Melveny & Myers LLP in December 2022, after more than 40 years of experience as a trial and appellate lawyer in a wide range of disputes.

12. I joined Phillips ADR in 2023 and have mediated or co-mediated numerous disputes in various areas, including securities, consumer class actions, shareholder derivative, antitrust, and complex litigation. I am a member of the ADR panel for the U.S. District Court for the Central District of California.

13. The Parties' negotiations in this Action were conducted in confidence and under Judge Phillips' and my supervision. All participants in the mediation session and negotiations executed a confidentiality agreement indicating that the mediation process was to be considered settlement negotiations for the purpose of Rule 408 of the Federal Rules of Evidence, protecting disclosures made during such process from later discovery, dissemination, publication, and/or use in evidence.

14. By making this Declaration, neither I, Judge Phillips, nor the Parties waive in any way the provisions of the confidentiality agreement or the protections of Rule 408. While I cannot discuss the contents of the mediation session, the Parties have authorized me to inform the Court of the procedural and substantive matters set forth below to be used in support of the Motion for Final Approval and the Motion for Fees and Expenses.

## II.    THE ARM'S-LENGTH SETTLEMENT NEGOTIATIONS

15. For this Action, we conducted a full day, in-person mediation session on September 3, 2025. The participants included: (i) representatives of Lead Plaintiff, Oklahoma Firefighters Pension and Retirement System; (ii) Lead Counsel, Saxena White P.A.; (iii) representatives of Defendant Snap Inc.; (iv) Defendants' counsel, Paul, Weiss, Rifkind, Wharton & Garrison LLP; and (v) representatives from Snap's D&O insurance carriers.

16. In connection with the mediation session, the Parties also exchanged and submitted to us detailed mediation statements and responses thereto. These mediation submissions included numerous exhibits addressing liability and damages. We reviewed the briefing submitted by the Parties and provided a confidential list of specific questions to each side to help them thoroughly evaluate the strengths and weaknesses of their case, as well as clarify where substantial disputes on liability and damages still existed.

17. We found the discussions in the mediation submissions to be extremely valuable in helping us understand the relative merits of each Party's positions, and to identify the issues that were likely to serve as the primary drivers and obstacles to achieving a settlement. Counsel for both Parties presented significant arguments regarding their clients' positions, and it was apparent to us that both sides possessed strong, non-frivolous arguments, and that neither side was assured of victory.

18. Because the Parties submitted their mediation statements and arguments in the context of a confidential mediation process pursuant to Federal

JOINT DECL. OF JUDGE LAYN R. PHILLIPS AND SETH ARONSON– 2:21-CV-08892-GW (RAO)

Rule of Evidence 408, we cannot reveal their contents. We can say, however, that the arguments and positions asserted by all involved were the product of much hard work, and they were complex and highly adversarial. After reviewing all of the written mediation statements and exhibits, we believed that the negotiation would be a difficult and adversarial process through which all involved would hold strong to their convictions that they had the better legal and factual arguments, and that a resolution without further litigation or trial was by no means certain.

19.    With these issues, and many others, in mind, we held the mediation on September 3, 2025. Over the course of the day, we engaged in extensive discussions with the Parties in an effort to find common ground between the Parties' respective positions. Following these discussions and negotiations, Judge Phillips made a recommendation in an attempt to move the Parties to a monetary sum for which settlement might be achievable. This recommendation suggested each side agree to settle based upon a specified monetary sum that we thought was fair, reasonable and had some possibility of being accepted based on our review and consideration of the evidence submitted and arguments offered by both sides; our experience mediating other securities and complex class actions; and taking into account the substantial risks to both sides that the future litigation landscape presented. We were nonetheless mindful that the settlement amount proposed was one which both sides would have difficulty agreeing to in light of their prior positions, and that it was quite possible that one or both sides would reject the proposal. The recommendation was made to the Parties on a double-blind basis, such that neither Party would know if the other Party had accepted or rejected the proposal unless both sides agreed to accept it.

20.    The Parties ultimately agreed to accept our recommendation to settle the Action.

21.    From our experience and personal involvement as the mediators for this case, we observed first-hand that the Parties engaged in hard-fought litigation and

negotiation from beginning to end. Although we cannot disclose specifics regarding the participants' positions, there were many complex issues that required significant thought and practical solutions. Throughout the mediation process, the negotiations between the Parties were vigorous and conducted at arm's-length and in good faith.

## III. THE RECOVERY FOR THE CLASS IS SUBSTANTIAL AND THE SETTLEMENT IS FAIR AND ADEQUATE

22. Having collectively mediated hundreds of securities class actions, we believe the monetary relief obtained by the Lead Plaintiff and Lead Counsel in this case is an excellent recovery for the settlement class, particularly in light of the significant risks that Lead Plaintiff faced in establishing liability and damages.

23. Throughout our careers we have been exposed to hundreds of complex class action cases. We are well aware of the risks facing Lead Plaintiff and Lead Counsel in a case of this nature. Lead Plaintiff and Lead Counsel faced a well-funded, sophisticated and respected defendant-entity. Snap's litigation counsel are among the most capable and most respected defense lawyers in the country.

24. As experienced litigators, the Parties' counsel understood that continued litigation promised to be lengthy, expensive and uncertain. The settlement provides the class with a significant recovery in the face of potentially losing some or all of the critical motions for class certification, summary judgment, and, of course, the risk of losing at a jury trial or on appeal. Balancing the very real risks and costs of continued litigation, against the certain, immediate, and substantial benefits achieved by the proposed settlement, further confirms that the proposed settlement is fair and reasonable for class members. This takes into account the relative strengths of Lead Plaintiff's allegations and evidence, Defendants' denials of wrongdoing and evidence in support of Defendants' positions, and the risks associated with both liability and calculating damages.

25. While Lead Plaintiff was confident in its assembly of evidence and legal theories, as in all cases there is a risk at trial of recovering nothing for the class

JOINT DECL. OF JUDGE LAYN R. PHILLIPS AND SETH ARONSON– 2:21-CV-08892-GW (RAO)

6

in light of Defendants' defenses to the underlying claims. Based on our review of the pleadings and submissions supplied in advance of the mediation and the quality of the advocacy during the mediation, we can attest that the representation provided by counsel for all of the Parties was of the highest caliber. Counsel for the Parties not only are highly experienced in this kind of litigation, but also demonstrated their deep knowledge of the specific factual and legal issues and principles at the heart of the case, the relative strengths and weaknesses of their positions, and in particular, the risks of continued litigation. Based on this documentation, we are confident that counsel for the Parties were sufficiently well informed to enter into the proposed settlement.

26.    In light of these considerations, it is our opinion that the settlement is fair and reasonable, and we strongly support the Court's approval of the settlement in all respects.

27.    The issue of an award of attorney's fees is, of course, left to the discretion of the District Court.  However, we can attest that the attorneys working on this matter for both sides are outstanding lawyers who worked with a high level of skill, efficiency and creativity on behalf of their clients. Further, we understand that Lead Counsel litigated this matter on an entirely contingent basis and advanced reasonable litigation costs for over four years with no recovery and no revenue from their work. Despite these risks, they continued to push for the best possible settlement for the Class.  And Lead Counsel was willing to try this case, and face the risk of losing with no chance to recover their expenses or for their labor, if they were not able to achieve a fair and reasonable result for the Class.

28.    Understanding that every aspect of the final approval of this Settlement is committed to the sound discretion of the District Court, after presiding over the mediation process concerning this matter, it is our professional opinion that the Settlement, as well as the agreed-upon attorneys' fees and expenses for Lead Counsel, are fair and reasonable and are the product of vigorous and independent

JOINT DECL. OF JUDGE LAYN R. PHILLIPS AND SETH ARONSON– 2:21-CV-08892-GW (RAO)    7

advocacy and of arm's length negotiations conducted in good faith by the Parties. Accordingly, we support the Court's approval of the Settlement in all respects.

29.    We declare, under penalty of perjury, that the foregoing facts are true and correct under the laws of the United States of America.

Executed this 10th day of March, 2026, at New York City, New York.

LAYN R. PHILLIPS
Former U.S. District Judge
Phillips ADR Enterprises, P.C. (PADRE)

Executed this 10th day of March, 2026, at Corona del Mar, California.

SETH ARONSON
Phillips ADR Enterprises, P.C. (PADRE)