**SAXENA WHITE P.A.**
Maya Saxena
msaxena@saxenawhite.com
Joseph E. White, III
jwhite@saxenawhite.com
Lester R. Hooker (241590)
lhooker@saxenawhite.com
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Telephone: (561) 394-3399
Facsimile: (561) 394-3382

*Additional Counsel listed on signature page*

*Lead Counsel for Lead Plaintiff
and the Class*

**BIENERT KATZMAN
LITTRELL WILLIAMS LLP**
John L. Littrell (221601)
jlittrell@bklwlaw.com
Michael R. Williams (192222)
mwilliams@bklwlaw.com
360 E. 2nd Street, Suite 625
Los Angeles, CA 90012
Telephone: (213) 528-3400
Facsimile: (949) 369-3701

*Liaison Counsel for Lead Plaintiff
and the Class*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

KELLIE BLACK, individually and on behalf of all others similarly situated,

  Plaintiff,

  vs.

SNAP INC., EVAN SPIEGEL, and JEREMI GORMAN,

  Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 2:21-cv-08892-GW (RAO)

CLASS ACTION

LEAD PLAINTIFF'S NOTICE OF NON-OPPOSITION AND REPLY IN FURTHER SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

Date: April 23, 2026
Time: 8:30 A.M.
Courtroom.: 9D
Honorable George H. Wu

Lead Plaintiff respectfully submits this notice of non-opposition and reply brief in further support of (i) the Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF No. 191); and (ii) the Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (ECF No. 192).[1]  As set forth in Plaintiff's opening papers, the $65 million Settlement here represents an outstanding recovery for the Settlement Class, and final approval of the Settlement, the Plan of Allocation, and the fee and expense award is supported by each of the relevant factors that courts in the Ninth Circuit consider in the approval process.  *See* ECF Nos. 191-193.

By way of update, the March 26, 2026 deadline for objections and exclusions has now passed.[2]  Plaintiff is pleased to report that ***not a single Settlement Class Member opposed either motion or objected to any aspect of the Settlement, the Plan of Allocation, or the fee and expense request***, which provides overwhelming support for final approval.  *Cheng Jiangchen v. Rentech, Inc*., 2019 WL 5173771, at *7 (C.D. Cal. Oct. 10, 2019) (Wu, J.) (awarding 33 1/3% fee award and noting that "[t]he absence of a large number of objections . . . raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members"); *Baten v. Michigan Logistics, Inc.,* 2023 WL 2440244, at *6 (C.D. Cal. Mar. 8, 2023) (Wu, J.) (same); *Fleming v. Impax Laboratories Inc.,* 2022 WL 2789496, at *7 (N.D. Cal. July 15, 2022) ("the absence of objections indicates strong support among the Class Members and weighs in favor of approval").

Moreover, out of the approximately 383 million damaged shares held by tens

---

[1] Unless otherwise indicated, all capitalized terms have the meanings set forth in the Stipulation of Settlement (ECF No. 183-2), the Final Approval Memorandum (ECF No. 191), the Fee Memorandum (ECF No. 192), or in the Declaration of Lester R. Hooker in Support of Lead Plaintiff's Motion for Final Approval of Class Action Settlement, the Plan of Allocation, and Lead Counsel's Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (ECF No. 193).  All citations and internal quotations are omitted, and all emphasis is added.

[2] As Plaintiff set forth in its opening papers, Plaintiff fully complied with all aspects of the Court-approved Notice program set forth in the Court's Preliminary Approval Order.  *See* ECF No. 193-2, ¶¶4-18; Supplemental Brauns Decl. (Ex. A) at ¶¶4-9.

of thousands of Settlement Class Members, not a single shareholder who purchased Snap common stock during the Settlement Class Period has opted out of the Settlement. Lead Plaintiff has received only 35 valid exclusion requests,[3] 34 of which were from individuals and entities who were former stockholders of Popwallet, Inc. ("Popwallet"), who acquired Snap common stock as partial consideration for their sale of Popwallet to Snap during the Class Period, and which transaction is the subject of pending litigation in Delaware Chancery Court.[4] The sole non-Popwallet-related exclusion request was submitted by an individual investor who sold three call option contracts during the Class Period.

Accordingly, the total number of exclusion requests is immaterial by any measure—representing less than 0.01% of all damaged shares—and therefore has no meaningful bearing on Settlement approval.[5] *See Hefler v. Wells Fargo & Co.*, 2018 WL 6619983, at *9 (N.D. Cal. Dec. 18, 2018) (finding 253 exclusion requests "represents a minute fraction of the potential class," and granting final approval given class's reaction to the Settlement); *In re MacBook Keyboard Litig.*, 2023 WL 3688452, at *9 (N.D. Cal. May 25, 2023) ("The low number of objections and opt outs relative to the size of the class weighs in favor of approving the Settlement").

Significantly, the wholly positive reaction from the Settlement Class is particularly meaningful here because the vast majority of Snap's shares—approximately 70%—are owned by institutional investors, including some of the

---

[3] A.B. Data received an additional request for exclusion, but according to the information provided in that request, that individual did not purchase any Snap shares during the Class Period. Therefore, that individual is not a Class Member.

[4] As noted in the Stipulation, the Settlement Class includes Elias Guerra and those individuals and entities he purports to represent in his capacity as Securityholder Representative in the matter captioned *Guerra v. Snap Inc.,* C.A. No. 2024-1009-JTL (Del. Ch.). *See* Stipulation at ¶1.7.

[5] The 35 requests for exclusion represent a total of 132,883 shares and three options, based on documentation provided to the Claims Administrator. Three of the exclusion requests did not include information regarding the claimants' holdings; nevertheless, those requests are being treated as valid exclusions. In addition, four requests were submitted after the exclusion deadline but are being presented to the Court. Even if all excluded shares were damaged, they would account for less than .01% of the Settlement Class, as estimated by Lead Plaintiff's financial expert.

largest, most sophisticated institutions in the world such as T. Rowe Price, Vanguard, Goldman Sachs and JP Morgan. These "sophisticated business entities" "certainly ha[ve] the business acumen and financial ability to opt out [] or object [but] none of them did so," thus confirming that the Settlement is "objectively outstanding." *In re Rayonier Inc. Sec. Litig.*, 2017 WL 4542852, at * 3 (M.D. Fla. Oct. 5, 2017) (awarding 30% fee award and noting that "sophisticated business entities" like Vanguard, JPMorgan and T. Rowe Price owned 43% of the company's outstanding shares); *see also Hefler*, 2018 WL 6619983, at *15 ("As with the Settlement itself, the lack of objections from institutional investors 'who presumably had the means, the motive, and the sophistication to raise objections' [to the attorneys' fee] weighs in favor of approval.").[6]

In sum, Lead Plaintiff and Lead Counsel obtained an exceptional result for the Settlement Class, and the Settlement Class agrees. Accordingly, for the reasons set forth above and in their previously filed briefs and declarations, Lead Plaintiff and Lead Counsel respectfully request that the Court approve the proposed Settlement and Plan of Allocation, as well as the request for attorneys' fees, reimbursement of expenses, and the PSLRA-authorized reimbursement award to Lead Plaintiff.

For the Court's convenience, the agreed-upon proposed Final Judgment and Order of Dismissal with Prejudice is attached as Exhibit B (the "Final Order"); the proposed Order Approving Plan of Allocation of Net Settlement Fund is attached as Exhibit C; and the proposed Order Awarding Attorneys' Fees and Reimbursement of Litigation Expenses is attached as Exhibit D.[7]

---

[6] Furthermore, Lead Plaintiff—a large institutional investor itself who actively supervised the Action—fully endorses both the Settlement and the fee and expense award. ECF No. 193-1 at ¶¶8-11. Moreover, the prominent mediators who oversaw the Settlement negotiations here—former Federal District Court Judge Layn R. Phillips and Mr. Seth Aronson—endorsed the Settlement and the attorneys' fee and expense request as fair and reasonable. ECF No. 193-3 at ¶¶22, 26-28.

[7] These proposed orders were previously submitted to the Court on March 17, 2026, but the proposed Final Order has since been updated to reflect additional exclusion requests received subsequent to that submission.

LEAD PLAINTIFF'S NOTICE OF NON-OPPOSITION AND
REPLY IFSO MOTIONS FOR FINAL APPROVAL AND FEES – 2:21-CV-08892-GW (RAO)       - 3 -

Dated: April 9, 2026

**SAXENA WHITE, P.A.**

*/s/ Lester R. Hooker*
Maya Saxena (*pro hac vice*)
Joseph E. White, III (*pro hac vice*)
Lester R. Hooker (SBN 241590)
Dianne M. Pitre (SBN 286199)
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Telephone: (561) 394-3399
Facsimile: (561) 394-3382
E-mail: msaxena@saxenawhite.com
jwhite@saxenawhite.com
lhooker@saxenawhite.com
dpitre@saxenawhite.com

**SAXENA WHITE P.A.**
Steven B. Singer (*pro hac vice*)
Sara DiLeo (*pro hac vice*)
10 Bank Street, 8th Floor
White Plains, NY 10606
Telephone: (914) 437-8551
Facsimile: (888) 631-3611
E-mail: ssinger@saxenawhite.com
sdileo@saxenawhite.com

**SAXENA WHITE P.A.**
Emily R. Bishop (SBN 319383)
505 Lomas Santa Fe Drive, Suite 180
Solana Beach, CA 92075
Telephone: (858) 997-0860
Facsimile: (858) 369-0096
E-mail: Ebishop@saxenawhite.com

*Lead Counsel for Lead Plaintiff and the Class*

**BIENERT KATZMAN LITTRELL WILLIAMS LLP**
John L. Littrell (SBN 221601)
jlittrell@bklwlaw.com
Michael R. Williams (SBN 192222)
mwilliams@bklwlaw.com
360 E. 2nd Street, Suite 625
Los Angeles, CA 90012
Telephone: (213) 528-3400
Facsimile: (949) 369-3701

*Liaison Counsel for Lead Plaintiff and the Class*

LEAD PLAINTIFF'S NOTICE OF NON-OPPOSITION AND
REPLY IFSO MOTIONS FOR FINAL APPROVAL AND FEES – 2:21-CV-08892-GW (RAO)

- 4 -

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Lead Plaintiff, certifies that this brief contains 1,175, which complies with the word limit of L.R. 11-6.1.

Dated: April 9, 2026

*/s/ Lester R. Hooker*
Lester R. Hooker

**PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO CENTRAL DISTRICT OF CALIFORNIA LOCAL RULES AND ECF GENERAL ORDER NO. 10-07**

I HEREBY CERTIFY under penalty of perjury that, on April 9, 2026, I authorized the electronic filing of the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel or parties of record.

Executed on April 9, 2026.

*/s/ Lester R. Hooker*