**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| KELLIE BLACK, individually and on behalf of all others similarly situated, | ) No. CV 21-8892-GW-RAOx |
| | ) |
| Plaintiff, | ) CLASS ACTION |
| | ) |
| vs. | ) ORDER AWARDING ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES |
| | ) |
| SNAP INC., EVAN SPIEGEL, and JEREMI GORMAN, | ) |
| | ) |
| Defendants. | ) |
| | ) |

This matter came on for hearing on April 23, 2026 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who or which could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *The Wall Street Journal* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and

[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES
No. 2:21-cv-08892-GW (RAO)

determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation of Settlement dated October 27, 2025 (ECF No. 183-2) (the "Stipulation") and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3. Notice of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)), due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Lead Counsel are hereby awarded attorneys' fees in the amount of 30% of the Settlement Fund (the Settlement Amount, plus interest accrued thereon), and $602,359.78 in reimbursement of Plaintiff's Counsel's litigation expenses, plus all interest accrued thereon (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

A. The Settlement has created a fund consisting of $65,000,000 in cash that has been funded into escrow pursuant to the terms of

the Stipulation, and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiff's Counsel;

B.  Copies of the Postcard Notice were mailed to over 244,000 potential Settlement Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 30% of the Settlement Fund and reimbursement of Litigation Expenses in an amount not to exceed $715,000. There were no objections to the requested attorneys' fees and expenses;

C.  Plaintiff's Counsel has conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

D.  The Action raised a number of complex issues;

E.  Had Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiff and the other members of the Settlement Class may have recovered less or nothing from Defendants;

F.  Lead Counsel undertook the Action on a fully contingent basis, thereby assuming the risk of loss;

G.  Plaintiff's Counsel devoted over 12,300 hours, with a lodestar value of $10,484,366.25 to achieve the Settlement; and

H.  The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

5.  The fees and expenses shall be allocated among Plaintiff's Counsel in a manner which, in Lead Counsel's good-faith judgment, reflects each such counsel's contribution to the institution, prosecution, and resolution of the Action.

[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES
No. 2:21-cv-08892-GW (RAO)

6.    Lead Plaintiff is hereby awarded $10,531.75 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

7.    Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

8.    Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

9.    In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

10.    There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

DATED:  April 24, 2026

_____
HON. GEORGE H. WU,
United States District Judge

[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES
No. 2:21-cv-08892-GW (RAO)

- 4 -